UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS,<br><br>　　　　　Plaintiff,<br><br>CACV of COLORADO, LLC, et al.,<br><br>　　　　　Defendants. | CASE NO. 04-30015-KPN |

### ANSWER OF DEFENDANT
### CACV of COLORADO, LLC

### FIRST DEFENSE

1. Paragraph 1 of the Complaint contains introductory statements and conclusions of law that require no response. To the extent that paragraph 1 contains factual allegations, Defendant denies them.

2. Paragraph 2 of the Complaint contains introductory statements and conclusions of law that require no response. To the extent that paragraph 2 contains factual allegations, Defendant denies them.

3. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 3.

4. Admit.

5. Paragraph 5 of the Complaint contains factual conclusions and/or conclusions

1

of law that require no response. To the extent that paragraph 5 contains factual allegations, Defendant denies them, except to admit that it is engaged in the business of debt ownership.

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6.

7. Paragraph 7 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent paragraph 7 contains factual allegations, defendant lacks knowledge or information sufficient to admit or deny the allegations.

8. Paragraph 8 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent paragraph 8 contains factual allegations, defendant lacks knowledge or information sufficient to admit or deny the allegations.

9. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 9. Paragraph 9 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent that a response is required to paragraph 9, defendant respectfully refers the Court to Exhibit A of the plaintiff's complaint, correspondence dated February 21, 2003, which speaks for itself.

10. Defendant respectfully refers the Court to Exhibit A of the plaintiff's complaint, correspondence dated February 21, 2003, which speaks for itself.

11. Defendant respectfully refers the Court to Exhibit A of the plaintiff's

complaint, correspondence dated February 21, 2003, which speaks for itself.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 12.

13. Paragraph 13 contains factual conclusions and/or conclusions of law that require no response. To the extent that paragraph 13 contains factual allegations, defendant denies them.

14. Paragraph 14 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent that paragraph 14 contains factual allegations, defendant denies them.

15. Paragraph 15 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent that paragraph 15 contains factual allegations, defendant denies them.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Paragraph 18 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent that paragraph 18 contains factual allegations, defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 18.

19. Paragraph 19 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent that paragraph 19 contains factual allegations, defendant lacks knowledge or information sufficient to

3

admit or deny the allegations.

20. Paragraph 20 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent that paragraph 20 contains factual allegations, defendant lacks knowledge or information sufficient to admit or deny the allegations.

21. Paragraph 21 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent that paragraph 21 contains factual allegations, defendant lacks knowledge or information sufficient to admit or deny the allegations.

22. Paragraph 22 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent that paragraph 22 contains factual allegations, defendant lacks knowledge or information sufficient to admit or deny the allegations.

23. Paragraph 23 of the Complaint contains factual conclusions and/or conclusions of law that require no response. To the extent that paragraph 23 contains factual allegations, defendant lacks knowledge or information sufficient to admit or deny the allegations.

## SECOND DEFENSE

As to each count, Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

As to each count asserted by Plaintiff, such claims are barred pursuant to section 2 of the Federal Arbitration Act and other applicable statutes, and thus, the Court lacks subject matter of

4

the underlying action due to the arbitration clause in the plaintiff's credit card member agreement.

## FOURTH DEFENSE

The Court lacks personal jurisdiction over the defendant CACV of Colorado, LLC.

## FIFTH DEFENSE

The Court lacks subject matter jurisdiction due to a want for the jurisdictional amount in controversy of seventy-five thousand dollars ($75,000) and it is denied that the action arises under the Constitution of the United States or involves any Federal question under the Constitution of the United States.

## SIXTH DEFENSE

The venue of the action is improper and does not lie in the United States District Court for Massachusetts.

## SEVENTH DEFENSE

Plaintiff and putative class members have failed to satisfy the requirements of a class action and/or collective action.

## EIGHTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

## NINTH DEFENSE

Plaintiff, by her conduct and actions, is estopped to recover any judgment against Defendant.

5

## TENTH DEFENSE

Plaintiff, by her conduct and actions, waived any and all rights she may have had against the defendant and therefore cannot recover in this action.

## ELEVENTH DEFENSE

There was no willfulness, malicious conduct, recklessness, harassment, or reckless disregard of the rights of Plaintiff by CACV of Colorado, LLC in any of the events upon which this suit has been instituted.

> Respectfully Submitted,
> Defendant
> CACV of Colorado, LLC
>
> By its attorneys,
>
> _____
> Evan T. Lawson (BBO# 289280)
> Nicole L. Johnson (BBO# 654719)
> LAWSON & WEITZEN, LLP
> 88 Black Falcon Avenue, Suite 345
> Boston, MA 02210
> (617) 439-4990

Dated: April 7, 2004