**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION**

| | |
|---|---|
| JANET S. HOEFS, ) | |
| ) | |
| Plaintiff, ) | 04-CV-30015-KPN |
| ) | |
| v. ) | |
| ) | |
| CACV OF COLORADO, LLC, ) | |
| J.A. CAMBECE LAW OFFICE, P.C., and ) | |
| J. ANTHONY CAMBECE, ) | |
| ) | |
| Defendants. ) | |

FILED
CLERK'S OFFICE

'04 APR 12 P 2:03

U.S. DISTRICT COURT
DISTRICT OF MASS.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff Janet Hoefs respectfully requests, pursuant to Fed.R.Civ.P. 15, that the Court grant her leave to file an Amended Complaint, instanter in Case No. 03-CV-30015-KPN, so that she may add 93A class claims. A copy of the proposed Amended Complaint in the above-referenced case is attached as <u>Appendix A</u>.

In support of this motion, the Plaintiff states as follows:

1. Plaintiff originally brought this class action against Defendants CACV of Colorado, LLC., J. A. Cambece Law Office, P.C. and J. Anthony Cambece to recover damages and injunctive relief for improper collection practices, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Leave to amend a party's pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 83 S.Ct. 227 (1962).

3. The Amended Complaint does not prejudice the Defendant.

4. Plaintiff has conferred with defendants CACV of Colorado, LLC., J. A.

Cambece Law Office, P.C. and J. Anthony Cambece regarding this motion in good faith.

WHEREFORE, the Plaintiff respectfully requests, pursuant to Fed. R. Civ. P. 15 that the Court grant leave to file an Amended Complaint in Case No. 03-CV-30015-KPN, so that they may add 93A class claims.

Respectfully submitted,

*Christopher M. Lefebvre*
Christopher M. Lefebvre

Christopher M. Lefebvre, B.B.O. # 629056
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Piccirilli
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

I:\case\cacv-hoefs10.157\pleading\mtnfileamnedcomp.wpd

## CERTIFICATE OF SERVICE

I, Christopher M. Lefebvre, hereby certify that on April 6, 2004, I caused a copy of the foregoing document to be served by United States mail upon the parties listed below.

David Crossley
J.A. Cambece Law Office, P.C.
8 Bourbon Street
Peabody, MA 01960

CACV of Colorado
1999 Broadway, Suite 2150
Denver, CO 80202

DATED: April 6, 2004

*Christopher M. Lefebvre*
Christopher M. Lefebvre

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS, ) | |
| ) | |
| Plaintiff, ) | 04-CV-30015-KPN |
| ) | |
| v. ) | |
| ) | |
| CACV OF COLORADO, LLC, ) | |
| J.A. CAMBECE LAW OFFICE, P.C., and ) | |
| J. ANTHONY CAMBECE, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT - CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.  Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged in by defendant CACV of Colorado, LLC, ("CACV"), J.A. Cambece Law Office, P.C. ("Cambece, P.C.") and J. Anthony Cambece ("Cambece"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 1367 and 15 U.S.C. § 1692k (Fair Debt Collection Practices Act). Venue is proper in this district because defendants Cambece, P.C. and Cambece are located within the district. Venue is also proper because the collection letter complained of was received within the District.

### PARTIES

3.  Plaintiff Janet S. Hoefs is an individual who resides in Massachusetts.

1

4. Defendant CACV of Colorado, LLC is a limited liability company chartered under the law of Colorado with its principal offices at 1999 Broadway, Suite 2150, Denver, Colorado 80202.

5. CACV of Colorado, LLC is engaged in the business of purchasing defaulted consumer debts for a few cents on the dollar and attempting to collect them. It is a "debt collector" as defined in the FDCPA.

6. Defendant Cambece P.C. is a Massachusetts corporation with its principal place of business at 8 Bourbon Street, Peabody, MA 01960.

7. Cambece P.C. is engaged in the business of collecting defaulted consumer debts originally owed to others. It is a "debt collector" as defined in the FDCPA.

8. Defendant Cambece is a collection lawyer. He is the sole officer and owner of Cambece PC. He is a "debt collector" as defined in the FDCPA.

## FACTS

9. On or about February 21, 2003, defendant Cambece, P.C. sent plaintiff the collection letter attached as Exhibit A, seeking to collect a credit card debt originally owed to MBNA and incurred for personal, family or household purposes. Plaintiff received it shortly thereafter.

10. According to Exhibit A, the letter was sent on behalf of CACV, which owned the debt and hired J.A. Cambece Law Offices, P.C. to collect it.

11. Exhibit A has a facsimile signature of Mr. Cambece.

12. Defendant Cambece approved the form of the letter.

13. On information and belief, based on prior decisions involving the Collect

2

America (CACV) organization and its business methods, no lawyer reviewed any file before <u>Exhibit A</u> was sent to plaintiff. See <u>In re Zenner</u>, 348 S.C. 499, 560 S.E.2d 406 (2002).

### COUNT I - FDCPA

14. The sending of a letter purporting to come from an attorney without any real professional involvement by an attorney violates the FDCPA as constituting a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (§1692e), a false representation that a communication is "from" an attorney (§1692e(2)(A)), and "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (§1692e(10)).

15. <u>Exhibit A</u> also violates the FDCPA in that it requires a dispute to be in writing, although nothing in 15 U.S.C. §1692g(a)(3) imposes that requirement.

16. Cambece approved the sending of letters containing this violation.

17. CACV of Colorado, LLC, as a debt collector and the principal Cambece, P.C. is liable for the violations.

### CLASS ALLEGATIONS

18. Plaintiff brings this claim on behalf of a class and subclass. The class consists of (a) all natural persons (b) who were sent an initial demand letter in the form represented by <u>Exhibit A</u> by Cambece P.C., (c) seeking to collect a debt allegedly owed by CACV (d) on or after a date one year prior to the filing of this action and prior to a date 20 days after the filing of this action.

19. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

20. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

21. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

22. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

23. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (a) Statutory damages;

    (b) Attorney's fees, litigation expenses and costs of suit;

    (c) Such other or further relief as the Court deems proper.

### COUNT II -- ch. 93A CLAIM

24. Plaintiff incorporates ¶¶ 1-13.

25. Defendant Cambece, P.C. engaged in unfair and deceptive acts and practices, in violation of Mass. G.L., ch. 93A, §9, by:

    a. Imposing a writing requirement to dispute an alleged debt, although nothing under 15 U.S.C. §1692g(a)(3) imposes that requirement.

    b. Allowing letters to be sent on attorney letterhead when no attorney

4

had become professionally involved, in violation of 15 U.S.C. §§1692e, 1692e(2)(A) and 1692e(10);

c. Thereby violating the Fair Debt Collection Practices Act.

26. Defendant CACV, itself a debt collector, is vicariously liable for this violation.

27. An appropriate demand for relief has been made not less than 30 days before addition of this claim.

## CLASS ALLEGATIONS

28. Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons (b) who were sent an initial demand letter in the form represented by Exhibit A by Cambece, P.C., (c) seeking to collect a debt allegedly owed by CACV, (d) on or after a date 4 years prior to the filing of this action, (E) and prior to 20 days after the filing of this action.

29. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

30. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and thus Ch. 93A.

31. The only individual questions concern the identification of class members and the computation of the relief to be afforded each class member and can be determined by a ministerial examination of the relevant files.

32. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

5

33. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

34. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems proper.

*Christopher M. Lefebvre*
Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
    LEFEBVRE & SONS
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Piccirilli
EDELMAN, COMBS
    & LATTURNER, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

*Christopher M. Lefebvre*
Christopher M. Lefebvre

i:\case\collect10.157\pleading\amd cmplt.wpd

# EXHIBIT A

**CAMBECE LAW OFFICE, P.C.**
ATTORNEYS AT LAW

8 BOURBON STREET
PEABODY, MASSACHUSETTS 01960

PEABODY
Tel. (800) 577-2230
Fax (978) 535-7070
www.cambece.com
c.cambecelaw@cambecelaw.com

02/21/03

JANET S HOEFS
15 RICE DR
WILBRAHAM MA 01095-2641

RE:  Creditor: CACV OF COLORADO, LLC
Your Account Number: 12373024010903551
Original Creditor: MBNA
Original Account Number: 5329011989226251
Amount Owed: $9,723.38
Interest: $3,097.16
Total: $12,820.54

Dear JANET S HOEFS,

This office represents the above-named client, CACV OF COLORADO, LLC, who has placed the above-referenced matter for collection. This is a demand for payment because you have had ample time to pay your creditor. Sometimes we can arrange temporary installment payments but you must contact this office for arrangements.

NOTICE OF IMPORTANT RIGHTS

UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU, THE CONSUMER, NOTIFY US IN WRITING WITHIN THE THIRTY-DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGEMENT AGAINST YOU, THE CONSUMER, AND A COPY OF SUCH VERIFICATION OR JUDGEMENT WILL BE MAILED TO YOU BY OUR OFFICE. UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY-DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. IF YOU NOTIFY OUR OFFICE IN WRITING TO CEASE CONTACT BY TELEPHONE AT YOUR PLACE OF EMPLOYMENT, NO FURTHER SUCH CONTACT WILL BE MADE.

Please call our office toll free at 1-800-577-2230.

*[signature]*
Attorney at Law

This communication is from a debt collector, and is an attempt to collect a debt. Any information obtained will be used for that purpose.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.