UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

CASE NO: 04-30015-KPN

JANET S. HOEFS,

    Plaintiff,

v.

CACV OF COLORADO, LLC, et al.,

    Defendants.

## AMENDED ANSWER OF J. A. CAMBECE LAW OFFICE, P.C.

J. A. Cambece Law Office, P.C. (Cambece or Defendant), hereby amends and answers Janet S. Hoefs' (Hoefs or Plaintiff) complaint as follows.

### FIRST DEFENSE

#### Introduction

1.     Paragraph 1 of plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 1 could be construed to require a response, Cambece denies the allegations set forth in paragraph 1 of Plaintiff's complaint.

## Jurisdiction and Venue

2. Paragraph 2 of Plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 2 could be construed to require a response, Cambece admits that it is located within the judicial district covered by the United States District Court for the District of Massachusetts.

## Parties

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Plaintiff's complaint. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination.

4. Cambece admits that CACV of Colorado, LLC (CACV), is a Colorado limited liability company. Cambece denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Plaintiff's complaint. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination.

5. Paragraph 5 of Plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 5 could be construed to require a response, Cambece denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 5 of the Plaintiff's complaint. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination.

6. Admit.

7. Paragraph 7 of Plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 7 could be construed to require a response, Cambece admits that it is a law firm and that it represents various clients.

8. Paragraph 8 of Plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 8 could be construed to require a response, Cambece admits that J. Anthony Cambece is a lawyer and that he is the sole officer and owner of Cambece.

## Facts

9. Cambece respectfully refers the Court to the letter attached as Exhibit A to the Plaintiff's complaint, the contents of which speaks for itself. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination.

10. Cambece respectfully refers the Court to the letter attached as Exhibit A to

the Plaintiff's complaint, the contents of which speaks for itself. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination.

11. Cambece respectfully refers the Court to the letter attached as Exhibit A to the Plaintiff's complaint, the contents of which speaks for itself. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination.

12. Cambece admits that J. Anthony Cambece approved the form of the letter attached as Exhibit A to the plaintiff's complaint.

13. Cambece denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Plaintiff's complaint. Specifically, Cambece does not understand the plaintiff's definition of "any file".

## Violations Alleged

14. Cambece respectfully refers the Court to the letter attached as Exhibit A to the Plaintiff's complaint, the contents of which speaks for itself. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. Paragraph 14 of Plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 14

could be construed to require a response, Cambece denies that the sending of Exhibit A violates the FDCPA.

15. Cambece respectfully refers the Court to the letter attached as Exhibit A to the Plaintiff's complaint, the contents of which speaks for itself. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. Paragraph 15 of Plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 15 could be construed to require a response, Cambece denies that Exhibit A violates the FDCPA, and denies the FDCPA does not require a dispute to be in writing. See, 15 U.S.C. section 1692g(a)(4).

16. Cambece respectfully refers the Court to the letter attached as Exhibit A to the Plaintiff's complaint, the contents of which speaks for itself. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 16 could be construed to require a response, Cambece admits that J. Anthony Cambece approved the sending of letters substantially identical to the letter attached as Exhibit A to the Plaintiff's complaint, and denies that said letter(s) violate the FDCPA.

17. Deny.

## Class Allegations

18. Paragraph 18 of plaintiff's complaint is a factual and/or a legal conclusion,

which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 18 could be construed to require a response, Cambece denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of Plaintiff's complaint.

19. Paragraph 19 of plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 19 could be construed to require a response, Cambece denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiff's complaint.

20. Paragraph 20 of plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 20 could be construed to require a response, Cambece denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiff's complaint.

21. Paragraph 21 of plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 21 could be construed to require a response, Cambece denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of Plaintiff's complaint.

22. Paragraph 22 of plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 22 could be construed to require a response, Cambece denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of Plaintiff's complaint.

23. Paragraph 23 of plaintiff's complaint is a factual and/or a legal conclusion, which requires no response from Cambece. Cambece respectfully refers all questions of fact to the finder of fact for determination, and all questions of law to the Court for judicial determination. To the extent that paragraph 23 could be construed to require a response, Cambece denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of Plaintiff's complaint.

### SECOND DEFENSE

(First Affirmative Defense)

24. Cambece acted in good faith.

Second Affirmative Defense

25. If any damages were sustained by the Plaintiff as alleged in Plaintiff's claim, which damages are expressly denied, all such damages have been caused and brought about in whole or in material part by the affirmative wrongdoing, negligence, breach of contract, want of care and other culpable conduct and/or comparative negligence of the Plaintiff or some other third party, without similar acts of the replying Defendant contributing thereto.

### Third Affirmative Defense

26. As to each count, the Plaintiff fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

27. As to each count asserted by the Plaintiff, such claims are barred pursuant to section 2 of the Federal Arbitration Act and other applicable statutes. The Court lacks subject matter jurisdiction over the underlying action due to the mandatory arbitration clause contained in the Plaintiff's credit card member agreement.

### RELIEF REQUESTED

WHEREFORE, Cambece respectfully requests that the Court dismiss all Counts in the Plaintiff's complaint with prejudice and award Cambece costs, attorneys' fees and such other relief as this Court deems equitable and just.

Respectfully submitted,
J. A. Cambece Law Office, P.C.
By its counsel,

David C. Crossley (648197)
J. A. Cambece Law Office, P.C.
8 Bourbon Street
Peabody, MA 01960
(866) 203-9056

I hereby certify that a true copy of the above document was served upon (each party proceeding pro se and) the attorney of record for each other party by mail - hand - telecopier on

4/10/04