IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANET S. HOEFS, | ) | |
| | ) | |
| Plaintiff, | ) | 04-CV-30015-KPN |
| | ) | |
| v. | ) | |
| | ) | |
| CACV OF COLORADO, LLC, | ) | |
| J.A. CAMBECE LAW OFFICE, P.C., and | ) | |
| J. ANTHONY CAMBECE, | ) | |
| | ) | |
| Defendants. | ) | |

### JOINT 26(f) REPORT

Plaintiff, Janet S. Hoefs, represented by counsel from the Law Offices of Claude Lefebvre & Sons and Edelman, Combs & Latturner, LLC, and defendant CACV of Colorado, LLC ("CACV"), represented by counsel from Lawson & Weitzen, LLP and defendants J.A. Cambece Law Office, P.C. ("Cambece, P.C.") and J. Anthony Cambece ("J.A. Cambece") by counsel from J.A. Cambece Law Office, P.C. hereby submit this joint report pursuant to Fed. R. Civ. P. 26(f). In accordance with Local Rule 16.1, the parties have met and conferred on April 21, 2004 for the purposes of preparing the following proposed schedule. The Court has set a scheduling conference on May 13, 2004. The parties state as follows:

    1.    Plaintiff contends that the defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") by having a collection letter purportedly from defendants Cambece, P.C. signed by J.A. Cambece sent to plaintiff and the members of the putative class. The letter is allegedly sent on behalf of CACV without any review or professional involvement by an attorney. Plaintiff alleges that this practice violates 15 U.S.C. §§1692e,

1692e(2)(A), and 1692e(10). Plaintiff also alleges that the alleged offending collection letter violates 15 U.S.C. § 1692g(a)(3), in that it requires a dispute to be in writing, although nothing in the FDCPA imposes that requirement. Finally, plaintiff contends that defendants engaged in unfair and deceptive acts and practices in violation of Mass. G.L., ch. 93A, § 9 for the same violations complained of above. Plaintiff has filed a motion for leave to file an amended complaint which includes the 93A claim. That motion is still pending. No counterclaims have been asserted by the defendants.

CACV has answered the complaint, and denies all material allegations contained in the plaintiff's complaint. Additionally, CACV asserts that the plaintiff's claims are barred pursuant to section 2 of the Federal Arbitration Act and other applicable statutes, and thus, the Court lacks subject matter of the underlying action due to the arbitration clause in the plaintiff's credit card member agreement.

Further, CACV asserts that the plaintiff's complaint fails to overcome the threshold inquiry of jurisdiction and venue in this matter. The Court lacks personal jurisdiction over CACV. CACV does not conduct business in Massachusetts nor does the plaintiff's complaint allege that it does. The Court lacks subject matter jurisdiction due to a want for the jurisdictional amount in controversy of seventy-five thousand dollars ($75,000) and it is denied that the action arises under the Constitution of the United States or involves any Federal question under the Constitution of the United States. The venue of the action is improper and does not lie in the United States District Court for Massachusetts.

CACV also asserts that the plaintiff and putative class members have failed to satisfy the requirements of a class action and/or collective action pursuant Fed. R. Civ. P. 23.

2

The Cambece defendants have filed amended answers to the complaint. Defendants Cambece, P.C. and J.A. Cambece deny each and every allegation set forth in the plaintiff's complaint and plaintiff's paragraph above. Defendants Cambece, P.C. and J.A. Cambece acted in good faith, and state that if any damages were sustained by the plaintiff as alleged in plaintiff's claim, which damages are expressly denied, all such damages have been caused and brought about in whole or in material part by the affirmative wrongdoing, negligence, breach of contract, want of care and other culpable conduct and/or comparative negligence of the plaintiff or some other third party, without similar acts of defendants Cambece, P.C. and J.A. Cambece contributing thereto.

As to each count asserted by the plaintiff, such claims are barred pursuant to section 2 of the Federal Arbitration Act and other applicable statutes. The Court lacks subject matter jurisdiction over the underlying action due to the mandatory arbitration clause contained in an amendment to the plaintiff's credit card member agreement. During the first week of May, 2004, the defendants Cambece, P.C. and J.A. Cambece will file their motion to compel arbitration and to stay this proceeding pending the outcome of mandatory arbitration.

Defendants Cambece, P.C. and J.A. Cambece also assert that the plaintiff and putative class members have failed to satisfy the requirements of a class action and/or collective action pursuant to Fed. R. Civ. P. 23.

2.   The parties shall exchange initial disclosures under Rule 26(a) on or before May 5, 2004.

3.   Plaintiff shall submit her first written discovery requests, i.e. interrogatories, requests for production and requests for admissions on or before May 21, 2004.

Defendants shall submit its first written discovery requests on or before June 30, 2004.

4. All lay witness depositions shall be completed by September 30, 2004.

5. Plaintiff shall have until August 18, 2004 to name additional parties.

6. All non-expert discovery shall be completed by December 17, 2004.

7. All expert discovery shall be completed by January 17, 2005.

8. Dispositive motions shall be filed on or before February 21, 2005.

9. Plaintiff's motion for class certification shall be filed on or before July 2004.

10. The plaintiff has requested a jury trial, and the parties expect that a trial on this matter would last two to three days. Defendants waive their right to trial by jury and request a bench trial.

11. Any mediation shall be completed on or before February 21, 2005.

12. Plaintiff consents to proceed before Magistrate Neiman. Defendants request that a Justice be appointed to this matter.

13. The parties have discussed bifurcating class and merits discovery. Plaintiff oppose any bifurcation of discovery. Defendants Cambece, P.C. and J.A. Cambece neither oppose nor request bifurcation of discovery.

14. The parties have conferred regarding each of the above matters, conferred regarding costs and expenses of litigation and have considered the option of alternative dispute resolution. Defendant CACV and Defendants Cambece, P.C. and J.A. Cambece maintains that arbitration is the proper forum to resolve the plaintiff's claims, and the plaintiff's claims are barred by the arbitration provision in the plaintiff's card member agreement pursuant to section 2

of the Federal Arbitration Act. All defendants anticipate filing in May, 2004 a motion to compel arbitration and stay the proceedings pending outcome of arbitration.

Respectfully submitted,

| | |
|---|---|
| LAW OFFICES OF CLAUDE LEFEBVRE & SONS | J.A. CAMBECE LAW OFFICE, P.C. |
| *Christopher M. Lefebvre* (we) <br> Christopher M. Lefebvre <br> BBO # 629056 <br> P.O. Box 479 <br> Pawtucket, RI 02862 <br> (401) 728-6060 <br> (401) 728-6534 (FAX) | *David Crossley* (we) <br> David Crossley <br> 8 Bourbon Street <br> Peabody, MA 01960 <br> (866) 203-9056 <br> (978) 536-9210 (FAX) <br><br> *Attorney for J. A. Cambece Law Office, P.C. and J. Anthony Cambece* |
| EDELMAN, COMBS & LATTURNER, LLC <br> Daniel A. Edelman <br> Cathleen M. Combs <br> James O. Latturner <br> Tara L. Goodwin <br> Heather Piccirilli <br> 120 S. LaSalle Street, 18th Floor <br> Chicago, IL 60603 <br> (312) 739-4200 <br> (312) 419-0379 (FAX) <br><br> *Attorneys for Janet S. Hoefs* | LAWSON & WEITZEN, LLP <br><br> *Evan T. Lawson* (we) <br> Evan T. Lawson <br> Nicole L. Johnson <br> 88 Black Falcon Avenue, Suite 345 <br> Boston, MA 02210 <br> (617) 439-4990 <br> (617) 439-3987 (FAX) <br><br> *Attorneys for CACV of Colorado, LLC* |

5