## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## SPRINGFIELD DIVISION

JANET S. HOEFS,                                    )
                                                   )
                    Plaintiff,                     )
                                                   )        04-CV-30015-KPN
           v.                                      )
                                                   )
CACV OF COLORADO, LLC,                             )
J.A. CAMBECE LAW OFFICE, P.C., and                 )
J. ANTHONY CAMBECE,                                )
                                                   )
                    Defendants.                    )

FILED

U.S. DISTRICT COURT
DISTRICT OF MASS

### PLAINTIFF JANET HOEFS' MOTION FOR CLASS CERTIFICATION

Plaintiff Janet Hoefs respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") and Mass. G.L., ch. 93A action may proceed as a class action against defendants CACV of Colorado, LLC ("CACV"), J.A. Cambece Law Office, P.C. ("Cambece, P.C") and J. Anthony Cambece ("Cambece"). Plaintiff seeks certification of two classes.

Plaintiff defines **Class A** as (a) all natural persons  (b) who were sent an initial demand letter in the form represented by Exhibit A by Cambece, P.C., (c) seeking to collect a debt allegedly owned by CACV, (d) on or after January 26, 2003 and on or before February 15, 2004.

Plaintiff defines **Class B** as (a) all natural persons  (b) who were sent an initial demand letter in the form represented by Exhibit A by Cambece, P.C., (c) seeking to collect a debt allegedly owned by CACV, (d) on or after January 26, 2000; and (e) on or before February 15, 2004.

In support of this motion, plaintiff states:

1

**NATURE OF THE CASE**

1.    This action seeks to secure redress against unlawful credit and collection practices engaged in by defendants CACV, Cambece, P.C. and Cambece.

2.    On or about February 21, 2003, plaintiff was mailed the collection letter attached as <u>Exhibit A</u> to the amended complaint, seeking to collect a credit card debt incurred for personal, family or household purposes. Plaintiff received it shortly thereafter.

3.    <u>Exhibit A</u> was sent on behalf of CACV, which owned the debt and hired Cambece, P.C. to collect it.

4.    <u>Exhibit A</u> to the amended complaint is the first letter plaintiff received on Cambece, P.C. letterhead.

5.    <u>Exhibit A</u> to the amended complaint is a standard form letter intended for use as an initial demand on Cambece, P.C. letterhead.

6.    <u>Exhibit A</u> to the amended complaint has a facsimile signature of attorney Cambece.

7.    The sending of <u>Exhibit A</u> to the amended complaint purporting to come from an attorney without any real professional involvement by an attorney violates the FDCPA. In fact, Cambece, P.C. is lending the use of its form letterhead to CACV for the purpose of assisting its debt collection activities, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

8.    Section 1692e provides:

   **§ 1692e.      False or misleading representations [Section 807 of P.L.]**

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without**

limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

      **(2)**     **The use of any false representation of ---**

           **(A)**     **the "character" and of any "debt" and false representation that is "from" an attorney.**

      . . .

      **(10)**   **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

9.     <u>Exhibit A</u> also violates the FDCPA in that it requires a dispute to be in writing, although nothing in 15 U.S.C. § 1692g(a)(3) imposes that requirement.

10.    Section 1692g provides:

      **§ 1692g. Validation of debts**

      **(a)**     **Notice of debt; contents.**  **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —**

           **(1)**     **the amount of the debt;**

           **(2)**     **the name of the creditor to whom the debt is owed;**

           **(3)**     **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

      . . .

11.    Violations of the FDCPA are also violations of Mass. G.L., ch. 93A, § 9.

12.    CACV, as a debt collector and the principal of Cambece, P.C., is liable for

these violations.

## CLASS CERTIFICATION REQUIREMENTS

13.    All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

14.    The class is so numerous that joinder of all members is impractical. The document attached as Exhibit A is obviously a form document.   Exhibit A contains a bar code indicator and a toll free number indicating that Massachusetts based Cambece, P.C. sends mass mailings of their collection letters  throughout the United States.  It is reasonable to infer that someone who uses such mass mailing methods to send form letters on behalf of a large debt collector such as defendant CACV will send them to more than the 20-40 persons necessary to meet the numerosity requirement.

15.    Plaintiff will obtain the exact number of class members through discovery.

16.    Plaintiff requests a briefing schedule on this motion that will allow for sufficient discovery to confirm her estimate of the number of class members.

17.    There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The primary questions are whether Exhibit A to the amended complaint violates the FDCPA and whether an attorney is reviewing the file.

18.    The only individual issue is the identification of the consumers who received the offending collection letters, a matter capable of ministerial determination from defendants' records.

19.    Plaintiff's claims are typical of those of the class members. All are based on

4

the same factual and legal theories.

20.    Plaintiff Janet Hoefs will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. (Exhibit B)

21.    A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

a.    Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

b.    Since the essence of the violation is deception, consumers are unlikely to recognize it.

c.    A class action is necessary to determine that defendants' conduct is a violation of law and bring about its cessation.

22.    In further support of this motion, plaintiff submits the accompanying memorandum of law.

WHEREFORE, plaintiff Janet Hoefs respectfully requests that this Court enter an order determining that this action may proceed as a class action.


Respectfully submitted,


Christopher M. Lefebvre

5

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE LEFEBVRE
      & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Piccirilli
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## RULE 7.1 CERTIFICATION

I hereby certify that I have conferred in good faith with counsel for CACV of Colorado, LLC, J.A. Cambece Law Office, P.C. and J. Anthony Cambece regarding the issues raised in this motion and the parties were unable to reach an accord.

Heather Piccirilli
Heather Piccirilli

6

## CERTIFICATE OF SERVICE

I, Heather Piccirilli, hereby certify that on May 5, 2004, I caused a copy of the foregoing document to be served by United States mail and fax upon the parties listed below.

David Crossley
J.A. Cambece Law Office, P.C.
8 Bourbon Street
Peabody, MA 01960

Nicole L. Johnson
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

DATED: May 5, 2004

Heather Piccirilli

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| JANET S. HOEFS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 04-CV-30015-KPN |
| v. | ) | |
| | ) | |
| CACV OF COLORADO, LLC, | ) | |
| J.A. CAMBECE LAW OFFICE, P.C., and | ) | |
| J. ANTHONY CAMBECE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF JANET HOEFS' MOTION FOR CLASS CERTIFICATION**

Plaintiff Janet Hoefs has requested that this Court enter an order determining that this

Fair Debt Collection Practices Act ("FDCPA") and Mass. G.L., ch. 93A action may proceed as a

class action against defendants CACV of Colorado, LLC ("CACV"), J.A. Cambece Law Office,

P.C. ("Cambece, P.C.") and J. Anthony Cambece ("Cambece") on behalf of two classes. This

memorandum is submitted in support of plaintiff's motion.

**I.     NATURE OF THE CASE**

Plaintiff filed this class action under the Fair Debt Collection Practices Act,

15 U.S.C. §1692 et seq. ("FDCPA"). Plaintiff alleges that CACV, Cambece, P.C. and Cambece,

engage in unlawful credit and collection practices by sending collection letters purporting to be from

attorney Cambece, when in fact Cambece, P.C. lends the use of their form letterhead to CACV for

the purpose of assisting its debt collection activities in violation of §§ 1692e, 1692e(2)(A) and

1692e(10). Additionally, plaintiff alleges that Cambece, P.C. violated § 1692g(a)(3) by requiring

1

a dispute to be in writing when nothing in the statute imposes that requirement.

Plaintiff alleges that the violations of the FDCPA also violate Mass. G.L., ch. 93A, section 9.

## II.    THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors".    15 U.S.C. §1692(e).  It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997); Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

In enacting the FDCPA, Congress recognized the  --

universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic].  .  .  .   [T]he vast majority of consumers who obtain credit fully intend to repay their debts.  When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697.

Most courts, including those in the First Circuit, have  held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer."   Martin v. Sands, 62 F.Supp.2d 196, 199-200  (D.Mass. 1999); In re

Maxwell, 281 B.R. 101, 118 (Bankr.D.Mass. 2002); In re Hart, 246 B.R. 709, 723, 730 (Bankr.D.Mass. 2000). The standard is an objective one -- whether the plaintiff or any class member was misled is not an element of a cause of action. "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." Beattie v. D.M. Collections, Inc., 754 F.Supp. 383, 392 (D.Del. 1991).

Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. Cirkot v. Diversified Fin. Services, Inc., 839 F.Supp. 941 (D. Conn. 1993).

> The [Consumer Credit Protection] Act is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.

N.C. Freed Co. v. Board of Governors, 473 F.2d 1210, 1214 (2d Cir. 1973).

Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. Baker, 677 F.2d at 780-1; Woolfolk v. Van Ru Credit Corp., 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); Cacace v. Lucas, 775 F. Supp. 502 (D. Conn. 1990); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 177 (W.D.N.Y. 1988); Kuhn v. Account Control Technol., 865 F. Supp. 1443, 1450 (D.Nev. 1994); In re Scrimpsher, 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982); In re Littles, 90 B.R. 669, 680 (Bankr. E.D.Pa. 1988), aff'd as modified sub nom. Crossley v. Lieberman, 90 B.R. 682 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989).

The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. Baker, 677 F.2d at 780; Whatley v. Universal Collection Bureau, 525 F. Supp. 1204, 1206 (N.D.Ga. 1981). "Congress intended the Act to be enforced

3

primarily by consumers . . . ." FTC v. Shaffner, 626 F.2d 32, 35 (7th Cir. 1980). "Congress painted

with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection

practices, and courts are not at liberty to excuse violations where the language of the statute clearly

comprehends them . . . ." Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989).

Plaintiff need not prove intent, bad faith or negligence in an FDCPA case.  The

"FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary

judgment for the plaintiff." Cacace v. Lucas, 775 F. Supp. at 505.

## III.    STANDARD FOR CLASS CERTIFICATION

"[T]he district court has wide discretion in determining whether or not to certify a

class under Rule 23." Coley v. Clinton, 635 F.2d 1364, 1378. "Rule 23 must be liberally

interpreted" and read to "favor maintenance of class actions." King v. Kansas City Southern

Industries, 519 F.2d 20, 25-26 (7th Cir. 1975).  The court should resolve any doubt regarding the

propriety of certification "in favor of allowing the class action," so that it will remain an effective

vehicle for deterring corporate wrongdoing. Esplin v. Hirschi, 402 F.2d 94, 101 (10th Cir. 1968).

Although plaintiff bears the initial burden of advancing reasons why a putative class

action meets the requirements of Rule 23, that burden is not a heavy one. Piel v. National

Semiconductor Corp., 86 F.R.D. 357, 368 (E.D. Pa. 1980).  Once a plaintiff has demonstrated a

preliminary legal showing that the requirements of Rule 23 have been met, the burden of proof is

upon the defendant to demonstrate otherwise. 2 H. Newberg, Newberg on Class Actions (3d Ed.

1992) ("Newberg") § 7.22 at 7-74 to 7-75. Provided that a plaintiff's contentions regarding the class

issues are based upon a reasonable foundation, the court should not deny certification because of a

defendant's challenge. Sollenbarger v. Mountain States Tel. & Tel. Co., 121 F.R.D. 417 (D.N.M.

1988); In re Industrial Gas Antitrust Litig., 100 F.R.D. 280 (N.D. Ill. 1983); Kuck v. Berkey Photo, Inc., 81 F.R.D. 736 (S.D.N.Y. 1979).

  The Supreme Court has noted that "[c]lass actions serve an important function in our system of civil justice." Gulf Oil Co. v. Bernard, 452 U.S. 89, 99 (1981). The Court has also recognized that the class action procedure is necessary for private rights of action to be enforced. Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326 (1980). As stated in Roper, class actions serve an important function in our system of civil justice because they permit plaintiffs to "vindicat[e] the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost." 445 U.S. at 338.

  Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified. Keele v. Wexler & Wexler, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill. 1996), aff'd 149 F.3d 589 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 332, 347 (7th Cir. 1997); Avila v. Van Ru Credit Corp., 1995 U.S. Dist. LEXIS 461 (N.D. Ill. 1995), aff'd, Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996); Wilborn v. Dun & Bradstreet, 180 F.R.D. 347 (N.D. Ill. 1998); Peters v. AT&T Corp., 179 F.R.D. 564 (N.D. Ill. 1998); Carr v. Trans Union Corp., C.A. 94-22, 1995 WL 20865, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); Colbert v. Trans Union Corp., C.A. 93-6106, 1995 WL 20821, 1995 U.S. Dist. LEXIS 578 (E.D. Pa. 1995) (same); West v. Costen, 558 F. Supp. 564, 572-573 (W.D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation" notices and addition of unauthorized fees); Cheqnet Systems, Inc. v. Montgomery, 322 Ark. 742, 911

S.W.2d 956 (1995) (class certified in FDCPA action challenging bad check charges);  Duran v.

Credit Bureau of Yuma, Inc., 93 F.R.D. 607 (D. Ariz. 1982) (class certified in action complaining

of unauthorized charges).

## IV.    THE PROPOSED CLASSES MEET THE REQUIREMENTS FOR CERTIFICATION

In order to maintain a class action, plaintiffs must demonstrate that they and the class

they wish to represent, meet all four requirements of Fed. R. Civ. P. 23(a) and fit into one of the

categories enumerated in Fed.R.Civ.P. 23(b). Mack v. Suffolk County, 191 F.R.D. 16, 19 (D.Mass.

2000).   To meet the threshold requirements of Fed.R.Civ.P. 23(a), plaintiff must establish that the

class has the following qualities:

> **(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and, (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class').**

Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613 (1997).

### A.    Rule 23(a)(1) -- Numerosity

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all

members is impracticable." "When the class is large, numbers alone are dispositive . . . ." Riordan,

113 F.R.D. at 62. Where the class numbers at least 40, joinder is generally considered impracticable.

Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967)

(18 sufficient); Swanson v. American Consumer Industries, 415 F.2d 1326, 1333 (7th Cir. 1969) (40

sufficient); Riordan, 113 F.R.D. 60 (10-29 sufficient); Mowbray v. Waste Management Holdings,

Inc., 189 F.R.D. 184 (D.Mass. 1999) (certified class of 81); Philadelphia Electric Co. v. Anaconda

American Brass Co., 43 F.R.D. 452, 463 (E.D.Pa. 1968) (25 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (about 70). It is not necessary that the precise number of class members be known. "A class action may proceed upon estimates as to the size of the proposed class." In re Alcoholic Beverages Litigation, 95 F.R.D. 321 (E.D.N.Y. 1982); Lewis v. Gross, 663 F. Supp. 1164, 1169 (E.D.N.Y. 1986).

The court may "make common sense assumptions in order to find support for numerosity." Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 Newberg on Class Actions (3d ed. 1992), §7.22.A.

Here, it is reasonable to infer that the number of class members exceeds the minimum necessary for the reasons set forth in plaintiff's motion. Swiggett v. Watson, 441 F. Supp. 254, 256 (D.Del. 1977) (in action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, fact that Department of Motor Vehicles issued printed form for such transfer in and of itself sufficient to show that numerosity requirement was satisfied); Westcott v. Califano, 460 F. Supp. 737, 744 (D.Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of); Carr, 1995 U.S. Dist. LEXIS 567 (FDCPA class certified regarding defendant Trans

Union's transmission of misleading collection notices to consumers in which court inferred numerosity from the use of form letters); <u>Colbert</u>, 1995 U.S. Dist. LEXIS 578 (same); <u>Keele</u>, 1996 U.S. Dist. LEXIS 3253.

**B.    Rule 23(a)(2) -- Commonality**

Complete identity of facts is not required, because "to require complete identity would unduly confine class actions to the narrowest circumstances." <u>United States v. Rhode Island Dept. of Employment Sec.</u>, 619 F, Supp. 509, 513 (D.R.I. 1985). A common course of conduct, such as that alleged here, gives rise to common questions which make class certification appropriate. <u>Muth v. Dechert, Price & Rhoads</u>, 70 F.R.D. 602, 607 (E.D. Pa. 1976); <u>In re Asbestos Sch. Litig.</u>, 104 F.R.D. 422 (E.D. Pa. 1984); <u>Franklin v. City of Chicago</u>, 102 F.R.D. 944, 949 (N.D.Ill. 1984).

While Rule 23(a)(2) requires plaintiffs to show that common questions of law or fact exist and that class members's claims are not in conflict with one another, it does not require that class members' claims be identical. <u>Guckenberger v. Boston University</u>, 957 F. Supp. 306, 325 (D.Mass. 1997). <u>See</u> also, <u>Wilcox v. Petit</u>, 117 F.R.D. 314, 316 (D.Maine 1987). Furthermore, an assessment of whether class members share common questions of law or fact does not require an assessment of defendants' liability for plaintiffs' claims. <u>Lamphere v. Brown University</u>, 553 F.2d 714, 719, n.11 (1st Cir. 1977).

In the present case, common questions of law and fact clearly predominate over individual concerns. Plaintiff's claim depends on: (a) whether <u>Exhibit A</u> to the amended complaint violates the FDCPA; and (b) whether any attorney is involved with the consumer's file. <u>Avila v. Rubin</u>, 84 F.3d 222 (7th Cir. 1996); <u>Nielsen v. Dickerson</u>, 307 F.3d 623 (7th Cir. 2002).

The only individual issue is the identification of the consumers who received the

8

letters, a matter capable of ministerial determination from defendants' records. Questions readily answerable from defendants' files do not present an obstacle to class certification. Heastie v. Community Bank, 125 F.R.D. 669 (N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank"); Wilkinson v. F.B.I., 99 F.R.D. 148, 157 (C.D.Cal. 1983) ("a need for individual proof of damages would not preclude class certification. `The amount of damages is invariably an individual question and does not defeat class treatment.'"); Franklin, 102 F.R.D. at, 949 (similar). Plaintiff will obtain the exact number of class members through discovery.

### C.    Rule 23(a)(3) -- Typicality

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class.  "The question is simply whether a named plaintiff, in presenting his case, will necessarily present the claims of the absent plaintiffs." Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D.Mass. 1988). "The named plaintiff's claims are typical of the class when the plaintiff's injuries arise from the same event, practice or course of conduct of the defendant as do the injuries which form the basis of the class claim." Adair v. Sorenson, 134 F.R.D. 13, 17 (D.Mass. 1991) "The claims of a class representative are 'typical' when the representative's injuries arise from the same course of conduct as do the injuries that form the basis of the class claims." Fraser v. Major League Soccer, L.L.C., 180 F.R.D. 178, 181 (D.Mass. 1998).  To be typical within the meaning of the rule simply requires that the claims of the named plaintiff arise from the same type of conduct which give rise to the class members' claims. Burstein v. Applied Extrusion Technologies, Inc., 153 F.R.D. 488, 491 (D.Mass. 1994).

In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same collection practices as the plaintiff.

### D.    Rule 23(a)(4) -- Adequacy of Representation

Rule 23 also requires that the named plaintiff provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. <u>Adair</u>, <u>supra</u>, 134 F.R.D. at 18 (D.Mass. 1991); <u>accord</u>, <u>Andrews  v. Bechtel Power Corp.</u>, 780 F.2d 124, 130 (1st Cir. 1985); <u>Wetzel v. Liberty Mutual Ins. Co.</u>, 508 F.2d 239, 247 (3d Cir. 1975); <u>In re Alcoholic Beverages Litigation</u>, 95 F.R.D. 321 (E.D.N.Y. 1982).

Plaintiff Janet Hoefs  understands the obligations of a class representative, and has retained experienced counsel, as is indicated by <u>Exhibit B</u>, which sets forth counsel's qualifications.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Here, both plaintiff and the class members seek money damages as the result of defendants' unlawful collection practices. Given the identity of claims between plaintiff and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class.

### E.    Rule 23(b)(3) -- Common
### Questions of Law or Fact Predominate

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. This criterion is normally

satisfied when there is an essential common factual link between all class members and the defendant for which the law provides a remedy. <u>Halverson v. Convenient Food Mart, Inc.</u>, 69 F.R.D. 331 (N.D. Ill. 1974).

In this case, the "common nucleus of operative fact," <u>Id.</u> at 335, is that defendant Cambece, P.C. sent letters similar to those sent to the plaintiff to all class members. The dispositive issue -- indeed, the <u>only</u> issue -- is whether the letter violates the FDCPA.

The authorities hold that cases dealing with the legality of standardized documents or conduct are generally appropriate for resolution by means of a class action because the document or conduct is the focal point of the analysis. <u>Halverson</u>, 69 F.R.D. 331; <u>Haroco v. American Nat'l Bank</u>, 121 F.R.D. 664, 669 (N.D. Ill. 1988) (improper computation of interest); <u>Kleiner v. First Nat'l Bank</u>, 97 F.R.D. 683 (N.D.Ga. 1983) (same); <u>Heastie</u>, 125 F.R.D. 669 (execution of home improvement financing documents in sequence that evaded consumers' rescission rights). This is true even though the nature and amount of damages may differ among the members of the class. <u>Id.</u>

The case at bar is especially appropriate for class action treatment because there are no individual questions relating to liability which cannot be determined by ministerial inspection of defendants' records. Therefore, the common issues of law and fact clearly predominate.

**F.    Rule 23(b)(3) -- Class Action Is
Superior to Other Available
<u>Methods of Resolving This Controversy.</u>**

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. <u>Eovaldi v. First Nat'l Bank</u>, 57 F.R.D. 545 (N.D. Ill. 1972). The Court is required to determine the best available method for resolving the controversy in

11

keeping with judicial integrity, convenience, and economy. <u>Scholes</u>, 143 F.R.D. at 189; <u>Hurwitz v. R.B. Jones Corp.</u>, 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." <u>Haynes v. Logan Furniture Mart, Inc.</u>, 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor. The vast majority of debtors are undoubtedly unaware that their rights are being violated. In addition, persons from whom defendants are attempting to collect allegedly delinquent debts are, by definition, unlikely to be able to pay to retain counsel to protect their rights on an individual basis.

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

<u>In re Folding Carton Antitrust Litigation</u>, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted). Another court noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are**

12

> **similarly situated.' 7B Wright et al., §1778, at 59; see e.g., <u>Phillips Petroleum Co.</u>**
> **<u>v. Shutts</u>, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiff to**
> **pool claims which would be uneconomical to litigate individually.') The public**
> **interest in seeing that the rights of consumers are vindicated favors the**
> **disposition of the instant claims in a class action form.**

<u>Lake v. First Nationwide Bank</u>, 156 F.R.D. 615, 628-629 (E.D.Pa 1994).

Class certification will provide an efficient and appropriate resolution of the controversy. <u>Zanni v. Lippold</u>, 119 F.R.D. 32 (C.D. Ill. 1988).

## V.    <u>CONCLUSION</u>

The proposed classes meet the requirements of Rules 23(a) and (b)(3).    Plaintiff respectfully requests that this Court certify this action as a class action.

Respectfully submitted,

Christopher M. Lefebvre

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE LEFEBVRE
    & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO # 629056

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Piccirilli
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

# CAMBECE LAW OFFICE, P.C.

ATTORNEYS AT LAW

8 BOURBON STREET
PEABODY, MASSACHUSETTS 01960

PEABODY
Tel. (800) 577-2230
Fax (978) 535-7070
www.cambece.com
c.cambecelaw@cambece.avi.com

02/21/03

JANET S HOEFS
15 RICE DR
WILBRAHAM MA 01095-2641

RE:    Creditor:                    CACV OF COLORADO, LLC
       Your Account Number:         12373024010903551
       Original Creditor:           MBNA
       Original Account Number:     5329011999226251
       Amount Owed:                 $9,723.38
       Interest:                    $3,097.16
       Total:                       $12,820.54

Dear JANET S HOEFS,

This office represents the above-named client, CACV OF COLORADO, LLC, who has placed the above-referenced matter for collection. This is a demand for payment because you have had ample time to pay your creditor. Sometimes we can arrange temporary installment payments but you must contact this office for arrangements.

## NOTICE OF IMPORTANT RIGHTS

UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU, THE CONSUMER, NOTIFY US IN WRITING WITHIN THE THIRTY-DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGEMENT AGAINST YOU, THE CONSUMER, AND A COPY OF SUCH VERIFICATION OR JUDGEMENT WILL BE MAILED TO YOU BY OUR OFFICE. UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY-DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. IF YOU NOTIFY OUR OFFICE IN WRITING TO CEASE CONTACT BY TELEPHONE AT YOUR PLACE OF EMPLOYMENT, NO FURTHER SUCH CONTACT WILL BE MADE.

Please call our office toll free at 1-800-577-2230.

Attorney at Law

This communication is from a debt collector, and is an attempt to collect a debt. Any information obtained will be used for that purpose.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.