IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

FILED
CLERK'S OFFICE

MAY 11 A 11:50

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| JANET S. HOEFS, ) | |
| ) | |
| Plaintiff, ) | 04-CV-30015-KPN |
| ) | |
| v. ) | |
| ) | |
| CACV OF COLORADO, LLC, ) | |
| J.A. CAMBECE LAW OFFICE, P.C., and ) | |
| J. ANTHONY CAMBECE, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEFENDANTS
TO UNSEAL THEIR INSURANCE INFORMATION**

Plaintiff, Janet S. Hoefs, respectfully requests on an emergency basis that the Court unseal the Cambece defendants' insurance information.

In support thereof, plaintiff states:

1.  The Cambece defendants' initial disclosures were due on May 5, 2004. The disclosures plaintiff received on May 6, 2004 did not comply with Fed. R. Civ. P. 26(a)(1)(D).

2.  A party's obligations are defined under Fed. R. Civ. P. 26(a)(1)(D):

    for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

The required disclosure of insurance information is mandatory and the Cambece defendants are obligated to disclose this information.

3.  Instead of filing a motion with the Court, the Cambece defendants have submitted an objection in their initial disclosures to plaintiff stating that they would not disclose

1

insurance information "because the Plaintiff has wholly failed to comply with the scheduling order issued by this Court...[and]...Local Rule 16.1(C)." Plaintiff, prior to the date of required disclosure, has filed an emergency motion to postpone submission of her settlement proposals to the defendants.

4. The objection is irrelevant and should be overruled. The fact that plaintiff requested postponement of her settlement proposal is in no way prejudicial to defendants' insurance disclosure. In fact, the disclosure of defendants' insurance information would further any discussion of settlement.

5. The Cambece defendants non-disclosure and objection to disclosing insurance information further supports what plaintiff initially stated in her motion: that the Cambece defendants are attempting to create a policy defense and materially injure the rights of plaintiff and the proposed class. Such conduct is not permissible and should not be tolerated.

6. "The disclosure of insurance coverage is allowed 'to enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation.' (citations omitted)...The purpose of the rule is to enable counsel to realistically appraise a case and is meant to be conducive to settlement." In re Anicom Sec. Litig., 2002 U.S. Dist. LEXIS 21680, at *11-*12 (N.D. Ill. Nov. 8, 2002). There can be no dispute that this information is discoverable, relevant and necessary to proceed with this litigation.

WHEREFORE, plaintiff respectfully requests that the Court unseal the Cambece defendants' insurance information.

2

Respectfully submitted,

*Christopher Lefebvre* (HP)
Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
 LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Mass. BBO No. 629056

Daniel A. Edelman
Heather Piccirilli
EDELMAN, COMBS & LATTURNER,
 LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## RULE 7.1 CERTIFICATION

I hereby certify that I have conferred in good faith with counsel for CACV of Colorado, LLC, J.A. Cambece Law Office, P.C. and J. Anthony Cambece regarding the issues raised in this motion and plaintiff and the Cambece defendants were unable to reach an accord.

*Heather Piccirilli*
Heather Piccirilli

3

## CERTIFICATE OF SERVICE

I, Heather Piccirilli, hereby certify that on May 10, 2004, I caused a copy of the foregoing document to be served by United States mail and fax upon the parties listed below.

David Crossley
J.A. Cambece Law Office, P.C.
8 Bourbon Street
Peabody, MA 01960

Nicole L. Johnson
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

DATED: May 10, 2004

_Heather Piccirilli_
Heather Piccirilli