UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

CASE NO: 04-30015-KPN

|  |  |
|---|---|
| JANET S. HOEFS,<br><br>    Plaintiff,<br><br>v.<br><br>CACV OF COLORADO, LLC, et al.,<br><br>    Defendants. | /<br>/<br>/<br>/<br>/<br>/<br>/<br>/<br>/<br>/<br>/ |

DEFENDANTS, J. A. CAMBECE LAW OFFICE, P.C., AND J. ANTHONY
CAMBECE'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO
FED.R.CIV.P. RULE 26(c)(8), AUTHORIZING SAID DEFENDANTS TO MAKE
THEIR FED.R.CIV.P. RULE 26(a)(1)(D) AUTOMATIC DISCLOSURE IN A
DOCUMENT FILED UNDER SEAL WITH THE COURT

INTRODUCTION

Pursuant to Fed.R.Civ.P. Rule 26(c)(8), the defendants J. A. Cambece Law

Office, P.C. (Cambece, P.C.), and J. Anthony Cambece (Cambece) (Cambece and

Cambece, P.C. shall hereinafter collectively be referred to as Defendants) move the Court

to issue a protective order authorizing the defendants to disclose information relative to

available insurance agreements (contained in the envelope attached hereto as Appendix A

(attached only to the copy of this motion filed with the Court)), by and through a

document filed under seal with the Court and subject to *in camera* review by the Court

only, until such time as the Plaintiff complies with the Court's April 6, 2004 Scheduling

Order and Local Rule 16.1(C) by submitting her written settlement demands to the defendants.

### MOTION FOR A PROTECTIVE ORDER

Fed.R.Civ.P. Rule 26(c) permits a party to move to have the Court issue a protective order to protect the moving party from oppression or unfair prejudice. (See, Fed.R.Civ.P. Rule 26(c)). Subsection eight (8) of Rule 26(c) specifically permits the protective order to direct that the moving party may file specified documents or information in a sealed envelope to be opened as directed by the Court (Fed.R.Civ.P. Rule 26(c)(8). The defendants move the Court to issue a protective order authorizing them to disclose the identity of their insurance carrier by and through a document filed under seal with the Court and subject to *in camera* review by the Court only, until such time as the Plaintiff complies with this Court's April 6, 2004 Scheduling Order and Local Rule 16.1(C) and submits her written settlement demands to the defendants, which should have properly been done on May 3, 2004.

A memorandum of reasons why this motion for a protective order should be granted is incorporated herein. In support of this motion the defendants state the following:

### MEMORANDUM OF REASONS IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

1.     Plaintiff's failure to comply with this Court's April 6, 2004 scheduling order and Local Rule 16.1(C) has resulted in oppression and unfair prejudice to the defendants. The defendants have been prejudiced because they have been placed in a position of having to choose whether or not to comply with the Court's May 5, 2004

deadline for Fed.R.Civ.P. Rule 26(a) disclosures (specifically in this instance disclosing the identity of their insurance carrier) without the benefit of being able to review the plaintiff's settlement demands to aid the defendants in determining whether or not to (a) submit notice of this lawsuit to their insurance carrier themselves, (b) defend this suit out of pocket and not submit notice of this lawsuit to their insurance carrier themselves, and/or (c) potentially agree to the plaintiff's settlement demands, which at present date are unknown.

In order to protect the defendants from oppression and unfair prejudice the defendants request that the Court issue a protective order authorizing the defendants to disclose information relative to available insurance agreements by and through a document filed under seal with the Court and subject to *in camera* review by the Court only. until such time as the Plaintiff has complied with the Court's April 6, 2004 scheduling order as well as Local Rule 16.1(C) and the Plaintiff submits her written settlement demands to the defendants.

2.      The Plaintiff has clearly failed to comply with the Court's April 6, 2004 scheduling order as well as Local Rule 16.1(C) because she has not submitted written settlement demands to the defendants. On April 6, 2004 this Court issued a scheduling order which states, in part, the following:

> An initial scheduling conference will be held on May 13, 2004
> at 10:00 a.m. before Kenneth P. Neiman, U.S.M.J. at the U.S.
> District Court, Fifth Floor ... in accordance with Local Rule 16.1.
> The Court considers ... compliance with Sections (B), (C), and (D)
> Of Local Rule 16.1 to be of the *utmost importance* ... Failure to
> Comply with this notice and with Sections (B), (C), and (D) of
> Local Rule 16.1 may result in sanctions under Local Rule 1.3.

(This Court's Order dated April 6, 2004, and attached hereto as Exhibit A, emphasis added).

As set forth in the Scheduling Order, the Court considers compliance with Local Rule 16.1 to be of the utmost importance. The plaintiff failed to comply with the Scheduling Order, and Local Rule 16.1(C) by not submitting written settlement demands to the defendants on or before May 3, 2004. The Court also states in its April 6, 2004 scheduling order that, "unless otherwise ordered, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days prior to the date for the scheduling conference." (This Court's Order dated April 6, 2004, and attached hereto as Exhibit A). Janet S. Hoefs (Hoefs or Plaintiff) was required to submit her written settlement proposals to the defendants on or before May 3, 2004, based on the May 13, 2004 scheduling conference date ordered by the Court. (See, this Court's Order dated April 6, 2004, and attached hereto as Exhibit A. See also, Local Rule 16.1(C)). The Plaintiff failed to comply with the scheduling order issued by this Court on April 6, 2004 when she failed to submit written settlement proposals to the defendants on or before May 3, 2004.

Instead of complying with the Court's scheduling order, and Local Rule 16.1(C)[1], the Plaintiff filed, on April 29, 2004 (merely 4 days before her written settlement proposals were due to have been conveyed to the defendants), an emergency motion to postpone submission of her settlement proposals to the defendants (See, Exhibit B, attached hereto). The Plaintiff's emergency motion has not been ruled upon by the Court, and the defendants' counsel has confirmed with one of the Court's civil clerk's that the

---

[1]       Local Rule 16.1(C) requires the plaintiff to present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. (Local Rule 16.1(C). In this case the plaintiff was required to submit written settlement proposals by May 3, 2004; which she failed to do.

Court is providing all defendants' counsel with the full fourteen (14) day period required by Local Rule 7.1 to file any opposition thereto.

If the Court were to rule on the Plaintiff's emergency motion at the earliest possible date (day 14 of the opposition period) the Court could rule on the Plaintiff's emergency motion on May 13, 2004 (the day of the scheduling conference). May 13, 2004 is eight (8) days after the May 5, 2004 deadline for all the parties' Fed.R.Civ.P. Rule 26(a) disclosures. At present, the deadline for the Plaintiff's submission of written settlement proposals (May 3, 2004) to the defendants has come and gone, and the Plaintiff has not submitted written settlement proposals to the defendants. The Plaintiff has failed to submit these proposals without a Court order, or stay, in place authorizing the Plaintiff to postpone the submission of her settlement proposals to the defendants. The Plaintiff has brazenly refused to comply with this Court's Notice of Scheduling Conference dated April 6, 2004, and attached hereto as Exhibit B.

Although the following will be briefed in more depth in the Defendants' Opposition to the Plaintiff's Emergency Motion, it is worth mentioning here as well. The emergency motion filed by the Plaintiff sets forth no good reason why the Plaintiff violated the Court's April 6, 2004 scheduling order, nor does it explain why the Plaintiff failed to comply with Local Rule 16.1(C). Despite at least two (2) conversations with the Plaintiff's counsel regarding this issue, the Plaintiff continues to refuse to submit written settlement demands to the defendants. Her emergency motion states that "the conduct of settlement negotiations prior to giving notice to an insurance carrier may create a policy defense and materially injure the rights of the plaintiff and the proposed class." (Plaintiff's emergency motion, attached hereto as Exhibit A). Yet, the Plaintiff failed to

cite to any authority for her proposition, nor did she bother to explain how the submission of a notice of claim to the defendants' insurance carrier by the Plaintiff would materially, or even moderately differ from the same submission by the defendants.

Also, the defendants are willing to provide the Plaintiff with information relative to their insurance carrier after she complies with the Court's April 6, 2004 scheduling order, and Local Rule 16.1(C), by providing the defendants with her written settlement demands. Submission of the plaintiff's written settlement demands to the defendants will clearly help facilitate the settlement process, which, right now, is at a standstill because of the plaintiff's refusal to set forth her settlement demands despite this Court's Scheduling Order stating that she must do so. Additionally, if the defendants knew what the plaintiff's settlement demands were they would then be able to consider whether to (a) submit notice of this claim to their insurance carrier themselves, (b) defend this suit out of pocket and not submit notice of this lawsuit to their insurance carrier themselves, and/or (c) potentially agree to the plaintiff's settlement demands.

For all of the foregoing reasons, the defendants request that the Court take the following action:

Grant the defendants a protective order and permit them to disclose information relative to available insurance agreements by and through a document filed under seal with the Court and subject to *in camera* review by the Court only, until such time as the Plaintiff has complied with the Court's April 6, 2004 scheduling order as well as Local Rule 16.1(C) and the Plaintiff submits her written settlement demands to the defendants.

Respectfully submitted,
J. A. Cambece Law Office, P.C.
By its counsel,

_____
David C. Crossley
J. A. Cambece Law Office, P.C.
8 Bourbon Street
Peabody, MA  01960
(866) 203-9056

## CERTIFICATION

I, David C. Crossley, counsel for the defendants, J. A. Cambece Law Office, P.C. and J. Anthony Cambece hereby state that I have in good faith conferred with the other parties to this action in an effort to resolve the dispute, which is the subject matter of the present motion for a protective order, without the need for action by this Court.

_____
David C. Crossley

I hereby certify that a true copy of the above document was served upon (each party proceeding pro se and) the attorney of record for each other party by mail - hand - telecopier. on

May 11, 2004

# EXHIBIT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

JANET S. HOEFS,                      )
                    Plaintiff(s)     )
                                     )
        v.                           )        Civil Action No. 04-30015-KPN
                                     )
CACV OF COLORADO, LLC., et al.,      )
            Defendant(s) )

## NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held on May 13, 2004 at 10:00 a.m. before Kenneth P. Neiman, U.S.M.J. at the U.S. District Court, Fifth Floor, 1550 Main Street, Springfield, Massachusetts, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The Court considers attendance of the senior lawyers ultimately responsible for the case and compliance with Sections (B), (C), and (D) of Local Rule 16.1 to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply with this notice and with Sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

                                            KENNETH P. NEIMAN,
                                            U.S. Magistrate Judge

April 6, 2004                       By:     /s/ Bethaney  A.  Healy
Date                                        Bethaney A. Healy,
                                            Deputy Clerk
                                            (413) 785-0244

These sections of Local Rule 16.1 provide:

        (B)     Obligation of counsel to confer:  Unless otherwise ordered by the Judge, counsel for the parties shall confer no later that twenty-one (21) days prior to the date for the scheduling conference for the purpose of:

    (1)    preparing an agenda of matters to be discussed at the scheduling conference;

    (2)    preparing a proposed pretrial schedule for the case that includes a plan for discovery;

    (3)    considering whether they will consent to trial by Magistrate Judge;

(C)    Settlement Proposals:  Unless otherwise ordered, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days prior to the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement prior to the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D)    Joint Statement:  Unless otherwise ordered, the parties are required to file, no later than May 5, 2004 , a joint statement containing a proposed pretrial schedule, which shall include:

    (1)    a joint discovery plan scheduling the time and length for all discovery events, that shall:

        (a) confirm the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b) and

        (b) consider the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

    (2)    a proposed schedule for the filing of motions, and

    (3)    certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

        (a) with a view of establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation; and

        (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate.  To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.  The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| JANET S. HOEFS, | ) | |
| | ) | |
| Plaintiff, | ) | 04-CV-30015-KPN |
| | ) | |
| v. | ) | |
| | ) | |
| CACV OF COLORADO, LLC, | ) | |
| J.A. CAMBECE LAW OFFICE, P.C., and | ) | |
| J. ANTHONY CAMBECE, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S EMERGENCY MOTION TO POSTPONE SUBMISSION OF**
**HER SETTLEMENT PROPOSALS TO THE DEFENDANTS**

Plaintiff, Janet S. Hoefs, respectfully requests on an emergency basis that the

Court (a) postpone its requirement that she make a settlement proposal to the defendants and (b)

order the Cambece defendants to disclose their insurance information within 72 hours.

In support thereof, plaintiff states:

1.     On April 6, 2004, this Court ordered an initial scheduling conference to be

held on May 13, 2004 at 10:00 a.m. Massachusetts Local Rule 16.1(c) provides that the plaintiff

submit written settlement proposals to all defendants 10 days prior to the scheduling conference.

2.     Counsel for J. A. Cambece Law Office, P.C. and J. Anthony Cambece has

informed plaintiff's counsel that:

       a.     These defendants have insurance policies applicable to this claim;

       b.     These defendants have not notified the carriers;

       c.     These defendants do not intend to notify their carriers.

1

3.      The conduct of settlement negotiations prior to giving notice to an insurance carrier may create a policy defense and materially injure the rights of plaintiff and the proposed class.

4.      The Court should order the Cambece defendants to disclose their insurance information forthwith so plaintiff can provide notice.


Respectfully submitted,


Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Mass. BBO No. 629056

Daniel A. Edelman
Heather Piccirilli
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## RULE 7.1 CERTIFICATION

     I hereby certify that I have conferred in good faith with counsel for CACV of Colorado, LLC, J.A. Cambece Law Office, P.C. and J. Anthony Cambece regarding the issues raised in this Motion and the parties were unable to reach an accord.


Christopher M. Lefebvre

I:\casc\cacv-hocfs\10.157\pleading\mtn to post settlmt.wpd

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## SPRINGFIELD DIVISION

JANET S. HOEFS,                          )
                                         )
              Plaintiff,       )          04-CV-30015-KPN
                                         )
      v.                          )
                                         )
CACV OF COLORADO, LLC,                   )
J.A. CAMBECE LAW OFFICE, P.C., and       )
J. ANTHONY CAMBECE,                      )
                                         )
              Defendants.      )

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a copy of the attached document on this 29th day of April, 2004 to the following:

Evan T. Lawson, Esq.
Nicole L. Johnson, Esq.
LAWSON & WEITZEN, LLP,
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

David C. Crossley, Esq.
J.A. Cambece Law Office, PC
8 Bourbon Street
Peabody, MA 01960

Maria H. Tabares

3