# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS, | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 04-30015-KPN |
| | ) |
| CACV of COLORADO, LLC, | ) |
| J.A. CAMBECE LAW OFFICE, P.C., and | ) |
| J. ANTHONY CAMBECE, | ) |
|        Defendants. | ) |

**DEFENDANT, CACV of Colorado, LLC's MOTION
FOR AN ORDER TO COMPEL ARBITRATION**

      The defendant, CACV of Colorado, LLC (CACV) respectfully requests that the Court enter an order to compel the plaintiff, Janet S. Hoefs (Hoefs), to submit to arbitration pursuant to the terms of her Card Member Agreement (Agreement), which is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§1-16 et seq.  In support of this request, CACV submits to the Court that Hoefs failed to comply with the arbitration provision of the Agreement, which states that arbitration is the exclusive remedy for disputes arising from the Agreement.

      Hoefs failed to pay her credit card debt, which she accrued in the amount of $12,840.54, and the debt became delinquent.  In her complaint, Hoefs alleges that, based on defendant

Cambece's attempt to collect Hoef's defaulted debt, the defendants violated the Fair Debt Collections Practices Act (15 U.S.C. §1692 et seq.) and Massachusetts Consumer Protection Act (M.G.L. c. 93A). In support of these allegations, Hoefs attaches a copy of the letter sent by J.A. Cambece Law Office, P.C. regarding her delinquent credit card debt. However, Hoefs fails to acknowledge that her relationship with respect to her credit card debt is governed by the terms of the Agreement between the parties.

During its effective term, the Agreement between the parties was amended to provide for arbitral resolution of all claims arising therefrom, including statutory claims. Specifically, in 1999 the Agreement was amended to include an Arbitration Clause, providing Hoefs with the opportunity to opt-out of the amendment by January 25, 2000. Hoefs did not opt-out of the Agreement amendments, and as such, they were incorporated into the Agreement and govern the present dispute. Specifically, on page 3 of the "Important Amendments to your Credit Card Agreement", in bold print, it states:

"**As provided in your Credit Card Agreement and under Delaware law, we are amending the Credit Card Agreement to include an Arbitration Section. Please read it carefully because it will affect your right to go to court, including any right you may have to a jury trial. Instead, you (and we) will have to arbitrate claims. You may choose not to be subject to this Arbitration Section by following the instructions at the end of this notice. This Arbitration Section will become effective on February 1, 2000. The Arbitration Section reads:**

**Arbitration**: Any claim or dispute ("Claim") by either you or us against the other, or against employees, agents or assigns of the other, arising from or relating in any way to this Agreement of any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory relief), including Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding Arbitration.

…

No Claim submitted to arbitration is heard by a jury and no Claim may be brought as a

class action or as a private attorney general.  You do not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim.  This Arbitration Section applies to all Claims now in existence or that may arise in the future." (Attached as EXHIBIT A)

It is clear from the language of the Agreement that filing suit against CACV and making a motion for class certification is not a remedy provided for in the Agreement. For these reasons, CACV respectfully requests that the Court:

1. Enter an order staying or dismissing the plaintiff's action pursuant to 9 U.S.C. § 3.

2. Enter an order compelling arbitration pursuant to 9 U.S.C. § 4.

3. Enter an order awarding CACV attorneys fees with respect to the defense of this improperly filed action.

4. Any other relief that the Court deems fair and just.

CACV, LTD.
By its attorneys,

  /s/ Evan T. Lawson
Evan T. Lawson (BBO# 289280)
Nicole L. Johnson (BBO# 654719)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990