# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS, )<br><br>Plaintiff, )<br><br>v. )<br><br>CACV of COLORADO, LLC, )<br>J.A. CAMBECE LAW OFFICE, P.C., and )<br>J. ANTHONY CAMBECE, )<br><br>Defendants. )<br> | CASE NO. 04-30015-KPN |

---

**MEMORANDUM IN SUPPORT OF
CACV's MOTION TO COMPEL ARBITRATION**

---

The defendant, CACV of Colorado, LLC (CACV) moves that the Court enter an order to compel the plaintiff, Janet S. Hoefs (Hoefs), to submit to arbitration pursuant to the terms of her Card Member Agreement (Agreement), which is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§1-16 et seq.  In support of this request, CACV submits the following:

    1.      There is a valid, written Arbitration Provision[1] within the Agreement between the parties; and

    2.      The present claims of the plaintiff fall within the scope of the Agreement.

---

1 Attached as EXHIBIT A.

## ARGUMENT

### I.  This Court Has Proper Jurisdiction to Compel Arbitration.

The Federal Arbitration Act grants a district court the power to compel parties to an arbitration agreement to arbitrate according to the terms of the agreement.  *Richard C. Young & CO., Ltd. v. Leventhal*, 298 F.Supp.2d 160, 174 (D.Mass. 2003).  In the present case, the arbitration agreement contains a forum selection clause, which provides, "Any arbitration hearing at which you appear will take place within the federal judicial district that includes your billing address at the time the Claim is filed."  See EXHIBIT A.  As indicated by the complaint and its attachment, the plaintiff, Hoefs, resides in Massachusetts, and her billing address is 15 Rice Drive in Wilbraham, Massachusetts.  As a district court in the agreement's specified forum, this Court has jurisdiction to compel arbitration pursuant to 9 U.S.C. § 4.  *St. Paul Fire & Marine Ins. Co.*, 270 F.3d 621, 624 (8th Cir. 2001).

### II.  The Parties Agreed in Writing to Resolve Claims and Disputes by Arbitration Under the Federal Arbitration Act.

Congress enacted the FAA in 1925 to place arbitration agreements "upon the same footing as other contracts" and to render them "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 288- 89, 122 S.Ct. 754 (2002); see *Dean Witter Reynolds, Inc. v. Iverson*, 913 F.Supp. 47, 48-49 (D.Mass. 1996).  In this case, the relationship of the parties is governed by a Card Member Agreement, which is an agreement involving transactions within the commerce scope of the Federal Arbitration Act.  9 U.S.C. §2; see also *Bowlby v. Carter Mfg.*

*Corp.*, 138 F.Supp.2d 182 (D.Mass. 2001).  During the term of the Agreement in 1999, the

Agreement was amended to include an Arbitration Provision, which provides that all claims

arising from the Agreement be resolved by arbitration, including statutory claims and the

applicability of the Arbitration Provision *per se*.  See EXHIBIT A.  The amendment provided

Hoefs with the opportunity to opt-out of the Arbitration Provision January 25, 2000, but she did

not elect to do so.  Accordingly, the Arbitration Provision was incorporated into the Agreement

and became effective on February 1, 2000.  The Arbitration Section reads:

> "**Arbitration**:  Any claim or dispute ("Claim") by either you or us against the other, or
> against employees, agents or assigns of the other, arising from or relating in any way to this
> Agreement of any prior Agreement or your account (whether under a statute, in contract, tort, or
> otherwise and whether for money damages, penalties or declaratory relief), including Claims
> regarding the applicability of this Arbitration Section or the validity of the entire Agreement or
> any prior Agreement, shall be resolved by binding Arbitration.
> …
> No Claim submitted to arbitration is heard by a jury and no Claim may be brought as a
> class action or as a private attorney general.  You do not have the right to act as a class
> representative or participate as a member of a class of claimants with respect to any Claim.  This
> Arbitration Section applies to all Claims now in existence or that may arise in the future."  (See
> EXHIBIT A)

When a Court interprets provisions in an agreement covered by the FAA, substantial

regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of

the arbitration clause itself must be resolved in favor of arbitration.  *Moses H. Cone Memorial*

*Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927 (1983); see also *Commercial*

*Union Ins. Co. v. Gilbane Bldg. Co.*, 992 F.2d 386 (1st Cir. 1993).  Further, to facilitate

arbitration agreements, the FAA provides that when a federal court reviews an issue that is

subject to an arbitration agreement, the court shall, on the motion of one of the parties, stay its

proceedings until "arbitration has been had in accordance with the terms of the agreement." See 9

U.S.C. § 3.

III.  **The Plaintiff's Claims are Subject to the Arbitration Provision.**

The Plaintiff, Hoefs, failed to pay her credit card bill, causing her $12,820.54 debt to become delinquent.  In her complaint, Hoefs alleges that, based on defendant Cambece's attempt to collect Hoefs' defaulted debt, the defendants violated the Fair Debt Collections Practices Act (FDCPA, 15 U.S.C. §1692 et seq.) and Massachusetts Consumer Protection Act (M.G.L. c. 93A).

It is well established that parties can agree to submit to arbitration statutory rights as well as those arising at common law unless the right is one of character inappropriate for enforcement by arbitration.  *U.S. for Use and Benefit of Industrial Engineering & Metal Fabricators, Inc. v. Eric Elevator Corp.*, 214 F.Supp. 947 (D.Mass. 1963).  In this case, the Arbitration Provision provides a neutral forum in which Hoefs' rights under the FDCPA and M.G.L. c. 93A can be addressed.  See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346 (1985).  "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum."  Id. at 628.

Specifically, with respect to Hoefs' FDCPA claim, the Arbitration Provision in no way limits the plaintiff's substantive rights or remedies under the statute.  See *In re Taylor*, 260 B.R. 548, 560 (Bkrtcy.M.D.Fla. 2000) ("The arbitration clause in the instant case does not limit Plaintiffs' substantive rights under the Federal Fair Debt Collection Practices Act or any other statute. The arbitration clause does not limit the damages or forms of remedy otherwise available

to Plaintiffs in a court of law. The arbitration clause is perfectly neutral as between the rights and responsibilities of the parties. It only functions to transfer the venue of any dispute to arbitration").

Moreover, it is clear that Hoefs' claims under M.G.L. c. 93A can be appropriately submitted to arbitration as well. See *Mitsubishi*, 437 U.S. at 628. The United States Supreme Court has made it clear that claims involving state statutes shall be arbitrated under the FAA, and the enforceability of an arbitration clause cannot be precluded by state law.[2] *Southland Corp. v. Keating.* 465 U.S. 1, 12 (1984); see also *Martin v. Norwood*, 395 Mass. 159, 161-162, 478 N.E.2d 955 (1985). The Court explicitly held that state statutes that limit the enforcement of arbitration agreements are preempted by the Federal Arbitration Act. See *Volt Information Sciences v. Board of Trustees of Leland Stanford Jr. Univ.,* 489 U.S. 468, 477 (1989).

In this case, the Arbitration Provision provides exactly the type of neutral, alternative dispute forum that Congress intended to encourage by enacting the FAA, and because the FAA applies to state and federal statutes, Hoefs' FDCPA and M.G.L. c. 93A claims should be arbitrated. See *In re Taylor*, 260 B.R. at 560; *Loche v. Dean Witter Reynolds, Inc.,* 26 Mass.App.Ct. 296, 300-301 (1988). It is clear from the language of the Arbitration Provision that Hoefs' claims must be submitted to arbitration. Accordingly, CACV respectfully supports its motion to compel arbitration and requests that the Court stay or dismiss the plaintiff's action pursuant to 9 U.S.C. § 3 and compel arbitration pursuant to 9 U.S.C. § 4.

---

2 CACV acknowledges the holding in *Hannon v. Original Gunite Aquatech Pools, Inc.*, that a consumer under § 9 of M.G.L. c. 93A could not be compelled to arbitrate even when he was a party to an arbitration agreement. 385 Mass. 813, 434 N.E.2d 611 (1982). However, in *Hannon,* the FAA was not involved; rather, the Supreme Judicial Court was dealing with the Massachusetts arbitration statute found in M.G.L. c. 251.

Respectfully submitted,

CACV, LTD.
By its attorneys,


  /s/ Evan T. Lawson
Evan T. Lawson (BBO# 289280)
Nicole L. Johnson (BBO# 654719)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990


### LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have conferred in good faith with counsel for the plaintiff, Janet S. Hoefs, and J.A. Cambece Law Office, P.C. and J. Anthony Cambece regarding the issues raised this motion and the parties were unable to reach an accord.


  /s/ Evan T. Lawson
Evan T. Lawson