UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

CASE NO: 04-30015-MAP

| | |
|---|---|
| JANET S. HOEFS, | / |
| Plaintiff, | / |
| v. | / |
| CACV OF COLORADO, LLC, et al., | / |
| Defendants. | / |

MOTION TO COMPEL ARBITRATION AND TO DISMISS PLAINTIFF'S
PUTATIVE CLASS ACTION AMENDED COMPLAINT IN ITS ENTIRETY

INTRODUCTION

Defendants, J. A. Cambece Law Office, P.C. (Cambece, P.C.), and J. Anthony Cambece (Cambece) (Cambece and Cambece, P.C. shall hereinafter collectively be referred to as Defendants) move the Court to dismiss the Plaintiff's complaint and to issue an Order compelling the Plaintiff, Janet S. Hoefs (Hoefs) to bring all claims set forth in her Amended Complaint to binding arbitration before the National Arbitration Forum (NAF).  The requirement to arbitrate disputes between the parties is set forth in a provision contained in an amendment to the credit card member agreement between Hoefs and her original creditor, Maryland National Bank (MBNA).  The arbitration provision states that arbitration before the NAF is the exclusive remedy for disputes arising from the Agreement.

MOTION TO COMPEL ARBITRATION AND TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT

Through the instant action the Plaintiff brings claims, on behalf of a purported class, against the Defendants for alleged violations of 15 U.S.C. section 1692 et seq., the Fair Debt Collection Practices Act (FDCPA), as well as a bootstrap claim brought pursuant to M.G.L. c. 93A, Massachusetts Consumer Protection Act (93A).

The Plaintiff alleges that her claims arise from the Defendants' violations of the FDCPA and 93A, specifically with regard to the Defendants' attempt to collect a valid debt that she owes. Plaintiff owed said debt to her original creditor, Maryland National bank (MBNA), however co-defendant[1] CACV of Colorado, LLC, presently owns Hoefs' MBNA credit card account. The proper forum for resolving the dispute between the Plaintiff and the Defendants is by and through an arbitration proceeding before the NAF because the Plaintiff contractually agreed to resolve her dispute with the Defendants through arbitration before the NAF.

At the May 13, 2004 hearing before the Court, counsel for the Plaintiff made it clear that the Plaintiff intends to contest any motion to compel arbitration filed in this matter, based on the Plaintiff's belief that MBNA did not provide her with notice of the amendment to her credit card member agreement. The Defendants to this action will establish, following limited discovery, that MBNA provided the Plaintiff with adequate notice of the amendment to her card member agreement. The amendment provides that the Plaintiff's exclusive remedy for all disputes is through mandatory and binding arbitration before the NAF.

---

[1]    And the Defendants' client.

All parties to this action have agreed that limited discovery needs to be conducted with regard to the issue of the notice of amendment and agreement to arbitrate. Limited discovery must be conducted before the Court can properly take into consideration the Defendants' motion to dismiss and compel arbitration.

However, assuming arguendo, that the Defendants establish that MBNA provided the Plaintiff with adequate notice of an amendment, which amendment provides that the Plaintiff's exclusive remedy for all disputes is by and through arbitration before the NAF, the Plaintiff then apparently intends to challenge the enforceability of the arbitration clause based on general contract defense grounds. Since limited discovery needs to be conducted before the Defendants can properly brief (1) the issue of the Plaintiff receiving notice of the amendment, and (2) the enforceability of the arbitration provision as measured against general contract defenses which the plaintiff may raise in the future, the Defendants will address the Court's lack of subject matter jurisdiction over the instant lawsuit.

The Defendants move the Court to dismiss the Plaintiff's complaint and to issue an Order compelling Hoefs to bring all claims set forth in her Amended Complaint to binding arbitration before the NAF. In support of their requests the Defendants provide the following reasons.

MEMORANDUM OF LAW IN SUPPORT OF THIS MOTION

The Court Lacks Subject Matter Jurisdiction Over The Instant Lawsuit

The Court does not have subject matter jurisdiction over the instant lawsuit because the Plaintiff's card member agreement with MBNA requires the parties to this lawsuit to arbitrate their dispute before the NAF. The Federal Arbitration Act manifests the " 'liberal federal policy favoring arbitration agreements.'" (Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991)). When a party enters into a contract requiring arbitration, a party "[h]aving made the bargain to arbitrate, … should be held to it unless Congress itself has evidenced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." (Mitsubishi Motors Corp., v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 627-28 (1985)). The Court lacks subject matter over the instant lawsuit because the Plaintiff agreed to arbitrate her present claims against the Defendants before the NAF.

In keeping with Congress' intention, that parties who agree to arbitrate should be held to that bargain, the FAA grants a District Court the power to compel parties to arbitrate according to the terms of the agreement to arbitrate. (See, Richard C. Young & Co., Ltd. v. Leventhal, 298 F.Supp.2d 160, 174 (D.Mass. 2003)). Furthermore, the FAA mandates that when a federal court reviews an issue, which is subject to an arbitration agreement, that upon motion of one of the parties the court shall stay its proceedings until arbitration has occurred pursuant to the agreement to arbitrate. (See, 9 U.S.C. section 3). The Court lacks subject matter over the instant lawsuit because the Plaintiff's exclusive

remedy for resolving her claims against the Defendants is through arbitration before the NAF.

Delaware Law Applies To An Analysis Of The Enforceability Of The Arbitration Clause In Question

If the Plaintiff challenges the enforceability of the arbitration clause based on general contract defense grounds, the law of the state of Delaware controls the inquiry. In the event that a party challenges the enforceability of an arbitration clause subject to the FAA, on general contract grounds, such as fraud, duress, or unconscionability, state law controls the inquiry. (See, 9 U.S.C. section 2). The arbitration clause in question is subject to the FAA (as discussed later herein), and the appropriate law to apply to any inquiry of general contract defenses is the law of the state of Delaware. Delaware law should apply in this case because Hoefs contractually agreed, with MBNA, to apply Delaware law to any disputes arising between the parties to this action.

Hoefs' credit card member agreement with MBNA provides a choice of law provision that provides, in relevant part:

"Governing Law

This Agreement is made in Delaware. It is governed by the laws of the State of Delaware and by any applicable federal laws."

(Hoefs' credit card member agreement).

Hoefs does not deny applying for, or receiving her MBNA credit card. Nor, does Hoefs deny receiving a copy of her MBNA credit card member agreement. Hoefs could have objected to the choice of law provision providing that Delaware law applied to the Agreement, but she did not. Rather, Hoefs used her MBNA card and charged over

$12,000.00 worth of goods and services to her MBNA credit card, which debt remains unpaid to date. Since Hoefs agreed to all of the provisions contained in the card member agreement, including the choice of law provision, the law of the state of Delaware should control any inquiry into the issue of general contract defenses.

One recent case, in which the U.S. District Court applied Delaware law to its analysis of the enforceability of an agreement to arbitrate contained within an employment agreement, resulted in the court dismissing the plaintiff's complaint because the court found that the plaintiff's federal and state law claims were subject to arbitration. (See, Thornburg v. Pak 2000, Inc., 2004 WL 234650 (D.Del.)). Hoefs' situation is analogous to the plaintiff/employee's situation in Thornburg and Hoefs must arbitrate her federal and state law claims before the NAF because she agreed to do so when she received MBNA's amendment to her card member agreement, and she failed to opt-out of the agreement to arbitrate.

Hoefs' Credit Card Member Agreement Was Amended By MBNA

Hoefs' card member agreement provides, inter alia, that the agreement can be amended by written notice of the amendment sent from MBNA to Hoefs. In relevant part, Hoefs' credit-card member agreement with MBNA provides:

"Amendments

We may amend this Agreement by complying with the applicable notification requirements of federal law and the laws of the State of Delaware, as amended… If you [1] write to us at the address and by the date stated in the notice and reject the amendment, and (2) your account is not used after a date specified in our notice."

(Hoefs' credit card member agreement).

MBNA amended Hoefs' credit card member agreement when MBNA sent written notice and the amendment regarding arbitration to Hoefs.  The amendment sent by MBNA and received by Hoefs states that the arbitration clause in question is subject to the FAA, and it also provides for resolution of all claims arising under the Agreement through mandatory and binding arbitration before the NAF.  Additionally, the amendment provides Hoefs with the opportunity to opt-out of the amendment until January 25, 2000; which Hoefs did not do.  The amendment was thereafter incorporated into Hoefs' card member agreement with MBNA.  The amendment provision pertaining to arbitration of all disputes before the NAF provides for, inter alia, the following:

"Arbitration: Any claim or dispute ("claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration.

The arbitration shall be conducted by the National Arbitration Forum ("NAF"), under the Code of Procedure in effect at the time the Claim is filed.  Rules and forms of the National Arbitration Forum may be obtained and Claims may be filed at any National Arbitration Forum office, [www.arb-forum.com](www.arb-forum.com), or P.O. Box 50191, Minneapolis, Minnesota 55405, telephone 1-800-474-2371…

Any arbitration hearing at which you appear will take place within the federal judicial district that includes your billing address at the time the Claim is filed.  This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. sections 1-16 ("FAA").  Judgment upon any arbitration award may be entered in any court having jurisdiction…

No Claim submitted to arbitration is heard by a jury and no Claim may be brought as a class action or as a private attorney general.  You do not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim.  This Arbitration Section applies to all Claims now in existence or that may arise in the future.

  This Arbitration Section shall survive the termination of your account with us as well as any voluntary payment of the debt in full by you, any bankruptcy by you or sale of the debt by us.

  **For the purposes of this Arbitration Section, "we" and "us" means MBNA America Bank, N.A., its parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any purchaser of your account, and all of their officers, directors, employees, agents and assigns or any and all of them.** Additionally, "we" or "us" shall mean any third party providing benefits, services, or products in connection with the account (including but not limited to credit bureaus, merchants that accept any credit device issued under the account, rewards or enrollment services, credit insurance companies, **debt collectors and all of their officers, directors**, employees and agents) if, and only if, such third party is named by you as a co-defendant in any claim you assert against us. Also, for the purposes of this Arbitration Section, "you" or "yours" shall mean any person or entity approved by us to use the Account, including but not limited to all persons or entities contractually obligated on the Account and all authorized users of the account.

  If any part of this Arbitration Section is found to be invalid or unenforceable under any law or statute consistent with the FAA, the remainder of this Arbitration Section shall be enforceable without regard to such invalidity or unenforceability.

THE RESULT OF THIS ARBITRATION AGREEMENT IS THAT, EXCEPT AS PROVIDED ABOVE, CLAIMS CAN NOT BE LITIGATED IN COURT, INCLUDING SOME CLAIMS THAT COULD HAVE BEEN TRIED BEFORE A JURY, AS CLASS ACTIONS OR AS PRIVATE ATTORNEY GENERAL ACTIONS."

(Amendment to Hoefs' MBNA credit card member agreement, attached hereto as Exhibit A (emphasis added)).

  The Defendants are confident that, following limited discovery, they will establish clearly that (1) Hoefs received notice of the amendment to her card member agreement from MBNA, and that (2) she must therefore submit all the claims set forth in her Amended Complaint to arbitration before the NAF, not this Court, because the agreement to arbitrate is subject to the FAA.

The Arbitration Clause in Question Is Subject To The FAA

The arbitration provision in question is subject to the Federal Arbitration Act, 9 U.S.C. sections 1-16, because the amendment to Hoefs' MBNA credit card member agreement clearly provides that the provision is made pursuant to a transaction involving interstate commerce, and that the agreement is to be governed by the Federal Arbitration Act, 9 U.S.C. sections 1-16.  Specifically, the provision states "[a]ny arbitration hearing at which you appear will take place within the federal judicial district that includes your billing address at the time the Claim is filed.  **This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. sections 1-16 ("FAA").**"  (Exhibit A (emphasis added)).

In 1925 Congress enacted the FAA in order to (a) encourage the inclusion of arbitration clauses in contracts, such as the arbitration clause in question here, and (b) encourage enforcement of the arbitration clauses by courts.  (See, Allied-Bruce Terminix Co., Inc. v. Dobson,  513 U.S. 265 at 270 (holding that the basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate)).  The Federal Arbitration Act (FAA) manifests the " 'liberal federal policy favoring arbitration agreements.'"  (Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991).  The language quoted in the paragraph next above is contained in Hoefs' agreement to arbitrate before the NAF, and clearly establishes that the arbitration provision in question is subject to the FAA.

<u>The Agreement To Arbitrate Extends To The Defendants, J. A. Cambece Law Office, P.C., and J. Anthony Cambece</u>

By failing to opt-out of the amendment to her MBNA card member agreement the Plaintiff agreed that her exclusive remedy for her present claims is to arbitrate those claims before the NAF.  The agreement to arbitrate before the NAF extends its application to the Defendants, J. A. Cambece Law Office, P.C. and J. Anthony Cambece because said Defendants fall within the scope of the agreement's definition of whom the agreement applies to.  Specifically the arbitration agreement states:

> "**For the purposes of this Arbitration Section, "we" and "us" means MBNA America Bank, N.A., its parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any purchaser of your account, and all of their officers, directors, employees, agents and assigns or any and all of them.  Additionally, "we" or "us" shall mean any third party providing benefits, services,** or products in connection with the account (including but not limited to credit bureaus, merchants that accept any credit device issued under the account, rewards or enrollment services, credit insurance companies, **debt collectors and all of their officers, directors** …"

The Defendants to this action are subject to the Plaintiff's FDCPA claims because attorneys have not been excluded from the FDCPA's definition of debt collectors.  (See, the definitions section of the FDCPA, 15 U.S.C. section 1692(a)(6)).  The arbitration agreement's definition of "we" or "us" clearly includes any assigns of MBNA, which in the instant case is the Defendants' client, CACV of Colorado, LLC.  The agreement's definition of "we" or "us" also includes "any third party providing benefits [or] services … including but not limited to … debt collectors and all of their officers, directors employees and agents.

The agreement to arbitrate before the NAF extends its application to the Defendants, J. A. Cambece Law Office, P.C. and J. Anthony Cambece because said

Defendants fall within the scope of the agreement's definition of whom the agreement applies to.  Accordingly, the Defendants request that the Court:

    1.    Issue an Order dismissing or staying the action pursuant to 9 U.S.C. section 3;

    2.    Issue an Order compelling arbitration of the Plaintiff's claims before the NAF pursuant to 9 U.S.C. section 4;

    3.    Issue an Order awarding Defendants their attorney's fees and costs with respect to this matter; and

    4.    Grant such further relief that the Court deems equitable or just.

Respectfully submitted,
J. A. Cambece Law Office, P.C. and
J. Anthony Cambece
By their counsel,


   **/s/ David C. Crossley**
David C. Crossley (648197)
Law Office of David C. Crossley, P.C.
WEA # 47, 1 Dubeau Cir.
Campton, NH 03223
Phone & Fax (603) 726-8111