## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANET S. HOEFS, | ) | |
| | ) | |
| Plaintiff, | ) | 04-CV-30015-MAP |
| | ) | |
| v. | ) | |
| | ) | |
| CACV OF COLORADO, LLC, | ) | |
| J.A. CAMBECE LAW OFFICE, P.C., and | ) | |
| J. ANTHONY CAMBECE, | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO COMPEL

Plaintiff, Janet Hoefs, respectfully requests that this Court grant her motion to compel

J.A. Cambece Law Office, P.C. and J. Anthony Cambece ("Cambece defendants"), to respond to

plaintiff's discovery requests, pursuant to Fed. R. Civ. P. 37. In support thereof, plaintiff states:

1.    On May 24, 2004 plaintiff propounded discovery on the Cambece

defendants. (Exhibit A) Their responses to discovery were due on or about June 23, 2004.

2.    On July 6, 2004, plaintiff's counsel called counsel for the Cambece

defendants regarding the discovery responses. The parties verbally agreed to an extension until July

9, 2004.

3.    On July 14, 2004, plaintiff's counsel sent a letter via facsimile to counsel

for the Cambece defendants requesting the Cambece defendants to respond to plaintiff's discovery

requests. (Exhibit B)

4.    To date, plaintiff's counsel has neither received the Cambece defendants'

responses to plaintiff's discovery nor a request for a further extension.

1

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANET S. HOEFS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 04-CV-30015-MAP |
| v. | ) | |
| | ) | |
| CACV OF COLORADO, LLC, | ) | |
| J.A. CAMBECE LAW OFFICE, P.C., and | ) | |
| J. ANTHONY CAMBECE, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF JANET HOEFS' FIRST SET OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    David Crossley
       Law Office of David C. Crossley, P.C.
       WEA #47, 1 Dubeau Cir.
       Campton, NH 03223

       Evan T. Lawson
       Nicole L. Johnson
       LAWSON & WEITZEN, LLP
       88 Black Falcon Avenue, Suite 345
       Boston, MA 02210

PLEASE TAKE NOTICE that you are hereby notified and required to answer separately the following interrogatories and document requests fully, in writing, and under oath, and to serve your answers to Plaintiff herein, through her attorney of record, Heather Piccirilli, **within thirty (30) days** from service hereof in accordance with the provisions of Rule 33, et seq., of the Federal Rules of Civil Procedure.

1

You are further placed on notice that these interrogatories and document requests are deemed continuing interrogatories and document requests, requiring supplemental answers thereto in the event relevant information which would require amendment or supplementation of the answers to these interrogatories and document requests in order that they would be properly and truthfully answered, is discovered, acquired by, or becomes known to you.

## INSTRUCTIONS

In answering these interrogatories and document requests, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is known of your own personal knowledge.

If you cannot answer any of the following interrogatories and document requests in full, after exercising due diligence to secure information to do so, please so state, and answer to the extent possible, specifying all reasons why you are unable or unwilling to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and what efforts you made to secure information sufficient to allow you to answer fully the particular interrogatory.

Although one or more of the following interrogatories and document requests may not appear to be applicable to or directed to you, please answer each and every one of them to the extent that you are able to provide any response thereto whether such response consists of matters within your own knowledge or what you have heard or understood from others.

2

However, for every answer in which you include information heard, received, or understood from others, please provide the name, any known address, and any known phone number of the person from whom you so heard, received information, or obtained such understanding. And, in every such instance please state that you do not know such of your own personal knowledge, identifying particularly the information not known of your own personal knowledge. Further, these interrogatories and document requests contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

**Unless otherwise stated, each interrogatory pertains to the time period beginning January 1, 1999, through the present date. Thus, the interrogatories and document requests should be fully answered as they pertain to information or occurrences within that time frame.**

## DEFINITIONS

1.    **"You"** includes you personally, your company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense.

2.    **"Document(s)"** shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed

3

upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term **"documents"** shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each **"document"** responsive to any request withheld from production by you on the ground of any privilege, please identify:

        (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

        (b)    the author or sender of the document;

        (c)    the recipient of the document;

        (d)    the date the document was authored, sent, and/or received; and

        (e)    the reason such document is allegedly privileged.

3.    **"Identify"** means that you should list any and all names, legal, trade or assumed, all addresses used, all telephone numbers used, all tele-fax numbers used, and, if applicable, brand, employer's name, address, phone number and the employer's relationship to any and all

4

Defendants in the above captioned action.

    4.      "**Person**" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

    5.      "**Explain**" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

    6.      "**Describe**" means to represent or give an account of in words.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify any and all persons who have personal knowledge of the mailing of the arbitration agreement. (Attached as Exhibit A)

### INTERROGATORY NO. 2:

Identify any and all persons who have personal knowledge of the mailing of the arbitration agreement attached as Exhibit A to plaintiff, Janet Hoefs.

### INTERROGATORY NO.3:

Identify the person(s) most knowledgeable about Janet Hoefs' MBNA account.

### INTERROGATORY NO. 4:

State when and how Exhibit A was mailed, transmitted or otherwise delivered to plaintiff, Janet Hoefs.

### INTERROGATORY NO. 5:

Identify all individuals who have personal knowledge regarding the policies and procedures established to notify consumers of changes to their credit cardholder agreements and

the substance of their knowledge and whether such changes were made by MBNA at different times for different types of cards and/or for cards that are not current.

**INTERROGATORY NO. 6:**

Describe the policies and procedures established to notify consumers of changes to their credit cardholder agreements.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce the following documents:

**REQUEST FOR PRODUCTION NO. 1:**

Copies of any and all documents which relate to the purchase, sale, transfer or assignment of MBNA accounts to defendant.

**REQUEST FOR PRODUCTION NO. 2:**

Copies of any and all documentation relating to plaintiff, Janet Hoefs.

**REQUEST FOR PRODUCTION NO. 3:**

Copies of any and all documentation supporting your contention that plaintiff was sent the arbitration agreement. (Exhibit A)

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documentation supporting your contention that plaintiff signed or agreed to the arbitration agreement.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documentation showing that Exhibit A was sent out to persons who were delinquent or otherwise past due on their MBNA credit cards.

6

**REQUEST FOR PRODUCTION NO. 6:**

A copy of the original credit card application, agreement or contract between MBNA and

Janet Hoefs.

Respectfully submitted,

*Christopher M. Lefebvre* (CMR)
Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
        LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)

Edelman, Combs & Latturner, LLC
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather A. Piccirilli
120 S. LaSalle Street 18th Floor
Chicago, IL 60614
Phone: 312-739-4200

**ATTORNEYS FOR PLAINTIFF,
JANET HOEFS**

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Interrogatories and Request for

Production has been served upon defendants' counsel of record, as noted above, by sending a

copy of same via United States Mail and facsimile on this 24th day of May 2004.

Christopher M. Lefebvre

8

# EXHIBIT A

## ‡IMPORTANT AMENDMENTS
## TO YOUR CREDIT CARD AGREEMENT

These Amendments change the terms of your Credit Card Agreement. Please read this document carefully and keep it with your Credit Card Agreement. Except for these Amendments, the terms of your Credit Card Agreement continue in full force and effect.

• Please note that we have changed our address for disputes regarding the accuracy or completeness of the information we provide to a credit reporting agency. The new address is MBNA, Credit Reporting Agencies, P. O. Box 17054, Wilmington, DE 19884-7054.

• Effective April 8, 2000, your Minimum Payment will be calculated as follows: The Total Minimum Payment Due each billing cycle will be the sum of the Current Payment plus all past due amounts. The Current Payment each billing cycle will be the lesser of: 1) the sum of all Periodic Rate Finance Charges, Transaction Fees, and Account Fees (excluding Returned Cash Advance Check Fees, Copy Fees, and Abandoned Property Charges) plus $15; or 2) 2.25% of the New Balance Total. The Current Payment will never be less than $15 unless your New Balance Total is less than $15 in which case the Total Minimum Payment Due will equal the New Balance Total. If a payment is credited to your account but is returned unpaid in a later billing cycle, we will recalculate the Current Payment for the billing cycle in which the payment was originally credited.

• You consent to and authorize MBNA America, any of its affiliates, or its marketing associates to monitor and/or record any of your telephone conversations with our representatives or the representatives of any of those companies.

• As provided in your Credit Card Agreement and under Delaware law, we are amending the Credit Card Agreement to include an Arbitration Section. Please read it carefully because it will affect you right to go to court, including any right you may have to have a jury trial. Instead, you (and we) will have to arbitrate claims. You may choose not to be subject to this Arbitration Section by following the instructions at the end of this notice. This Arbitration Section will become effective on February 1, 2000. The Arbitration Section reads:

**Arbitration:** Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration.

The arbitration shall be conducted by the National Arbitration Forum ("NAF"), under the Code of Procedure in effect at the time the Claim is filed. Rules and forms of the National Arbitration Forum may be obtained and Claims may be filed at any National Arbitration Forum office, www.arb-forum.com, or P.O. Box 50191, Minneapolis, Minnesota 55405, telephone 1-800-474-2371. If the NAF is unable or unwilling to act as arbitrator, we may substitute another nationally recognized, independent arbitration organization that uses a similar code of procedure. At your written request, we will advance any arbitration filing fee, administrative and hearing fees which you are required to pay to pursue a Claim in arbitration. The arbitrator will decide who will be ultimately responsible for paying those fees. In no event will you be required to reimburse us for any arbitration filing, administrative or hearing fees in an amount greater than what your court costs would have been if the Claim had been resolved in a state court with jurisdiction. Any arbitration hearing at which you appear will take place within the federal judicial district that includes your billing address at the time the Claim is filed. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"). Judgment upon any arbitration award may be entered in any court having jurisdiction. The arbitrator shall follow existing substantive law to the extent consistent with the FAA and applicable statutes of limitations and shall honor any Claims or privilege recognized by law. If any party requests, the arbitrator shall write an opinion containing the reasons for the award.

No Claim submitted to arbitration is heard by a jury and no Claim may be brought as a class action or as a private attorney general. You will not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim. This Arbitration Section does not apply to Claims between you and us previously asserted in any lawsuits filed before the date this Arbitration Section becomes effective. However, this Arbitration Section applies to all Claims now in existence or that may arise in the future.

purposes of this Arbitration Section, "we" and "us" [...]; MBNA America Bank, N.A., its parent subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any purchaser of your account, and all of their officers, directors, employees, agents and assigns or any and all of them. Additionally, "we" or "us" shall mean any third party providing benefits, services, or products in connection with the account (including but not limited to credit bureaus, merchants that accept any credit device issued under the account, rewards or enrollment services, credit insurance companies, debt collectors and all of their officers, directors, employees and agents) if, and only if, such a third party is named by you as a co-defendant in any Claim you assert against us. Also, for the purposes of this Arbitration Section, "you" or "yours" shall mean any person or entity approved by us to use the account, including but not limited to all persons or entities contractually obligated on the account and all authorized users of the account.

If any part of this Arbitration Section is found to be invalid or unenforceable under any law or statute consistent with the FAA, the remainder of this Arbitration Section shall be enforceable without regard to such invalidity or unenforceability.

THE RESULT OF THIS ARBITRATION SECTION IS THAT, EXCEPT AS PROVIDED ABOVE, CLAIMS CANNOT BE LITIGATED IN COURT, INCLUDING SOME CLAIMS THAT COULD HAVE BEEN TRIED BEFORE A JURY, AS CLASS ACTIONS OR AS PRIVATE ATTORNEY GENERAL ACTIONS.

*If you do not wish your account to be subject to this Arbitration Section, you must write to us at MBNA America, P.O. Box 15565, Wilmington, DE 19850. Clearly print or type your name and credit card account number and state that you reject this Arbitration Section. You must give notice in writing; it is not sufficient to telephone us. Send this notice only to the address in this paragraph; do not send it with a payment. We must receive your letter at the above address by January 25, 2000 or your rejection of the Arbitration Section will not be effective.*

© 1999 MBNA America Bank, N.A.

Effective immediately, amendments will apply to your existing credit card agreement. These amendments will apply to the entire u_____ balance, including the balance existing before these amen_____ts became effective. These amendments sh all replace all provisions concerning changing the terms of your existing credit agreement and the state law(s) that govern your existin g credit card agreement. Any inconsistencies between this amendment and your existing credit card agreement shall be governed by this amendment. Please read this notice and keep it with your credit card agreement.

     **Governing Law:** Your account will be governed by the laws of the State of Delaware and by any applicable federal laws.

•     **Amendment:** We may amend your agreement by adding, deleting, or changing provisions in compliance with the applicable notification requirements of federal law and the laws of the State of Delaware. If an amendment gives you the opportunity to reject the change, and if you reject the change in the manner provided in such amendment, we may terminate your right to receive credit and may ask you to return all credit devices as a condition of your rejection. The amended agreement (including any higher rate or other higher charges or fees) will apply to the entire unpaid balance, including the balance existing before the amendment became effective. We may replace your credit card with another card at any time.

IMPORTANT AMMENDMENT: ) YOUR
CREDIT CARD AGREEMENT & DISCLOSURE STATEMENT

The following provision is effective immediately:

---

*Information Gathering and Sharing*

From time to time, we may obtain updated information about you including, for example, credit information. We may share information about you with credit reporting agencies and others, including merchants, and among companies affiliated with us. You may request that information about you not be shared among our affiliates, other than information pertaining solely to transactions or experiences between you and us (or an MBNA America affiliate), by writing us at MBNA America, P. O. Box 15342, Wilmington, DE 19850-5342. Please include your name, address, home phone number and all MBNA America account numbers.

If you believe that inaccurate or incomplete information about you or your account has been shared by us with a credit reporting agency, write to us at: MBNA America, P. O. Box 15520, Wilmington, DE 19850-5520. Please include your name, address, home phone number, and account number, and explain which information you believe is inaccurate or incomplete.

---

Over please

# EXHIBIT B



```
************ -COMM. JOURNAL- ***************** DATE JUL-14-2004 ***** TIME 16:29 ********

    MODE = MEMORY TRANSMISSION        START=JUL-14 16:23    END=JUL-14 16:29

    FILE NO.=058

STN    COMM.   ONE-TOUCH/   STATION NAME/TEL NO.                    PAGES      DURATION
NO.            ABBR NO.

001     OK       ☎          10157#16037268111#                     002/002    00:02:07
002     OK       ☎          10157#14017286534#                     002/002    00:01:14


                                                       -ECLG LLC                -

************************************** -ECLG LLC  - ***** -    3124190379- ********
```

## LAW OFFICES
## EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle
18ᵗʰ Floor
Chicago, Illinois 60603
Phone 312/739-4200
Fax 312/419-0379

### FACSIMILE TRANSMISSION

TO:      David Crossley; Chris Lefebvre

FAX NO:  603-726-8111; 401-728-6660  6534

FROM:    Heather Piccirilli

RE:      *Hoefs v. CACV and Cambece, et al.*

FILE NO: 10157

DATE:    July 14, 2004          PAGES:    1, includes cover

                        ***

Attorney Crossley:

      I have not yet received your discovery responses. Please send them immediately so
I may have the opportunity to thoroughly review them and resolve any possible discovery
disputes with you prior to the August 3, 2004 discovery cut-off.

Sincerely,

Heather Piccirilli

### PRIVILEGED COMMUNICATION
PLEASE PHONE 312/739-4200 IF YOU DO NOT RECEIVE ALL THE PAGES. This fax may contain
confidential material or other matter protected by the attorney-client privilege. Unless you are the addressee(or are
authorized to receive this fax for the addressee), you may not copy, use or distribute it. If you receive this fax in
error, please contact the sender by telephone or fax immediately and return by U.S. Mail.

LAW OFFICES
# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle
18ᵗʰ Floor
Chicago, Illinois 60603
Phone 312/739-4200
Fax 312/419-0379

## FACSIMILE TRANSMISSION

TO:        David Crossley; Chris Lefebvre

FAX NO:    603-726-8111; 401-728-6060  *6534*

FROM:      Heather Piccirilli

RE:        *Hoefs v. CACV and Cambece, et al.*

FILE NO:   10157

DATE:      July 14, 2004                    PAGES:     1, includes cover

*** 

Attorney Crossley:

   I have not yet received your discovery responses.  Please send them immediately so I may have the opportunity to thoroughly review them and resolve any possible discovery disputes with you prior to the August 3, 2004 discovery cut-off.

Sincerely,

Heather Piccirilli

---

## PRIVILEGED COMMUNICATION
PLEASE PHONE 312/739-4200 IF YOU DO NOT RECEIVE ALL THE PAGES. This fax may contain confidential material or other matter protected by the attorney-client privilege. Unless you are the addressee(or are authorized to receive this fax for the addressee), you may not copy, use or distribute it. If you receive this fax in error, please contact the sender by telephone or fax immediately and return by U.S. Mail.