IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANET S. HOEFS, | ) | |
| | ) | |
| Plaintiff, | ) | 04-CV-30015-MAP |
| | ) | |
| v. | ) | |
| | ) | |
| CACV OF COLORADO, LLC, | ) | |
| J.A. CAMBECE LAW OFFICE, P.C., and | ) | |
| J. ANTHONY CAMBECE, | ) | |
| | ) | |
| Defendants. | ) | |

**PARTIALLY ASSENTED TO MOTION TO EXTEND TIME**

Plaintiff Janet Hoefs respectfully requests that this Court extend the deadlines previously set regarding discovery related to arbitration and briefing defendants' motions to compel arbitration and dismiss. In support thereof, plaintiff states:

1.   On May 13, 2004, this Court ordered that discovery related to arbitration be completed by August 3, 2004. Plaintiff is to file her response to defendants' motions to compel arbitration on September 3, 2004 and defendants replies are due September 17, 2004.

2.   On July 8, 2004, plaintiff noticed up a subpoena for the deposition of Stephen Fox of MBNA America Bank, N.A. (Exhibit A) Mr. Fox submitted an affidavit that was attached to CACV's discovery responses attesting to knowledge regarding the assignment of the MBNA account to CACV. (Exhibit B) Mr. Fox's deposition was rescheduled for July 28, 2004. (Exhibit C) CACV also noticed up Janet Hoefs' deposition for the same day.

3.   On July 28, 2004, MBNA contacted plaintiff's counsel and informed them that Mr. Fox was an improper deponent and requested additional time to produce documents and to

1

make a knowledgeable deponent available. The parties have also agreed to conduct Ms. Hoefs' deposition on the same day the MBNA deposition occurs.

4. MBNA is not a party to the litigation but both plaintiff and defendants rely on the information it will provide regarding the alleged arbitration clause in Ms. Hoefs' MBNA credit card.

5. Plaintiff requests an additional 30 day extension on discovery and briefing schedules on the issue of arbitration only. Therefore, discovery would end on September 3, 2004, plaintiff's response is due on October 4, 2004 and defendants' replies are due on October 18, 2004.

6. This motion is not filed for purposes of delay and will not prejudice any party.

7. Plaintiff's counsel has conferred with defendants' counsel, in accord with Local Rule 7.1, and CACV has assented to this motion. Plaintiff's counsel has attempted to confer with counsel for the Cambece defendants but he was unavailable for consult.

WHEREFORE, plaintiff respectfully requests that this Court extend time for discovery on the issue of arbitration until September 3, 2004 and extend the briefing schedule on the motions to compel arbitration with plaintiff's response due on October 4, 2004 and defendants' replies due on October 18, 2004.

Respectfully submitted,

Christopher Lefebvre (HAP)
Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
    LEFEBVRE & SONS
Two Dexter Street
Pawtucket, RI 02860

2

(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

Daniel A. Edelman
Heather Piccirilli
EDELMAN, COMBS,
      LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Heather Piccirilli, hereby certify that on July 28, 2004, I caused a copy of the foregoing document to be served by United States mail and fax upon the parties listed below.

David Crossley
Law Office of David C. Crossley, P.C.
WEA #47, 1 Dubeau Cir.
Campton, NH 03223

Evan Lawson
Kathryn E. Pieczarka
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

_/s/ Heather Piccirilli_
Heather Piccirilli

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### DISTRICT OF DELAWARE

| JANET S. HOEFS | SUBPOENA IN A CIVIL CASE |
|---|---|
| v. | |
| CACV OF COLORADO, LLC<br>J.A. CAMBECE LAW OFFICE, P.C., and<br>J. ANTHONY CAMBECE | CASE NUMBER: 04-CV-30015-MAP<br><br>DISTRICT OF MASSACHUSETTS<br>SPRINGFIELD DIVISION |

TO:    Stephen Fox
       c/o MBNA America Bank, N.A.
       1100 N. King Street
       Wilmington, DE 19884

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: Esquire Deposition Services, 1 Commerce Center, Wilmington, DE 19801 | DATE AND TIME<br>July 19, 2004 at 10:00 a.m. |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   See attached rider

| PLACE | DATE AND TIME<br>July 19, 2004 at 10:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br>Christopher M. Lefebvre, Attorney for Plaintiff *[signature]* | Date    July 8, 2004 |
|---|---|

Issuing Officer's Name, Address, and Phone Number Law Offices of Claude Lefebvre & Sons, Two Dexter Street, Pawtucket, RI 02860, 401-728-6060

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RIDER

1) A confirmation of a rejection or acceptance of the terms of the arbitration agreement by Janet Hoefs, account number 5329011999226251.

2) Any and all copies of the arbitration agreement sent to Janet Hoefs, account number 5329011999226251.

3) A copy of the original credit card application, agreement or contract between Janet Hoefs and MBNA American Bank, N.A., account number 5329011999226251.

4) Any and all copies of documents showing that Janet Hoefs was sent the arbitration agreement, account number 5329011999226251.

5) Copies of any and all documents relating to Janet Hoefs, account number 5329011999226251.

# EXHIBIT B

STATE OF DELAWARE)
County of New Castle)    ss.    AFFIDAVIT OF ASSIGNMENT

Affiant, a Personal Banking Officer of MBNA America Bank, N.A., duly deposes that he is authorized to make the statements and representations herein. As reflected in the books and records of MBNA America Bank, N.A., there is the amount of $...... due and payable from ........... account number ............ as of the 3rd day of April, 2002.

This account has been assigned, transferred and set over unto CACV of Colorado, LLC. by MBNA America Bank, N.A. on April 3, 2002.

Further, the affiant states that to the affiant's knowledge, information and belief there are no uncredited payments, just counterclaims or offsets against the said debt. MBNA America Bank N.A. has no further interest in said debt for any purpose. Additionally, the affiant states that to the affiant's knowledge, information and belief the amendment of terms and conditions for this account was mailed by MBNA in December, 1999.

DATED April 22, 2004.

By: _____
Stephen Fox, Personal Banking Officer

Subscribed and sworn to before me, April 22, 2004

_____
Notary Public

DAWN M. PEUGH
Notary Public - State of Delaware
My Commission Expires 12/12/06

# EXHIBIT C

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court

### DISTRICT OF DELAWARE

| | |
|---|---|
| JANET S. HOEFS | **AMENDED** SUBPOENA IN A CIVIL CASE |
| V. | |
| CACV OF COLORADO, LLC<br>J.A. CAMBECE LAW OFFICE, P.C., and<br>J. ANTHONY CAMBECE | CASE NUMBER: 04-CV-30015-MAP<br><br>DISTRICT OF MASSACHUSETTS<br>SPRINGFIELD DIVISION |

TO:    Stephen Fox
c/o MBNA America Bank, N.A.
1100 N. King Street
Wilmington, DE 19884

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: Parente & Randolph, 824 Market Street, Wilmington, DE 19801 | DATE AND TIME<br>July 28, 2004 at 2:00 p.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached rider

| PLACE | DATE AND TIME<br>July 28, 2004 at 2:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br>Christopher M. Lefebvre, Attorney for Plaintiff *[signature] Christopher Lefebvre (#50)* | Date    July 20, 2004 |
|---|---|

Issuing Officer's Name, Address, and Phone Number Law Offices of Claude Lefebvre & Sons, Two Dexter Street, Pawtucket, RI 02860, 401-728-6060

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RIDER

1) A confirmation of a rejection or acceptance of the terms of the arbitration agreement by Janet Hoefs, account number 5329011999226251.

2) Any and all copies of the arbitration agreement sent to Janet Hoefs, account number 5329011999226251.

3) A copy of the original credit card application, agreement or contract between Janet Hoefs and MBNA American Bank, N.A., account number 5329011999226251.

4) Any and all copies of documents showing that Janet Hoefs was sent the arbitration agreement, account number 5329011999226251.

5) Copies of any and all documents relating to Janet Hoefs, account number 5329011999226251.