UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

JANET S. HOEFS,
        Plaintiff

v.

CACV OF COLORADO, LLC, J.A.
CAMBECE LAW OFFICE, P.C., and J.
ANTHONY CAMBECE,
        Defendants

CIVIL ACTION NO. 04-CV-30015-MAP

**OPPOSITION OF DEFENDANTS' J. ANTHONY CAMBECE AND J.A. CAMBECE LAW OFFICE, P.C. TO PLAINTIFF'S MOTION FOR SANCTIONS AND MOTION FOR LEAVE TO FILE FURTHER OPPOSITION AS NECESSARY**

Defendants, J. Anthony Cambece and J.A. Cambece Law Office, P.C. ("Cambece") oppose Plaintiff's Motion for Sanctions and, pursuant to Local Rule 7.1(B)(3), Cambece also moves for leave to submit additional papers in opposition to plaintiff's motion, as necessary, within two weeks of the date of this preliminary opposition. In support of this motion, Cambece states as follows:

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. against an alleged "debt collector" within the meaning of the Act, and its attorney, Cambece.

2. After this case was filed, Cambece retained David C. Crossley to represent it in this matter. Attorney Crossley filed a Notice of Appearance and began to take action on behalf of Cambece.

3. At some point, however, Attorney Crossley apparently stopped taking any action on behalf of Cambece. Attorney Crossley failed to serve a response to discovery requests served

by plaintiff, and he likewise failed to oppose a motion to compel responses to those requests. Even after the motion to compel was allowed, nothing was done to comply with the court's order, despite prior counsel's assurance that he would take the necessary steps to bring Cambece into compliance with Cambece's discovery obligations. When plaintiff reacted by filing the instant motion for sanctions, no response or other opposition was filed (until now). Cambece only recently learned that no opposition had been filed.

4. As a result of counsel's inaction, Cambece retained the undersigned counsel on September 29, 2004.

5. In the short time (less than 24 hours) since Cambece retained the undersigned counsel, counsel has attempted to familiarize himself with this case and its procedural background.

6. On the basis of counsel's preliminary review, it appears that the discovery requests at issue were limited to an arbitration agreement that is the subject of a motion to compel arbitration filed in this case. Cambece understands that identical discovery requests were served on defendant CACV of Colorado, LLC ("CACV"), which has responded to the discovery requests. Additionally, it is Cambece's understanding that plaintiff has obtained information concerning the arbitration agreement by means of a deposition of the original creditor, MBNA America, which assigned its rights against plaintiff to CACV.

7. It is unclear what additional information concerning the arbitration agreement Cambece would have, if any. This is particularly true given that Cambece is not alleged to have acted as an attorney debt collector on behalf of MBNA America, the original creditor, but rather its assignee, defendant CACV.

8. Cambece acknowledges that it is obligated to respond to plaintiff's discovery requests. It will do so to the best of its ability once its newly-retained counsel has had an adequate opportunity to apprise himself of the factual background and procedural posture of this case.

9. To the extent that Cambece is in noncompliance with discovery requests and this Court's order, it finds itself in these circumstances through no direct fault of its own. Attorney Crossley remains counsel of record on behalf of Cambece, but recent efforts to contact him have been unsuccessful. Cambece only recently learned of counsel's inaction and of plaintiff's motion for sanctions. Moreover, and in any event, plaintiff has not been unfairly prejudiced by Cambece's excusable failure to respond to the discovery requests because plaintiff has obtained the information requested, on information and belief, by means of a deposition of MBNA America.

WHEREFORE, Cambece requests that Plaintiff's Motion for Sanctions be denied or, alternatively, that it be granted leave to file a further opposition once newly-retained counsel's investigation of this matter is complete. Additionally, Cambece requests an additional two weeks, or until October 14, 2004, to comply with the Court's electronic order dated August 5, 2004 granting Plaintiff's Motion to Compel Discovery Responses.[1]

---

[1] According to the docket, the electronic order does not appear to set a date for compliance.

                                          Respectfully submitted,

                                          J. Anthony Cambece and
                                          J.A. Cambece Law Office, P.C.
                                          By their attorneys,

                                          /s/ Richard L. Nahigian
                                          Richard L. Nahigian
                                          BBO No. 549096
                                          Peabody & Arnold LLP
                                          30 Rowes Wharf
                                          Boston, MA  02110
                                          617.951.2100

PABOS2:RNAHIGI:598464_1

5

## LOCAL RULE 7.1 CERTIFICATE

      I, Richard L. Nahigian, certify that on September 30, 2004, I conferred with plaintiff's counsel, Heather Piccirilli, in a good faith attempt to resolve or narrow the issues presented by this motion.

                              /s/ Richard L. Nahigian
                              Richard L. Nahigian

PABOS2:RNAHIGI:598464_1