# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

JANET S. HOEFS,                              )
                                             )
                    Plaintiff,               )
                                             )        04-CV-30015-MAP
         v.                                  )
                                             )
CACV OF COLORADO, LLC,                       )
J.A. CAMBECE LAW OFFICE, P.C., and           )
J. ANTHONY CAMBECE,                          )
                                             )
                    Defendants.              )

## PLAINTIFF JANET HOEFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    David Crossley
       Law Office of David C. Crossley, P.C.
       WEA #47, 1 Dubeau Cir.
       Campton, NH 03223


       Evan T. Lawson
       Nicole L. Johnson
       LAWSON & WEITZEN, LLP
       88 Black Falcon Avenue, Suite 345
       Boston, MA 02210


         PLEASE TAKE NOTICE that you are hereby notified and required to answer

separately the following interrogatories and document requests fully, in writing, and under oath,

and to serve your answers to Plaintiff herein, through her attorney of record, Heather Piccirilli,

**within thirty (30) days** from service hereof in accordance with the provisions of Rule 33, et

seq., of the Federal Rules of Civil Procedure.

1

You are further placed on notice that these interrogatories and document requests are deemed continuing interrogatories and document requests, requiring supplemental answers thereto in the event relevant information which would require amendment or supplementation of the answers to these interrogatories and document requests in order that they would be properly and truthfully answered, is discovered, acquired by, or becomes known to you.

## **INSTRUCTIONS**

In answering these interrogatories and document requests, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is known of your own personal knowledge.

If you cannot answer any of the following interrogatories and document requests in full, after exercising due diligence to secure information to do so, please so state, and answer to the extent possible, specifying all reasons why you are unable or unwilling to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and what efforts you made to secure information sufficient to allow you to answer fully the particular interrogatory.

Although one or more of the following interrogatories and document requests may not appear to be applicable to or directed to you, please answer each and every one of them to the extent that you are able to provide any response thereto whether such response consists of matters within your own knowledge or what you have heard or understood from others.

2

However, for every answer in which you include information heard, received, or understood from others, please provide the name, any known address, and any known phone number of the person from whom you so heard, received information, or obtained such understanding. And, in every such instance please state that you do not know such of your own personal knowledge, identifying particularly the information not known of your own personal knowledge. Further, these interrogatories and document requests contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

**Unless otherwise stated, each interrogatory pertains to the time period beginning January 1, 1999, through the present date. Thus, the interrogatories and document requests should be fully answered as they pertain to information or occurrences within that time frame.**

## DEFINITIONS

1.    **"You"** includes you personally, your company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense.

2.    **"Document(s)"** shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed

3

upon it, accountants statements, accounting records of any kind, bank statements, minutes of

meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes,

catalogues, written agreements, checks, announcements, statements, receipts, returns invoices,

bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins,

magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or

receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or

non-identical (whether different from the original by reason of any notation made on such copies

or otherwise), carbon, photostatic or photograph copies of such materials.  The term

**"documents"** shall also mean and include every other recording of, or means of recording on any

tangible form, any form of information, data, communication, or representation, including but not

limited to, microfilm, microfiche, any records stored on any form of computer software, audio or

video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

    For each **"document"** responsive to any request withheld from production by you

on the ground of any privilege, please identify:

      (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

      (b)    the author or sender of the document;

      (c)    the recipient of the document;

      (d)    the date the document was authored, sent, and/or received; and

      (e)    the reason such document is allegedly privileged.

3.    **"Identify"** means that you should list any and all names, legal, trade or assumed,

all addresses used, all telephone numbers used, all tele-fax numbers used, and, if applicable,

brand, employer's name, address, phone number and the employer's relationship to any and all

4

Defendants in the above captioned action.

4.    "**Person**" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

5.    "**Explain**" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

6.    "**Describe**" means to represent or give an account of in words.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify any and all persons who have personal knowledge of the mailing of the arbitration agreement. (Attached as Exhibit A)

### INTERROGATORY NO. 2:

Identify any and all persons who have personal knowledge of the mailing of the arbitration agreement attached as Exhibit A to plaintiff, Janet Hoefs.

### INTERROGATORY NO.3:

Identify the person(s) most knowledgeable about Janet Hoefs' MBNA account.

### INTERROGATORY NO. 4:

State when and how Exhibit A was mailed, transmitted or otherwise delivered to plaintiff, Janet Hoefs.

### INTERROGATORY NO. 5:

Identify all individuals who have personal knowledge regarding the policies and procedures established to notify consumers of changes to their credit cardholder agreements and

5

the substance of their knowledge and whether such changes were made by MBNA at different times for different types of cards and/or for cards that are not current.

## INTERROGATORY NO. 6:

Describe the policies and procedures established to notify consumers of changes to their credit cardholder agreements.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce the following documents:

## REQUEST FOR PRODUCTION NO. 1:

Copies of any and all documents which relate to the purchase, sale, transfer or assignment of MBNA accounts to defendant.

## REQUEST FOR PRODUCTION NO. 2:

Copies of any and all documentation relating to plaintiff, Janet Hoefs.

## REQUEST FOR PRODUCTION NO. 3:

Copies of any and all documentation supporting your contention that plaintiff was sent the arbitration agreement. (Exhibit A)

## REQUEST FOR PRODUCTION NO. 4:

Any and all documentation supporting your contention that plaintiff signed or agreed to the arbitration agreement.

## REQUEST FOR PRODUCTION NO. 5:

Any and all documentation showing that Exhibit A was sent out to persons who were delinquent or otherwise past due on their MBNA credit cards.

6

**REQUEST FOR PRODUCTION NO. 6:**

A copy of the original credit card application, agreement or contract between MBNA and

Janet Hoefs.

Respectfully submitted,

*christopher M Lefun* (NR)
Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
    LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)

Edelman, Combs & Latturner, LLC
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather A. Piccirilli
120 S.  LaSalle Street 18th Floor
Chicago, IL 60614
Phone: 312-739-4200

**ATTORNEYS FOR PLAINTIFF,
JANET HOEFS**

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Interrogatories and Request for Production has been served upon defendants' counsel of record, as noted above, by sending a copy of same via United States Mail and facsimile on this 24th day of May 2004.

Christopher M. Lefebvre

# EXHIBIT A

subsidiaries, affiliates, licensees, predecessors, successor. ssigns, and any purchaser of your account, and all of their officers, directors, employees, agents and assigns or any and all of them. Additionally, "we" or "us" shall mean any third party providing benefits, services, or products in connection with the account (including but not limited to credit bureaus, merchants that accept any credit device issued under the account, rewards or enrollment services, credit insurance companies, debt collectors and all of their officers, directors, employees and agents) if, and only if, such a third party is named by you as a co-defendant in any Claim you assert against us. Also, for the purposes of this Arbitration Section, "you" or "yours" shall mean any person or entity approved by us to use the account, including but not limited to all persons or entities contractually obligated on the account and all authorized users of the account.

If any part of this Arbitration Section is found to be invalid or unenforceable under any law or statute consistent with the FAA, the remainder of this Arbitration Section shall be enforceable without regard to such invalidity or unenforceability.

THE RESULT OF THIS ARBITRATION SECTION IS THAT EXCEPT AS PROVIDED ABOVE, CLAIMS CANNOT BE LITIGATED IN COURT, INCLUDING SOME CLAIMS THAT COULD HAVE BEEN TRIED BEFORE A JURY, AS CLASS ACTIONS OR AS PRIVATE ATTORNEY GENERAL ACTIONS.

*If you do not wish your account to be subject to this Arbitration Section, you must write to us at MBNA America, P.O. Box 15565, Wilmington, DE 19850. Clearly print or type your name and credit card account number and state that you reject this Arbitration Section. You must give notice in writing; it is not sufficient to telephone us. Send this notice only to the address in this paragraph; do not send it with a payment. We must receive your letter at the above address by January 25, 2000 or your rejection of the Arbitration Section will not be effective.*

© 1999 MBNA America Bank, N.A.

Effective July 1, 1999, the amendments below will apply to your existing Credit Card Agreement & Disclosure Statement. These amendments will apply to the entire balance, including the balance existing before this date. These amendments shall replace all provisions concerning changing the terms of your existing credit card agreement and the state law(s) that govern your existing credit card agreement. Any inconsistencies between this amendment and your existing credit card agreement shall be governed by this amendment. Please read this notice and keep it with your credit card agreement.

> Governing Law: Your account will be governed by the laws of the State of Delaware and by any applicable federal laws.

> Amendment: We may amend your agreement by adding, deleting, or changing provisions in compliance with the applicable notification requirements of federal law and the laws of the State of Delaware. If an amendment gives you the opportunity to reject the change, and if you reject the change in the manner provided in such amendment, we may terminate your right to receive credit and may ask you to return all credit devices as a condition of your rejection. The amended agreement (including any higher rate or other higher charges or fees) will apply to the entire unpaid balance, including the balance existing before the amendment became effective. We may replace your credit card with another card at any time.

49-152

# IMPORTANT AMMENDMENT: YOUR
## CREDIT CARD AGREEMENT & DISCLOSURE STATEMENT

The following provision is effective immediately:

*Information Gathering and Sharing*
From time to time, we may obtain updated information about you including, for example, credit information. We may share information about you with credit reporting agencies and others, including merchants, and among companies affiliated with us. You may request that information about you not be shared among our affiliates, other than information pertaining solely to transactions or experiences between you and us (or an MBNA America affiliate), by writing us at MBNA America, P. O. Box 15342, Wilmington, DE 19850-5342. Please include your name, address, home phone number and all MBNA America account numbers.

If you believe that inaccurate or incomplete information about you or your account has been shared by us with a credit reporting agency, write to us at: MBNA America, P. O. Box 15520, Wilmington, DE 19850-5520. Please include your name, address, home phone number, and account number, and explain which information you believe is inaccurate or incomplete.

Over please

# APPENDIX B

# UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS, | ) |
| Plaintiff, | ) |
| | ) |
| | )　　CASE NO. 04-30015-KPN |
| | ) |
| CACV of COLORADO, LLC, et al., | ' ) |
| Defendants. | ) |
| | ) |

## DEFENDANT CACV of Colorado, LLC's RESPONSE TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 33 and 34, CACV of Colorado, LLC (CACV) hereby responds to the interrogatories and requests for production of documents propounded by the plaintiff, Janet S. Hoefs.

### General Objections

1. CACV objects to the plaintiffs' Requests and Instructions to the extent they are unduly burdensome, overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

2. CACV objects to the plaintiffs' definitions, interrogatories, and requests to the extent they seek the disclosure of information or communications subject to the attorney-client privilege, work product doctrine or other privileges and immunities such as trade secrets or proprietary information.

1

## Answers to Interrogatories

1.  Identify any and all persons who have personal knowledge of the mailing of the arbitration agreement.

    **Answer**: See General Objection No. 1. CACV objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Without waiving its objection, CACV lacks the personal knowledge or information sufficient to respond fully to this interrogatory. CACV states that it purchased the plaintiff's account from MBNA Corporation, which mailed the subject arbitration agreement to the plaintiff in 1999.

2.  Identify any and all persons who have personal knowledge of the mailing of the arbitration agreement attached as Exhibit A to plaintiff, Janet Hoefs.

    **Answer**: See General Objection No. 1. CACV objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Without waiving its objection, CACV lacks the personal knowledge or information sufficient to respond fully to this interrogatory. CACV states that it purchased the plaintiff's account from MBNA Corporation, which mailed the subject arbitration agreement to the plaintiff in 1999.

3.  Identify the person(s) most knowledgeable about Janet Hoefs' MBNA account.

    **Answer**: See General Objection No. 1. CACV objects to this interrogatory to the extent that it is overly broad and unduly burdensome. Without waiving its objection, CACV states that it lacks the personal knowledge or information sufficient to respond fully to this interrogatory. CACV states that before it purchased the plaintiff's account from MBNA Corporation, those knowledgeable about Janet Hoefs' account would have been agents and employees of MBNA Corporation. CACV states that it does not have agents or employees and that its knowledge and

2

information regarding the plaintiff's defaulted credit card account is the information submitted to

it by MBNA Corporation, which includes the plaintiff's name, account number, last known

address, and defaulted debt amount.

4.    State when and how Exhibit A was mailed, transmitted or otherwise transmitted to
       plaintiff, Janet Hoefs.

    **Answer**: See General Objection No. 1. CACV objects to this interrogatory to the extent

that it is overly broad and unduly burdensome. Without waiving its objection, CACV lacks the

personal knowledge or information sufficient to respond fully to this interrogatory. CACV states

that it purchased the plaintiff's account from MBNA Corporation, which mailed the subject

arbitration agreement to the plaintiff in 1999.

5.    Identify all individuals who have personal knowledge regarding the policies and
       procedures established to notify consumers of changes to their credit cardholder
       agreements and the substance of their knowledge and whether such changes were made
       my MBNA at different times for different types of cards and/or that are not current.

    **Answer**: See General Objection No. 1. CACV objects to this interrogatory to the extent

that it is overly broad and unduly burdensome. Without waiving its objection, CACV states that

it lacks the personal knowledge or information sufficient to respond fully to this interrogatory.

CACV states that before it purchased the plaintiff's account from MBNA Corporation, those

knowledgeable about (1) the policies and procedures established to notify consumers of changes

to their credit cardholder agreements, (2) the substance of their knowledge, and (3) the timing of

mailings would have been agents and employees of MBNA Corporation.

6.    Describe the policies and procedures established to notify consumers of changes to their
       credit cardholder agreements.

    **Answer**: See General Objection No. 1. CACV objects to this interrogatory to the extent

3

that it is overly broad and unduly burdensome. Without waiving its objection, CACV states that

it lacks the personal knowledge or information sufficient to respond fully to this interrogatory.

CACV states that before it purchased the plaintiff's account from MBNA Corporation, those

knowledgeable about (1) the policies and procedures established to notify consumers of changes

to their credit cardholder agreements, (2) the substance of their knowledge, and (3) the timing of

mailings would have been agents and employees of MBNA Corporation.


      The undersigned states that he is the authorized representative of CACV of Colorado, LLC to sign its Answers to Interrogatories, that these answers to interrogatories are accurate and true to the best of his information and belief, that due to the nature of these interrogatories and the legal analysis called for by the answers, the answers were prepared by counsel and the phraseology of the answers is that of counsel. Additionally, some of the information in these answers is derived from business records and from various individuals engaged on CACV of Colorado, LLC's behalf and not necessarily from any individual's personal knowledge. However, to the best of my knowledge all of the information contained herein is true and accurate.

Signed under the pains and penalties of perjury this 24th day of June, 2004.

                                      Alan Singer, Esq.
                                      CACV of Colorado, LLC

As to objections:

Evan T. Lawson (BBO# 289280)
Kathryn E. Pieczarka (BBO# 658785)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

## Responses to Requests for Production

1.   Copies of any and all documents which relate to the purchase, sale, transfer or assignment of MBNA accounts to defendant.

**Response**: CACV objects to this request to the extent that it is irrelevant to the plaintiff's

claims and not reasonably calculated to lead to the discovery of admissible evidence. CACV

further objects to this request to the extent it seeks the disclosure of information or

communications subject to the attorney-client privilege, work product doctrine or other privileges

and immunities such as trade secrets or proprietary information. Without waiving these

objections, CACV directs the plaintiff to the attached documents.

2.   Copies of any and all documentation relating to plaintiff, Janet Hoefs.

**Response**: CACV objects to this request to the extent that it is unduly burdensome.

CACV further objects to this request to the extent it seeks the disclosure of information or

communications subject to the attorney-client privilege, work product doctrine or other privileges

and immunities such as trade secrets or proprietary information. Without waiving these

objections, CACV directs plaintiff to the attached documents.

3.   Copies of any and all documentation supporting your contention that plaintiff was sent the arbitration agreement. (Exhibit A).

**Response**: CACV directs plaintiffs to the attached documents that are currently in

CACV's possession, custody and control.

4.   Any and all documentation supporting your contention that plaintiff signed or agreed to the arbitration agreement.

**Response**: CACV directs plaintiffs to the attached documents that are currently in

5

CACV's possession, custody and control.

5.    Any and all documentation showing that Exhibit A was sent out to persons who were delinquent or otherwise past due on their MBNA credit cards.

**Response**: CACV objects to this request to the extent that it is irrelevant to the plaintiff's

claims and not reasonably calculated to lead to the discovery of admissible evidence.

6.    A copy of the original credit card application, agreement or contract between MBNA and Janet Hoefs.

**Response**: CACV is not in possession, custody or control of any documents that are

responsive to Request No. 6.

Respectfully submitted,
CACV of Colorado, LLC,
By its attorneys,

Evan T. Lawson (BBO# 289280)
Kathryn E. Pieczarka (BBO# 658785)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July, 2004, I served a true and correct copy of the foregoing via certified mail, upon Christopher M. Lefebvre, Two Dexter Street, Pawtucket, Rhode Island, 02860, Daniel A. Edelman, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois, 60603, David C. Crossley, J.A. Cambece Law Office, PC, 8 Bourbon Street, Peabody, Massachusetts 01960.

Kathryn E. Pieczarka

6

STATE OF DELAWARE)
County of New Castle)          ss.          AFFIDAVIT OF ASSIGNMENT

Affiant, a Personal Banking Officer of MBNA America Bank, N.A., duly deposes that he is authorized to make the statements and representations herein.
As reflected in the books and records of MBNA America Bank, N.A., there is the amount of $ . . .    due and payable from .                    account number  ·        ·  ? . ·. as of the 3rd day of April, 2002.

This account has been assigned, transferred and set over unto CACV of Colorado, LLC. by MBNA America Bank, N.A. on April 3, 2002.

Further, the affiant states that to the affiant's knowledge, information and belief there are no uncredited payments, just counterclaims or offsets against the said debt. MBNA America Bank N.A. has no further interest in said debt for any purpose. Additionally, the affiant states that to the affiant's knowledge, information and belief the amendment of terms and conditions for this account was mailed by MBNA in December, 1999.

DATED  April 22, 2004.

By: _____
Stephen Fox, Personal Banking Officer

Subscribed and sworn to before me, April 22, 2004

_____
Notary Public

DAWN M. PEUGH
Notary Public • State of Delaware
My Commission Expires 12/12/06