UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS,<br>　　　　Plaintiff<br><br>v.<br><br>CACV OF COLORADO, LLC, J.A.<br>CAMBECE LAW OFFICE, P.C., and J.<br>ANTHONY CAMBECE,<br>　　　　Defendants | CIVIL ACTION NO. 04-CV-30015-MAP |

OPPOSITION OF DEFENDANTS J.A. CAMBECE LAW OFFICE, P.C. AND J. ANTHONY
CAMBECE TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT, *INSTANTER*

Defendants J.A. Cambece Law Office, P.C. and J. Anthony Cambece ("Cambece") oppose Plaintiff's Motion for Leave to File a Second Amended Complaint to add a plaintiff and a defendant on the grounds set forth in defendant CACV of Colorado, LLC's Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint, *Instanter* filed on or about September 28, 2004 in this case. In support of this motion, Cambece incorporates by reference the grounds for opposition set forth in defendant CACV of Colorado, LLC's Opposition, a copy of which is attached hereto as Exhibit A.

　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　J. Anthony Cambece and
　　　　　　　　　　　　　　　　　J.A. Cambece Law Office, P.C.
　　　　　　　　　　　　　　　　　By their attorneys,


　　　　　　　　　　　　　　　　　　/s/ Richard L. Nahigian
　　　　　　　　　　　　　　　　　Richard L. Nahigian
　　　　　　　　　　　　　　　　　BBO No. 549096
　　　　　　　　　　　　　　　　　Peabody & Arnold LLP
　　　　　　　　　　　　　　　　　30 Rowes Wharf
　　　　　　　　　　　　　　　　　Boston, MA  02110
　　　　　　　　　　　　　　　　　617.951.2100

# EXHIBIT A

# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS,<br>   Plaintiff,<br><br>CACV of COLORADO, LLC, et al.,<br>   Defendants. | CASE NO. 04-30015-KPN |

**DEFENDANT CACV of Colorado, LLC's OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, *INSTANTER***

  Defendant CACV of Colorado, LLC ("CACV") hereby opposes *Plaintiff's Motion for Leave to File a Second Amended Complaint, Instanter* to add Robert Winkworth as a plaintiff because the amendment would be futile and solely an attempt to avoid imminent defeat. In support of this motion, defendant submits the following reasons:

  1. On or about January 27, 2004, plaintiff Janet S. Hoefs ("Hoefs") filed this action against defendants CACV of Colorado, LLC, J.A. Cambece Law Office, PC and J. Anthony Cambece, claiming, *inter alia*, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

  2. On or about May 12, 2004, CACV moved to compel arbitration because Hoefs failed to comply with the arbitration provision of the Agreement, which states that arbitration is the exclusive remedy for disputes arising from the Agreement.

  3. On or about May 13, 2004, the Court ordered the parties to conduct discovery solely on the issue of arbitration, providing a schedule by which discovery, plaintiff's opposition

1

and defendants' replies would be due. Plaintiff requested an extension of time, whereby all filings on the issue of arbitration will be completed by October 18, 2004. The issue of whether this action should be arbitrated is the focus of this case at this time.

4. During the period of time for litigating the arbitration clause, on or about September 3, 2004, plaintiff filed a Motion for Leave to File a Second Amended Complaint, *Instanter*, where she seeks to add a plaintiff, Robert Winkworth ("Winkworth"), who "shares the claims of plaintiff Hoefs." Winkworth does not "share the claims of plaintiff Hoefs" because he was the holder of a Fleet Bank credit card, which did not contain an arbitration clause. Therefore, Winkworth may file an action in this Court and not be precluded from doing so, as Hoefs, because of a failure to comply with an arbitration provision.

5. Plaintiffs argue that leave to amend should be "freely given when justice so requires." Fed.R.Civ.P. 15(a). However, this principle only applies if there is no adequate reason to deny leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice). *Grant v. News Group Boston, Inc.*, 55 F.3d 1, 5 (1st Cir.1995).

6. It is clear that the motive for attempting to add Winkworth as an additional plaintiff is to "avert imminent defeat," which may occur if Hoefs is unsuccessful in litigating the arbitration provision since she would have to arbitrate her claim and it would no longer survive in this Court. See *Glassman v. Computervision Corp.*, 90 F.3d 617, 623, citing, *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 944 (7th Cir.1995).

7. The Court should deny this motion for leave to filed a second amended complaint because it is simply a futile maneuver by Hoefs to avoid dismissal of this action

8.  If Winkworth seeks to pursue an action against the defendants, he is free to file a separate action from Hoefs because his does not share the same claims with her since he held an agreement with Fleet Bank and not MBNA.

WHEREFORE, defendant CACV of Colorado, LLC requests that the Court deny plaintiff's motion for leave to file a second amended complaint.

Respectfully submitted,
CACV of Colorado, LLC,
By its attorneys,

__/s/ Kathryn E. Pieczarka__
Evan T. Lawson (BBO# 289280)
Kathryn E. Pieczarka (BBO# 658785)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

### CERTIFICATE OF SERVICE

I, Kathryn E. Pieczarka, certify that on September 28, 2004 a copy of the foregoing DEFENDANT CACV OF COLORADO, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, *INSTANTER* was filed electronically and served by certified mail to counsel of record as a courtesy in the event that counsel is not registered with the electronic filing system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

__/s/ Kathryn E. Pieczarka__
Kathryn E. Pieczarka
