UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS,<br>    Plaintiff<br>v.<br>CACV OF COLORADO, LLC, J.A. CAMBECE LAW OFFICE, P.C., and J. ANTHONY CAMBECE,<br>    Defendants | CIVIL ACTION NO. 04-CV-30015-MAP |

**OPPOSITION OF DEFENDANTS J. A. CAMBECE LAW OFFICE, P.C. AND J. ANTHONY CAMBECE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Defendants J.A. Cambece Law Office, P.C. and J. Anthony Cambece (Collectively referred to as "Cambece") oppose plaintiff Janet S. Hoefs' Motion for Leave to File a Reply Brief in Support of her Motion for Sanctions. Among other improper statements, plaintiff's proposed Reply Brief (attached to her motion), claims that Cambece retained their original counsel in this case "because he had a history of dilatory Discovery tactics." (See plaintiff's Reply in Support of her Motion for Sanctions, at 2.) [1] The idea that plaintiff would accuse Cambece of choosing a lawyer based on "a history of dilatory discovery tactics" is an absurd and reckless contention that is devoid of any factual support. This contention alone is sufficient to warrant the denial of not only her Motion for Leave to File a Reply Brief, but also her original

---

[1] The reply brief is attached to Plaintiff's Motion for Leave to File It. The full quotation from page 2 of the proposed reply brief is as follows: "It is just as likely that these Defendant's would retain Crossley because he had a history of dilatory discovery tactics." (Citation).

Motion for Sanctions. To the extent that the proposed Reply Brief contains immaterial, impertinent, or scandalous matter, it also ought to be stricken under Fed.R.Civ.P. 12(f).

Plaintiff's proposed Reply Brief adds nothing of substance to the issue of sanctions. Plaintiff seeks sanctions because of the failure of Cambece's original attorney (Attorney Crossley) to respond to discovery requests. Despite his assurances to the contrary, he also failed to take any action to comply with the Court's discovery order. The pattern continued when Attorney Crossly failed to file an opposition to plaintiff's Motion for Sanctions. Cambece has now responded to the discovery requests and the Motion for Sanctions.

As a practical matter, plaintiff knows full well that Cambece is unlikely to have any information concerning the arbitration agreement at issue, beyond what other parties have already produced. The arbitration agreement became effective upon an amendment to a credit card agreement that plaintiff entered into with MBNA America. MBNA America then assigned its rights to under the agreement to defendant CACV of Colorado, LLC, which retained Cambece to assist in the collection of plaintiff's account. Under these circumstances, the idea that Cambece would have anything to add to the *factual* record concerning the arbitration agreement is far fetched to say the least.

The plaintiff, of course, is fully aware that the primary factual issue involves whether MBNA America mailed the arbitration provision to her, and whether she actually received it. In both her Motion for Sanctions and her Motion for Leave to File a Reply Brief, as well as her Proposed Reply Brief, however, plaintiff fails to specify what it is that she believes Cambece has that may have a bearing on this factual issue.

Cambece has responded to plaintiff's discovery request, and those responses confirm that Cambece lacks any factual information concerning the arbitration agreement. Whatever

information exists is in the hands of both plaintiff and MBNA America, which has been deposed on the issue of the arbitration agreement. MBNA America has also produced documents concerning the circumstances under which her MBNA account (later assigned to CACV of Colorado, LLC) was amended to provide for the arbitration provision now at issue. The substance of plaintiff's opposition to Cambece's motion to compel arbitration focuses on whether the agreement sent to plaintiff and the legal construction of the agreement. Cambece has no *factual* information concerning these matters other than what MBNA America and plaintiff herself have produced. She has suffered no unfair prejudice.

Plaintiff's claim to the contrary and her professed concern for the integrity of the "discovery process" ring hollow. Her motion for sanctions is keyed towards securing the denial of Cambece's motion to compel arbitration on purely procedural grounds. In the absence of any compelling reason why plaintiff why plaintiff has been unfairly prejudiced by the inaction of Cambece's original counsel, and in light of Cambece's efforts at compliance once the failings or prior counsel were uncovered, plaintiff's motion should be denied.[2]

---

[2] Plaintiff's motion should also be denied because there was no conference with defense counsel as represented in the Rule 7.1 Certificate attached to the motion. Counsel did send an email to defense counsel inviting him to call if he wished to discuss the motion. The motion was apparently filed before any discussion could be initiated.

3

Respectfully submitted,

J. Anthony Cambece and
J.A. Cambece Law Office, P.C.
By their attorneys,

_____
Richard L. Nahigian
BBO No. 549096
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA  02110
617.951.2100

599006_1