SCANNED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS, | ) |
| Plaintiff, | ) 04-CV-30015-KPN |
| v. | ) |
| CACV OF COLORADO, LLC, J.A. CAMBECE LAW OFFICE, P.C., and J. ANTHONY CAMBECE, | ) |
| Defendants. | ) |

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR SANCTIONS

Plaintiff Janet S. Hoefs respectfully submits this short reply in support of her motion for sanctions.

The Cambece defendants argue that it may not have any additional information regarding the arbitration agreement outside of what co-defendant CACV has already submitted. While the knowledge of CACV's attorneys Cambece and Cambece P.C. is imputed to CACV, the Cambece defendants cannot put the burden of proof on MBNA and/or CACV with regard to its motion to compel arbitration and dismiss. Plaintiff did respond to the Cambece defendants' motion using CACV's to establish that none of the defendants have any information supporting the motion to compel arbitration. Finally, the Cambece defendants have an obligation to respond to discovery and cannot untimely state that "[i]t is unclear what additional information concerning the arbitration agreement Cambece would have, if any." Such statements subvert and undermine the discovery process. To permit the Cambece defendants an opportunity to respond to plaintiff's discovery requests would be a ratification of its evasive conduct and its defiance of a prior court order.

1

Plaintiff has been unfairly prejudiced by Cambece's failure to respond to the discovery requests.[1] The Cambece defendants submitted a motion unsupported by affidavits or other evidence relating to the arbitration clause. When presented with discovery, they ignored responding even after a court's order. There are no other effective sanctions than to strike the Cambece defendants' motion to dismiss and compel arbitration. No other remedy is available to plaintiff at this time and due process requires nothing less.

Finally, attorney Crossley's failure to respond to discovery, this Court's order and motions is not "excusable." The Cambece defendants are a law firm and an attorney. They have access to PACER and can search that system for case updates. In addition, attempted communications with Crossley that were nonresponsive would put the Cambece defendants on notice of Crossley's transgressions. Moreover, plaintiff has stated in her motion for sanctions:

> 8. Plaintiff's counsel has contacted the Cambece defendants' counsel regarding the issues raised in this motion in accordance with Local Rule 7.1 via email, *without a response*. Plaintiff's counsel also attempted to contact the Cambece defendants' counsel via telephone, and *was unable to leave a message due to a full mailbox*. (Emphasis added)

It is clear that the Cambece defendants must have had some knowledge of Crossley's inaction. Moreover, Crossley was a former employee of the Cambece defendants. It is just as likely that these defendants would retain Crossley because he had a history of dilatory discovery tactics. See Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868-70 (3d Cir. 1984); Scarborough v. Eubanks, 747 F.2d 871 (3d Cir. 1984); Bluitt v. Arco Chemical Co., 777 F.2d 188, 190-91 (5th Cir. 1985).

---

[1] Plaintiff has also been prejudiced by the Cambece defendants untimely response to her motion for sanctions. Local Rule 7.1(b)(2) clearly and unambiguously states: "A party opposing a motion, shall file an opposition to the motion within fourteen (14) days after service of the motion..." The Cambece defendants opposition to plaintiff's motion, filed on September 30, 2004, is clearly untimely.

Accordingly, Crossley's failure to respond to discovery is inexcusable under the circumstances.

For the foregoing reasons, plaintiff's motion to strike should be granted.

                                            Respectfully submitted,

*/s/ Christopher Lefebvre*
Christopher M. Lefebvre, B.B.O. # 629056
CLAUDE LEFEBVRE, P.C.
P.O Box 479
Pawtucket, RI  02860
(401) 728-6060
(401) 728-6534 (FAX)

Daniel A. Edelman
Heather Piccirilli
EDELMAN, COMBS,
      LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

3

## CERTIFICATE OF SERVICE

I, Heather Piccirilli, hereby certify that on October 6, 2004, I caused a copy of the foregoing document to be served by United States mail upon the parties listed below.

David Crossley
Law Office of David C. Crossley, P.C.
WEA #47, 1 Dubeau Cir.
Campton, NH 03223

Evan Lawson
Kathryn E. Pieczarka
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

Richard L. Nehigian
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA 02110

_____
Heather Piccirilli

## RULE 7.1 CERTIFICATION

I, Heather Piccirilli, hereby certify that I have conferred in good faith with counsel for defendants regarding this Motion.

_____
Heather Piccirilli