IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS, | ) |
| Plaintiff, | ) 04-CV-30015-KPN |
| v. | ) |
| CACV OF COLORADO, LLC, J.A. CAMBECE LAW OFFICE, P.C., and J. ANTHONY CAMBECE, | ) |
| Defendants. | ) |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, INSTANTER

Plaintiff, Janet Hoefs, respectfully submits this reply in support of her motion for leave to file a second amended complaint, instanter.

Defendants have argued that Robert Winkworth does not share the claims of plaintiff Hoefs. While it is true that Winkworth held a Fleet Bank credit card that does not contain an arbitration clause, he did receive a collection letter from Cambece, P.C. Thus, since plaintiff's claims arise out of the substance and form of the collection letter, Winkworth does share the same claims as plaintiff. The arbitration clause is not a claim of plaintiff, but rather a defense to suit by defendants. Thus, defendants' assertion is without merit.

Defendants' argue that plaintiff only attempts to add Winkworth to "avert imminent defeat," in litigating the arbitration issue. If defendants' motions to compel arbitration are granted, plaintiff Hoefs will no longer be an adequate representative. In that instance, a class representative may be substituted into a case when the existing representative can no longer serve. United Airlines,

1

Inc. v. McDonald, 432 U.S. 385, 394-395 (1977) (court allowed class member to intervene after entry of final judgment when original representative decided not to appeal district court's denial of class certification); Goodman v. Lukens Steel Co., 777 F.2d 113, 124-125 (3d Cir. 1985) ("intervention by qualified class representatives" appropriate where it developed that none of the original representatives had standing to challenge a certain kind of discrimination); Deutchsman v. Beneficial Corp., 132 F.R.D. 359, 382 (D.Del. 1990) (class member allowed to intervene in securities fraud action when defenses were asserted that applied only to original class representative); Stewart v. Winter, 669 F.2d 328, 334 (5th Cir. 1982) (in prisoner's rights case, court should permit substitution of class representative if plaintiff is released); Brookhaven Housing Coalition v. Sampson, 65 F.R.D. 24, 25-26 (E.D.N.Y. 1974) (where court determined that claims of original class representatives should be dismissed, court held that other class members should be given opportunity to substitute for original class representatives).

Defendants have proffered no good reasons why plaintiff's motion to amend should be denied. Under Fed. R. Civ. P. 15(a) leave to amend should be "freely given when justice so requires." For these and the foregoing reasons, plaintiff respectfully requests that the Court grant her motion for leave to file a second amended complaint, instanter.

Respectfully submitted,

*Christopher Lefebvre*
Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)

B.B.O. # 629056

Daniel A. Edelman
Heather Piccirilli
EDELMAN, COMBS,
    LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

I:\case\cacv-hoefs10.157\pleading\reply 2d ac.wpd

## CERTIFICATE OF SERVICE

I, Heather Piccirilli, hereby certify that on October 6, 2004, I caused a copy of the foregoing document to be served by United States mail upon the parties listed below.

David Crossley
Law Office of David C. Crossley, P.C.
WEA #47, 1 Dubeau Cir.
Campton, NH 03223

Evan Lawson
Kathryn E. Pieczarka
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

Richard L. Nehigian
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA 02110

_/s/ Heather Piccirilli_
Heather Piccirilli

## RULE 7.1 CERTIFICATION

I, Heather Piccirilli, hereby certify that I have conferred in good faith with counsel for defendants regarding this Motion.

*Heather Piccirilli*
Heather Piccirilli