UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANET S. HOEFS,　　　　　　　　　　　　)
　　　　　　　　Plaintiff　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)　Civil Action No. 04-30015-MAP
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
CACV OF COLORADO, LLC;　　　　　　　　)
J.A. CAMBECE LAW OFFICE, P.C.;　　　　)
and J. ANTHONY CAMBECE,　　　　　　　 )
　　　　　　　　Defendants　 )

MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Document No. 43)
February 25, 2005

NEIMAN, U.S.M.J.

Janet S. Hoefs ("Plaintiff") seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Mass. Gen. L. ch. 93A by CACV of Colorado, LLC ("CACV"), J.A. Cambece Law Office, P.C. ("Law Office") and J. Anthony Cambece ("Cambece") (collectively "Defendants"). Plaintiff claims that Defendants' attempts to collect on a credit card debt she owed violated these statutes. This memorandum and order addresses Plaintiff's motion for leave to file a second amended complaint which, if allowed, will add another defendant and a second plaintiff. Plaintiff's motion to amend has been referred to this court for determination. *See* 28 U.S.C. § 636(b)(1)(A). For the reasons indicated below, the court will allow Plaintiff's motion to amend.

I. B<span style="font-variant: small-caps">ackground</span>

The background of this case is described more fully in the court's report and recommendation issued this day regarding Defendants' motions to compel arbitration (Documents No. 27 and 31).  As stated therein, the court believes Plaintiff's claims are subject to mandatory arbitration and, accordingly, that Defendants' motions to compel arbitration should to be allowed.[1]  Nevertheless, Plaintiff, in the instant motion, seeks to add Robert Winkworth ("Winkworth") as a separate plaintiff and Collect America, Ltd. ("Collect America") as a separate defendant.  If allowed, the amended complaint would change the landscape of the litigation even if the court's recommendation to require arbitration of Plaintiff's claims against Defendants were adopted.

According to Plaintiff's proposed amendment, Winkworth is a New York resident and Collect America -- a Colorado corporation -- is both the parent company and the servicing agent for CACV.  (Proposed Amendment ¶¶ 4, 10, 11.)  For its part, CACV is a Colorado company allegedly engaged in the business of purchasing and collecting on consumer debts while Cambece, through the Law Office, is a Peabody, Massachusetts, collection lawyer hired by Collect America and/or CACV with respect to both Plaintiff's and Winkworth's debts.  (*Id.* ¶¶ 5, 7-9, 17.)

In the proposed amendment, Plaintiff alleges that on or about December 18, 2003, the Law Office "sent . . . Winkworth [a] collection letter . . . seeking to collect a credit card debt originally owed to Fleet Bank and incurred for personal, family or

---

[1] As for another motion which has been referred to this court, Plaintiff's motion for class certification (Document No. 21), the court has granted the parties' joint request to allow further briefing, if necessary, once the motions to compel arbitration are resolved.

household purposes." (*Id.* ¶ 14.)  The letter is signed by Cambece and was mailed to Winkworth at a Staten Island, New York, address.  (See *id.*, Exhibit B.)

## II. DISCUSSION

There is no opposition to Plaintiff's motion insofar as is seeks to add Collect America as a party-defendant.  The only dispute concerns the proposed addition of Winkworth as a party-plaintiff.  Plaintiff argues that Rule 15's liberal amendment policy justifies adding Winkworth.  *See* Fed. R. Civ. P. 15(a) ("leave [to amend] shall be freely given when justice so requires").  Defendants, on the other hand, assert that Plaintiff's sole motive in adding Winkworth "is to avert imminent defeat, which may occur if [Plaintiff] is unsuccessful in litigating the arbitration provision since she would have to arbitrate her claim and it would no longer survive in this Court."  (CACV's Brief (Document No. 44 ) ¶ 6 (citation and internal quotation marks omitted).)

Although the question is close, the court believes Plaintiff has the stronger argument.  True, there are some differences between Plaintiff and Winkworth.  Winkworth's debt was originally owed to Fleet Bank whereas Plaintiff's was owed to MBNA America Bank, N.A.  However, it also appears from the proposed amendment that CACV owned both debts, that Collect America and/or CACV subsequently "selected" or "retained" Cambece to collect both debts, and that Cambece sent a virtually identical collection letter to each individual.  It also appears insignificant that Winkworth's agreement, unlike Plaintiff's, may have lacked an arbitration clause.  As Plaintiff points out, the arbitration clause is not a claim of hers, but rather a defense raised by Defendants.  Accordingly, the court will allow Plaintiff's motion to amend.

3

The parties, however, should be aware of the court's concern regarding venue. Should District Judge Michael A. Ponsor choose to adopt the separate recommendation made this day to allow Defendants' motions to compel Plaintiff to arbitrate her claims, Winkworth becomes the sole remaining plaintiff. Winkworth, however, resides in New York. Although not yet raised as issue by Defendants, continued venue in this district is questionable. *See* 28 U.S.C. § 1391(b). At the very least, it would appear that the case would need to be transferred to the Eastern Division since the only remaining Massachusetts parties (Cambece and the Law Office) are from Peabody. *See* Local Rule 40.1(C) and (D)(1)(c). The court leaves these issues for another day.

### III. CONCLUSION

For the reasons stated, the court hereby ALLOWS Plaintiff's motion for leave to file a second amended complaint. In addition, should Judge Ponsor adopt the separate report and recommendation issued this day with respect to Defendants' motions to compel arbitration, this court ORDERS Plaintiff to file a supplemental memorandum addressing the venue issues described above within fourteen days following Judge Ponsor's order. Defendants shall have fourteen days thereafter to file a response.

IT IS SO ORDERED.

DATED: February 25, 2005

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN

U.S. Magistrate Judge