UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

JANET S. HOEFS, and
ROBERT WINKWORTH,

      Plaintiffs,

v.

CACV OF COLORADO, LLC,
J.A. CAMBECE LAW OFFICE, P.C.,
J. ANTHONY CAMBECE, and
COLLECT AMERICA, LTD.,

      Defendants.

CIVIL ACTION NO. 04-CV-30015-KPN

ANSWER OF DEFENDANT J. ANTHONY CAMBECE TO PLAINTIFFS' SECOND
AMENDED COMPLAINT

      Defendant J. Anthony Cambece ("defendant") responds to the Second Amended Complaint as follows:

      1.      The defendant denies the allegations contained in Paragraph 1 of the Second Amended Complaint.

      2.      To the extent that paragraph 2 of the Second Amended Complaint calls for a legal conclusion, no response is required. To the extent that paragraph 2 of the Second Amended Complaint alleges wrongdoing on the part of the defendant, the defendant denies such allegations. The defendant admits that he is located within the District of Massachusetts. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Second Amended Complaint.

      3.      The defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 3 of the Second Amended Complaint.

    4.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Complaint.

    5.    The defendant admits that CACV of Colorado, LLC, is a Colorado limited liability company.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Second Amended Complaint.

    6.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Second Amended Complaint.

    7.    The defendant admits the allegations contained in paragraph 7 of the Second Amended Complaint.

    8.    To the extent that paragraph 8 of the Second Amended Complaint calls for a legal conclusion, no response is required.  The defendant admits that Cambece, P.C. is a professional corporation engaged in the practice of law.  The defendant's practice involves the representation of clients in the collection of consumer debts.

    9.    To the extent that paragraph 9 of the Second Amended Complaint calls for a legal conclusion, no response is required.  The defendant admits that he is a lawyer and is the sole officer and owner of Cambece, P.C.  The defendant's practice includes the representation of clients in the collection of consumer debts.

    10.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint.

    11.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Complaint.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint.

13. The defendant states that the letter attached as Exhibit "A" to the Second Amended Complaint speaks for itself. The defendant is without knowledge or information sufficient to form a belief as to when plaintiff Hoefs received Exhibit "A".

14. The defendant states that the letter attached as Exhibit "B" to the Second Amended Complaint speaks for itself. The defendant is without knowledge or information sufficient to form a belief as to when plaintiff Winkworth received Exhibit "B".

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Second Amended Complaint.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Second Amended Complaint.

17. The defendant admits that it was retained by CACV to collect the plaintiffs' debts. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Second Amended Complaint.

18. The defendant denies the allegations contained in paragraph 18 of the Second Amended Complaint to the extent that they mischaracterize the letters attached to the Second Amended Complaint as Exhibits "A" and "B," which speak for themselves.

19. The letters attached as Exhibits "A" and "B" to the Second Amended Complaint speak for themselves.

20. The defendant admits that he approved the form of the letters attached as Exhibits "A" and "B" to the Second Amended Complaint.

21. To the extent that paragraph 21 of the Second Amended Complaint alleges

wrongdoing on the part of the defendant, the defendant denies such allegations. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Second Amended Complaint.

22. The defendant repeats and incorporates by reference the responses to paragraph 1 through 21 of the Second Amended Complaint set forth above.

23. To the extent that paragraph 23 of the Second Amended Complaint alleges wrongdoing on the part of the defendant, the defendant denies such allegations. To the extent that paragraph 23 of the Second Amended Complaint calls for a legal conclusion, no further response is required.

24. The defendant denies the allegations contained in paragraph 24 of the Second Amended Complaint.

25. The defendant admits that he approved the sending of letters substantially similar to the letters attached as Exhibits "A" and "B" to the plaintiff's Second Amended Complaint. The defendant denies that the letters contained or amounted to any "violation," or that the defendants are "liable" for any violations.

26. To the extent that paragraph 26 of the Second Amended Complaint alleges wrongdoing on the part of the defendant, the defendant denies the allegations contained in paragraph 26 of the Second Amended Complaint. To the extent that paragraph 26 of the Second Amended Complaint calls for a legal conclusion, no further response is required

27. The defendant denies the allegations contained in paragraph 27 of the Second Amended Complaint.

28. The defendant denies the allegations contained in paragraph 28 of the Second Amended Complaint.

29. The defendant denies the allegations contained in paragraph 29 of the Second Amended Complaint.

30. The defendant denies the allegations contained in paragraph 30 of the Second Amended Complaint.

31. The defendant denies the allegations contained in paragraph 31 of the Second Amended Complaint.

32. The defendant denies the allegations contained in paragraph 32 of the Second Amended Complaint.

33. The defendant repeats and incorporates by reference the responses to paragraphs 1 through 32 of the Second Amended Complaint set forth above.

34. The defendant denies the allegations contained in paragraph 34 of the Second Amended Complaint.

35. To the extent that paragraph 35 of the Second Amended Complaint alleges wrongdoing on the part of the defendant, the defendant denies the allegations contained in paragraph 35 of the Second Amended Complaint. To the extent that paragraph 35 of the Second Amended Complaint calls for a legal conclusion, no further response is required

36. The defendant denies that the plaintiffs have appropriately complied with the demand requirements of M.G.L., c.93A, §9.

37. The defendant denies the allegations contained in paragraph 37 of the Second Amended Complaint.

38. The defendant denies the allegations contained in paragraph 38 of the Second Amended Complaint.

39. The defendant denies the allegations contained in paragraph 39 of the Second

Amended Complaint.

40. The defendant denies the allegations contained in paragraph 40 of the Second Amended Complaint.

41. The defendant denies the allegations contained in paragraph 41 of the Second Amended Complaint.

42. The defendant denies the allegations contained in paragraph 42 of the Second Amended Complaint.

43. The defendant denies the allegations contained in paragraph 43 of the Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFRIMATIVE DEFENSE

The plaintiffs have waived and/or are estopped to assert the claims asserted in the Second Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

To the extent applicable, the plaintiffs' claims are barred by Section 2 of the Federal Arbitration Act and other applicable statutes.

### FOURTH AFFIRMATIVE DEFENSE

The defendant acted in good faith.

### FIFTH AFFIRMATIVE DEFENSE

The damages alleged in the Second Amended Complaint arose from the conduct of persons or entities for whom and for which the defendant had no responsibility.

6

### SIXTH AFFIRMATIVE DEFENSE

Venue may be improper because the claims of Janet Hoefs are, and have been determined to be, subject to dismissal.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs have not suffered actual damages.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such errors.  See 15 U.S.C. §1692k(c).

### NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against the defendant were brought in bad faith and for the purpose of harassment.  See 15 U.S.C. §1692k(a)(3).

### TENTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to comply with the procedural and substantive requirements of M.G.L. c.93A, §§2 and 9.

### ELEVENTH AFFIRMATIVE DEFENSE

The defendant fully complied with all applicable requirements of the Fair Debt Collection Practices Act.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff Robert Winkworth's claims under the Fair Debt Collection Practices Act, and any state law claims derived therefrom, are barred by the applicable statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The defendant incorporates by reference as if fully set forth herein each affirmative defense set forth in each of the other defendants' answers to the second amended complaint.

                        Respectfully submitted,
                        J. Anthony Cambece
                        By his attorneys,

                        /s/ Richard L. Nahigian
                        Richard L. Nahigian
                        BBO No. 549096
                        Matthew J. Griffin
                        BBO No. 641720
                        Peabody & Arnold LLP
                        30 Rowes Wharf
                        Boston, MA  02110
                        617.951.2100

:609214_1