# UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANET S. HOEFS, and<br>ROBERT WINKWORTH, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | CASE NO. 04-30015-KPN |
| | ) | |
| CACV of COLORADO, LLC,<br>J.A. CAMBECE LAW OFFICE, P.C.,<br>J. ANTHONY CAMBECE, and<br>COLLECT AMERICA, LTD., | ) | |
| | ) | |
| *Defendants*. | ) | |

---

## DEFENDANT CACV of COLORADO, LLC'S ANSWER TO THE SECOND AMENDED COMPLAINT

---

### FIRST DEFENSE

1.　　Paragraph 1 contains introductory statements and conclusions of law that require no response.  To the extent that Paragraph 1 contains allegations directed against CACV, defendant denies them.

2.　　Paragraph 2 contains introductory statements and conclusions of law that require no response.  To the extent that Paragraph 2 contains allegations directed against CACV, defendant denies them.

3.　　Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 3.

4.　　Defendant lacks knowledge or information sufficient to admit or deny the

1

allegations in paragraph 4.

5.      Admit.

6.      Paragraph 6 contains factual conclusions and/or conclusions of law that require no response.  To the extent that Paragraph 6 contains allegations directed against CACV, defendant denies them, except to admit that it is engaged in the business of debt ownership.

7.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7.

8.      Paragraph 8 contains factual conclusions and/or conclusions of law that require no response.  To the extent Paragraph 8 contains factual allegations, defendant lacks knowledge or information sufficient to admit or deny the allegations.

9.      Paragraph 9 contains factual conclusions and/or conclusions of law that require no response.  To the extent Paragraph 9 contains factual allegations, defendant lacks knowledge or information sufficient to admit or deny the allegations.

10.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10.

11.     Defendant admits that Collect America is its parent company but denies the remaining allegations.

12.     Denied.

13.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13.  Paragraph 13 contains factual conclusions and/or conclusions of law that require no response.  To the extent that a response is

2

required to Paragraph 13, defendant respectfully refers the Court to Exhibit A of the Second Amended Complaint, which is a document and speaks for itself.

14.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14. Paragraph 14 contains factual conclusions and/or conclusions of law that require no response. To the extent that a response is required to Paragraph 14, defendant respectfully refers the Court to Exhibit B of the Second Amended Complaint, which is a document and speaks for itself.

15.    Denied, except that CACV admits that it is engaged in the business of debt ownership.

16.    Paragraph 16 contains factual allegations that defendant lacks knowledge or information sufficient to admit or deny those allegations. To the extent that Paragraph 16 contains allegations against CACV, defendant denies them.

17.    To the extent that Paragraph 17 contains allegations against Collect America, defendant lacks knowledge or information sufficient to admit or deny those allegations. To the extent that Paragraph 17 contains allegations against CACV, defendant denies them, except that it admits that it retained J.A. Cambece Law Office, P.C.

18.    Defendant respectfully refers the Court to Exhibits A and B of the Second Amended Complaint, which are documents and speak for themselves.

19.    Defendant respectfully refers the Court to Exhibits A and B of the Second Amended Complaint, which are documents and speak for themselves.

20.    Defendant lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 20.

21.    Paragraph 21 contains factual conclusions and/or conclusions of law that require no response. To the extent that paragraph 21 contains allegations directed against CACV, defendant denies them.

22.    Paragraph 22 contains no allegations, thus no response is required.

23.    Paragraph 23 contains conclusions of law that require no response. To the extent that Paragraph 23 contains allegations directed against CACV, defendant denies them.

24.    Denied.

25.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25. To the extent that Paragraph 25 contains allegations against CACV, defendant denies them.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Paragraph 33 contains no allegations, thus no response is required.

34.    The allegations in Paragraph 34 do not apply to CACV, thus no response is required. To the extent that Paragraph 34 may be construed as requiring an

4

answer from CACV, it is denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

## SECOND DEFENSE

As to each count, plaintiffs fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

As to each count asserted by plaintiffs, such claims are barred pursuant to section 2 of the Federal Arbitration Act and other applicable statutes, and thus, the Court lacks subject matter of the underlying action due to the arbitration clause in the plaintiff's credit card member agreement.

## FOURTH DEFENSE

The Court lacks personal jurisdiction over the defendant CACV of Colorado, LLC.

## FIFTH DEFENSE

The Court lacks subject matter jurisdiction due to a want for the jurisdictional amount in controversy of seventy-five thousand dollars ($75,000) and it is denied that the action arises under the Constitution of the United States or involves any Federal question under the

5

Constitution of the United States.

## SIXTH DEFENSE

The venue of the action is improper and does not lie in the United States District Court for Massachusetts.

## SEVENTH DEFENSE

Plaintiffs and putative class members have failed to satisfy the requirements of a class action and/or collective action.

## EIGHTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

## NINTH DEFENSE

Plaintiffs, by their conduct and actions, are estopped to recover any judgment against Defendant.

## TENTH DEFENSE

Plaintiffs, by their conduct and actions, waived any and all rights they may have had against the defendant and therefore cannot recover in this action.

## ELEVENTH DEFENSE

There was no willfulness, malicious conduct, recklessness, harassment, or reckless disregard of the rights of plaintiffs by CACV of Colorado, LLC in any of the events upon which this suit has been instituted.

## TWELFTH DEFENSE

The claims alleged in the Second Amended Complaint arose from conduct of persons or

entities for whom and for which defendant CACV of Colorado, LLC has no liability.

### THIRTEENTH DEFENSE

The plaintiffs have not suffered actual damages.

### FOURTEENTH DEFENSE

Any alleged violation was not intentional and resulted from a bona fide error. See 15

U.S.C. § 1692k(c).

### FIFTEENTH DEFENSE

The plaintiffs' claims against the defendant were brought in bad faith and for the purpose

of harassment. See 15 U.S.C. § 1692k(a)(3).

### SIXTEENTH DEFENSE

The plaintiffs have failed to comply with the procedural and substantive requirements of

M.G.L. c.93A, §§2 and 9.

### SEVENTEENTH DEFENSE

The defendant incorporates by reference as if fully set forth herein each affirmative

defense plead in each of the other defendants' Answers to the Second Amended Complaint.


Respectfully submitted,
Collect America, Ltd.
By its attorneys,

__/s/ Kathryn E. Pieczarka_____
Evan T. Lawson (BBO# 289280)
Kathryn E. Pieczarka (BBO# 658785)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

7

**<u>CERTIFICATE OF SERVICE</u>**

    I, Kathryn E. Pieczarka, certify that on **March 16, 2005** a copy of the foregoing DEFENDANT CACV of COLORADO, LLC'S ANSWER TO THE SECOND AMENDED COMPLAINT was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          <u>  /s/ **Kathryn E. Pieczarka**     </u>
                                           Kathryn E. Pieczarka