## UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS, and <br> ROBERT WINKWORTH, <br>         *Plaintiffs*, <br> v. <br> CACV of COLORADO, LLC, <br> J.A. CAMBECE LAW OFFICE, P.C., <br> J. ANTHONY CAMBECE, and <br> COLLECT AMERICA, LTD., <br>         *Defendants*. | CASE NO. 04-30015-KPN |

**DEFENDANT COLLECT AMERICA, LTD.'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Local Rule 7.1(B)(1), defendant Collect America, Ltd. hereby submits it memorandum of reasons in support of its motion to dismiss plaintiffs' Second Amended Complaint against it for lack of jurisdiction and failure to state a claim.

**INTRODUCTION**

By their Second Amended Complaint, the plaintiffs allege that "Defendant Collect America, Ltd. is a corporation incorporated under the laws of Delaware with its principal offices at 370 17th Street, Suite 5000, Denver, Colorado 80202.  Its registered agent is Lowery P. Scott, 370 17th Street, Suite 5000, Denver, Colorado 80202-5622."  (See Exhibit A, ¶ 10).  They further state that "Defendant Collect America is the parent company of CACV of Colorado, LLC. Collect America is also the servicing agent of CACV."  (¶ 11).  And, finally, they state that "Defendant Collect America locates collection attorneys for CACV and otherwise assists CACV

in its debt collection activities. It is a "debt collector" as defined in the FDCPA." (¶ 12).

Under their "Facts" section, the plaintiffs make only two allegations about Collect America. First, they state "Collect America, Ltd. seeks the services of collection firms on behalf of CACV to collect the bad debts CACV owns and holds. CACV receives all of the benefits of the Collect America, Ltd.'s work." (¶ 16). Second, they state "Collect America, Ltd. selected Cambece, P.C. to collect plaintiffs debts. Collect America, Ltd. advised CACV of its decision to select Cambece, P.C. to collect plaintiffs debts. CACV retained Cambeve, P.C. to collect plaintiffs debts." (¶ 17).

Finally, the Second Amended Complaint mentions Collect America once in each count, stating "CACV of Colorado, LLC and Collect America, Ltd. as debt collectors and the principals of Cambece, P.C. are liable for the violations" (¶ 26) and "Defendants CACV, and Collect America, Ltd., debt collectors, are vicariously liable for this violation." (¶ 35).

These are the only allegations against Collect America in the entire Second Amended Complaint.

I.    STANDARD OF REVIEW.

When ruling on a motion to dismiss, "a court assumes as true the plaintiff's 'well-pleaded factual averments' and favors the plaintiff with 'every reasonable inference.'" *Patterson v. Omnipoint Communications, Inc.*, 122 F.Supp.2d 222, 226 (D.Mass.2000) (internal citation omitted). Even with the application of this favorable standard for the plaintiffs, the Second Amended Complaint should be dismissed against Collect America because it lacks jurisdiction over Collect America in the Commonwealth of Massachusetts and fails to state a claim again Collect America.

## II. THE SECOND AMENDED COMPLAINT AGAINST COLLECT AMERICA SHOULD BE DISMISSED FOR LACK OF JURISDICTION.

### A. THE COURT HAS NO PERSONAL JURISDICTION OVER COLLECT AMERICA.

#### i. The Constitution Defines the Limits of Personal Jurisdiction.

The source and outer limits of personal jurisdiction are defined by the due process clause of the United States Constitution. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no 'meaningful 'contacts', 'ties,' or 'relations'." *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 471-72 (1985), *citing, International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). The criteria for marking the boundary line as to activities which justify subjecting a corporation or an individual to a lawsuit and those that do not "cannot be simply mechanical or quantitative." *International Shoe Co.,* 326 U.S. at 319.

#### ii. As Plaintiffs, Hoefs and Winkworth Bear The Burden Of Demonstrating That Jurisdiction Is Proper.

When the district court's personal jurisdiction is contested, the plaintiff bears the burden of demonstrating that jurisdiction is proper. *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201 (1st Cir. 1994). In this case, the plaintiffs have failed to submit anything to this Court justifying proper jurisdiction over Collect America.

The extent of a plaintiffs' jurisdictional showing varies depending upon whether general or specific personal jurisdiction is asserted. Under either analysis, three questions must be resolved: first, the court must determine whether it has general jurisdiction over Collect America; second, if necessary, it must analyze whether it has specific jurisdiction over Collect America

(i.e., whether the applicable state statute governing personal jurisdiction is satisfied). *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir.1992). In this case, the relevant long-arm statute is plainly available for the plaintiffs. See Mass.Gen.L. ch. 223A, § 3(a). Third, if the requirements of the long-arm statute are satisfied, then the court must inquire into whether the statute comports with due process as to (1) whether Collect America has established sufficient "minimum contacts" with the Commonwealth of Massachusetts; and (2) whether the exercise of this jurisdiction over Collect America would offend "traditional notions of fair play and substantial justice." See *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). See also, *Ticketmaster*, 26 F.3d at 207, n.9; *Martel v. Stafford*, 992 F.2d at 1247, n.5. As shown below, the plaintiffs cannot meet their burden of establishing personal jurisdiction over Collect America under any of these theories.

**B.  THIS COURT HAS NO GENERAL PERSONAL JURISDICTION OVER COLLECT AMERICA.**

General jurisdiction exists when the litigation is not founded directly on the defendant's contacts with the forum, but, the defendant has nonetheless engaged in continuous and systematic activity in the forum, unrelated to the suit. *Helicopteros Nacionales de Colombia S.A. v Hall*, 466 U.S. 408, 414 n.9 (1984). The standard for the exercise of general jurisdiction is considerably more stringent than the standard for specific jurisdiction. *Id.* Although it is unclear from the plaintiffs' Second Amended Complaint whether it is asserting general or specific jurisdiction over the defendants, the exercise of general jurisdiction is not warranted over Collect America.

The plaintiffs have not and cannot show that Collect America has engaged in continuous

4

and systematic activity in Massachusetts to sustain the exercise of general jurisdiction. Indeed, there is absolutely no allegation in the Second Amended Complaint that Collect America engaged in any activity in Massachusetts. The record shows that Collect America "selected Cambece, P.C." (¶ 17), which is alleged to be a Massachusetts corporation (¶ 7); however, there is no substantive caselaw that merely selecting counsel and not hiring counsel warrants general jurisdiction in Massachusetts. More importantly, the plaintiffs allege that not Collect America but defendant CACV "retained defendant Cambece, P.C. to collect plaintiffs debts." (¶ 17). It is clear from the Second Amended Complaint that Collect America did not hire defendant Cambece, P.C., which is a Massachusetts Corporation.

Indeed, the allegation of Collect America's registered agent shows it is in Denver, Colorado. (¶ 10). On the face of the Second Amended Complaint, there is simply no showing on the record that the Court has general jurisdiction over Collect America. In sum, there is simply no indicia of any continuous and systematic activity in the Commonwealth of Massachusetts by Collect America.

    **C.    THE COURT HAS NO SPECIFIC PERSONAL JURISDICTION OVER COLLECT AMERICA BECAUSE THE REQUIREMENTS OF THE MASSACHUSETTS LONG-ARM STATUTE ARE NOT SATISFIED.**

Specific jurisdiction may be asserted when the cause of action arises directly out of, or relates to, the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia S.A.*, 466 U.S. at 414 n.8. See, e.g., *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir.1994). For this to occur, Massachusetts' long-arm statute must authorize jurisdiction over Collect America. The long-arm statute is § 3(a) and states, in relevant part, that a court may exercise personal jurisdiction over any person "transacting any business in this commonwealth." See Mass.Gen.L. c. 223A, § 3(a).

5

The facts must show both that the defendant transacted business in Massachusetts, and that the plaintiffs' claim arises out of the transaction of that business.  See *Tatro v. Manor Care, Inc.*, 416 Mass. 763 (1994).   In the Second Amended Complaint, the plaintiffs do not allege that Collect America has transacted any business in the Commonwealth.  Instead, they allege that Collect America "selected [defendant] Cambece, P.C. to collect plaintiffs debts" (¶ 17) but that defendant "CACV retained Cambece, P.C. to collect plaintiffs debts."  (Id).  While it is unclear what the plaintiffs meant to convey by using the term "selected," it is clear that Collect America did not transact any business in the Commonwealth of Massachusetts by allegedly "selecting" Cambece, P.C.  Further, the plaintiffs claims arise from letters sent by Cambece, P.C. that note "CACV of Colorado, LLC" as the creditor and state that Cambece, P.C. "has been retained to collect the debt owed by you to CACV of Colorado, LLC."  (¶ 18).  There is nothing on these letters that directly or indirectly implies Collect America.  Rather, the plaintiffs' allegations are directed at conduct by defendant CACV of Colorado, LLC and defendants J.A. Cambece Law Office, P.C. and J. Anthony Cambece, as counsel for CACV of Colorado, LLC.

      Collect America clearly does not fall within the ambit of Section 3(a) of Chapter 223A.  According to the Second Amended Complaint, it is a Delaware corporation that transacts business in Colorado.  (¶ 10).  Further, the Second Amended Complaint contains no allegations that Collect America transacted any business in Massachusetts.  As a result, this Court has no personal jurisdiction over Collect America pursuant to the Massachusetts long-arm statute and the Second Amended Complaint should be dismissed against it.

### D. TO EXERCISE JURISDICTION OVER COLLECT AMERICA WOULD VIOLATE DUE PROCESS.

Specific jurisdiction may only be exercised over Collect America only when the plaintiffs show that sufficient minimum contacts exist between Collect America and the forum state so as not to violate due process. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The minimum contacts analysis focuses on the expectations of Collect America, requiring that its conduct bear such a substantial connection with the forum that "it should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). The minimum contacts analysis consists of a tripartite test of determining whether there was (1) purposeful availment of the forum state; (2) the cause of action arises out of the activities of which the defendant purposefully availed itself; and (3) reasonable foreseeability that "'[a defendant] should reasonably anticipate being haled into court there.' i.e., the contacts must proximately result from actions by the defendant itself that create a 'substantial connection' with the forum state." *Id.*

Under the purposeful availment prong, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. The function of the purposeful availment requirement is to ensure that personal jurisdiction is not premised solely upon a defendants' random, isolated or fortuitous contacts with the forum state. *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 475 (1985). According to the Second Amended Complaint, Collect America did not purposefully avail itself of any benefits and protections of the Commonwealth of Massachusetts

because it has not contracted with the Cambece defendants. To the contrary, it has availed itself of the laws of the State of Colorado, where it transacts business and has a registered agent. (¶ 10).

The foreseeability analysis involves a determination of whether Collect America's conduct and connection with the forum state are such that it should reasonably anticipate being haled into court there. *Burger King Corporation,* 471 U.S. at 475. Collect America clearly has not purposefully availed itself of this forum and it would not have been foreseeable for Collect America to believe it could be haled into court in Massachusetts. After all, as discussed above, Collect America is a Delaware corporation, with a principal place in Colorado. It is not alleged that Collect America manufactures, produces, distributes, or sells any products or otherwise provide any goods or services in Massachusetts. It is not alleged that Collect America has ever had offices, bank accounts, or employees based in Massachusetts. It is not alleged that Collect America has ever maintained telephone listings in Massachusetts or owns any property in Massachusetts. It is not alleged that Collect America advertises in Massachusetts, or solicits any business in Massachusetts, or derives any revenue from Massachusetts.

Further, "a contract alone is not sufficient to establish minimum contacts with the forum state so as to allow the out-of-state party to be sued in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Clearly, Collect America has not purposefully availed itself of the benefits and protections of Massachusetts.

> E. **THIS COURT'S EXERCISE OF JURISDICTION OVER COLLECT AMERICA WOULD BE UNREASONABLE.**

In evaluating the third component of reasonableness, the courts are guided by five

considerations referred to as the "gestalt factors": (i) the defendant's burden of appearing; (ii) the forum state's interest in adjudicating the dispute; (iii) the plaintiffs' interest in obtaining convenient and effective relief; (iv) the judicial system's interest in obtaining the most effective resolution of the controversy; and (v) the common interests of all sovereigns in promoting substantive social policies. *Burger King*, 471 U.S. at 477.

### i.   Collect America's Burden of Appearing in the Forum.

This first factor, the burden of appearance, "is entitled to substantial weight in calibrating the jurisdictional scales." See, e.g., *Ticketmaster-New York, Inc. v. Alioto,* 26 F.3d 201, 210 (1st Cir. 1994) (burden of appearance among gestalt factors is always a primary concern). Cases dismissed on grounds of unreasonableness typically involve cases in which the defendant's center of gravity (i.e., residence or business) is "located at an appreciable distance from the forum." *Id.* at 210. Requiring Collect America to appear in Massachusetts would be burdensome because, among other things, its principal place of business is Colorado. Thus, appearance in Massachusetts would be burdensome.

### ii.   The Forum State's Interest In Adjudication of the Dispute.

Although Massachusetts has an interest in redressing injuries alleged to be suffered by its residents, the Second Amended Complaint does not sufficiently allege that Collect America caused any injury in Massachusetts. As shown by the documents attached to the Second Amended Complaint, there is no mention of Collect America demonstrating its intent to avail itself of the laws of Massachusetts. Accordingly, this factor tips the balance in favor of Collect America. Under the facts alleged in the Second Amended Complaint, Massachusetts has a *de minimus* interest in Collect America's involvement in this action.

        **iii.**       **The Plaintiffs' Interest In Obtaining Convenient and Effective Relief.**

Dismissing Collect America from this matter will not prohibit the plaintiffs from obtaining relief. There are still three other defendants that remain in this action to litigate the allegations set forth in the Second Amended Complaint. Therefore, the plaintiffs will not be deprived from obtaining convenient and effective relief if Collect America is dismissed.

        **iv.**       **The Judicial System's Interest in Obtaining The Most Effective Resolution of the Controversy and The Common Interests Of All States in Promoting Substantive Social Policies.**

The judicial system's interest in obtaining the most effective resolution and the common interest of states in promoting substantive policies are not impeded by dismissing Collect America from this matter. The action still remains intact against three defendants. Whatever *de minimus* interest Massachusetts may have in Collect America's involvement in the litigation, it cannot trump the constitutional mandates of due process.

In conclusion, the Second Amended Complaint should be dismissed against Collect America because this Court lacks jurisdiction over it.

**III.**    **THE SECOND AMENDED COMPLAINT AGAINST COLLECT AMERICA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

Even if this Court finds that personal jurisdiction does exist over Collect America, it should dismiss Collect America from the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court may grant such a motion if it appears that the plaintiffs will be unable to recover upon any set of facts which may be inferred from the Second Amended Complaint. *Danio v. Emerson College*, 963 F.Supp. 61, 62 (D.Mass. 1997) (citing *Roma Constr. Co. v. aRusso*, 96 F.3d 566, 569 (1st Cir.1996)). The

Second Amended Complaint cannot withstand a motion to dismiss if the plaintiffs fail to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Cooperman v. Individual, Inc.*, 171 F.3d 43, 47 (1st Cir.1999) (internal citation and quotation omitted). "If it clearly appears that a plaintiff could not recover on any viable theory, dismissal is proper." *Patterson v. Omnipoint*, 122 F.Supp.2d at 226 (citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)). Applying these principles to the instant case requires that the Court grant Collect America's motion to dismiss.

Beyond including Collect America in the general description of the parties and presenting brief factual allegations, the plaintiffs fail to state a claim against Collect America because there are no allegations that it sent any communication to the plaintiffs, nor are there any allegations that it "owns or holds" any debt, which are both necessary allegations to bring Collect America within the scope of the FDCPA.

The purpose of the FDCPA is to "protect consumers from abusive, deceptive and other unfair debt collection practices." 15 U.S.C. § 1692; see also, *Fleet Nat'l Bank v. Baker*, 263 F.Supp.2d 150 (2003). Under the FDCPA, the term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a; see also, *Argentieri v. Fisher Landscapes, Inc.*, 15 F.Supp.2d 55 (1998). In the Second Amended Complaint, there are no allegations that Collect America used any instrumentality of interstate commerce or the mails to collect a debt. Instead, the Second Amended Complaint alleges that the letters, attached to the Second Amended Complaint as Exhibits A and B, were

sent "on behalf of CACV, which owned the debt and hired J.A. Cambece Law Offices, P.C. to collect it." (¶ 18). There is no allegation that Collect America sent any letters to the plaintiffs. Further, there is no allegation that Collect America owns the debt that the letters seek to collect. In short, the Second Amended Complaint does not remotely imply that Collect America "designed, complied, and furnished the letters" or attempted to collect a debt. See, e.g., *Gutierrez v. AT&T Broadband, Inc.*, 382 F.2d 725 (7th Cir.2004) (holding that Corporate Broadband was not subject to liability under the FDCPA for reviewing letters sent by a related entity because it did not "design," "compile," or "furnish" the letters).

Finally, since there can be no claim against Collect America under the FDCPA, there can be no claim against in under c. 93A. Paragraph 34 of the Second Amended Complaint sets forth the elements required for liability under c. 93A. There are no factual allegations against Collect America that support a claim against it under c. 93A upon which relief can be granted.

Therefore, the Second Amended Complaint fails to state a claim against Collect America upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Collect America from the Second Amended Complaint for lack of jurisdiction and failure to state a claim.

Respectfully submitted,
Collect America, Ltd.
By its attorneys,

   **/s/ Kathryn E. Pieczarka**
Evan T. Lawson (BBO# 289280)
Kathryn E. Pieczarka (BBO# 658785)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

**CERTIFICATE OF SERVICE**

   I, Kathryn E. Pieczarka, certify that on **March 16, 2005** a copy of the foregoing DEFENDANT COLLECT AMERICA, LTD.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

   **/s/ Kathryn E. Pieczarka**
Kathryn E. Pieczarka