IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS, and <br> ROBERT WINKWORTH, <br> <br> Plaintiffs, <br> <br> v. <br> <br> CACV OF COLORADO, LLC, <br> J.A. CAMBECE LAW OFFICE, P.C., <br> J. ANTHONY CAMBECE, and <br> COLLECT AMERICA, LTD., <br> <br> Defendants. | 04-CV-30015-KPN |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING VENUE**

Per order of this Court, plaintiffs respectfully submit this supplemental memorandum regarding their choice of venue.

Plaintiffs originally brought this case in the Springfield Division based on receipt of collection letters there. Subsequently, this case has been dismissed in part and plaintiff Hoefs has been ordered to arbitrate her claims against J.A. Cambece Law Office, P.C. ("Cambece, P.C.") and J. Anthony Cambece ("Cambece") and CACV of Colorado, LLC. Ms. Hoefs still retains a claim against Collect America, Ltd. and Mr. Winkworth maintains his action against all defendants.

Venue is proper in this district because defendants Cambece, P.C. and Cambece are located within the district and the other defendants contracted or dealt with the Cambece defendants for debt collection services to be performed in Massachusetts. This meets the criteria of 28 U.S.C. § 1391(b)(2), as "a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred," since the collection letters sent by the Cambece defendants give rise to the violations alleged in the Second Amended Complaint.

There does not appear to be anything in the Local Rules requiring transfer to another division if (a) an action is properly filed in one division, and (b) circumstances change due to rulings by the Court. Local Rule 40.1(F) does authorize a transfer for any "good cause shown." The Court, thus, may, but need not, transfer the case to the Eastern Division of the District of Massachusetts, where the Cambece defendants reside. See 28 U.S.C. § 1406(a).

Since defendants have failed to raise defects relating to venue, they are deemed to have consented to venue and waive any objections to venue. See Fed. R. Civ. P. 12(h)(1) and 28 U.S.C. § 1406(b). The matter is entirely within the Court's discretion.

Respectfully submitted,

/s/ Heather Piccirilli
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
Daniel A. Edelman
Heather Piccirilli
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

## CERTIFICATE OF SERVICE

I, Heather Piccirilli, hereby certify that on April 5, 2005, I caused a copy of the foregoing document to be served by United States Mail and Facsimile upon the parties listed below.

Evan Lawson
Kathryn E. Pieczarka
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
617-439-3987 (FAX)

Richard L. Nehigian
Mary Morrissey Sullivan
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA 02110
617-235-3564 (FAX)

_/s/ Heather Piccirilli_
Heather Piccirilli