## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS, and<br>ROBERT WINKWORTH,<br><br>    *Plaintiffs*,<br><br>v.<br><br>CACV of COLORADO, LLC,<br>J.A. CAMBECE LAW OFFICE, P.C.,<br>J. ANTHONY CAMBECE, and<br>COLLECT AMERICA, LTD.,<br><br>    *Defendants*. | CASE NO. 04-30015 (MAP)(KPN) |

### DEFENDANT COLLECT AMERICA, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Defendant Collect America, Ltd. hereby opposes the plaintiffs' motion for leave to file a third amended complaint because it is futile and wasteful, as it does not change the Court's lack of jurisdiction over Collect America and it does not change the plaintiffs' failure to state a claim against Collect America. Further, the plaintiffs failed to oppose Collect America's motion to dismiss; therefore, it should be granted. In support of this motion, Collect America submits the following reasons:

    1.    As stated in Collect America's motion to dismiss, the Second Amended Complaint should be dismissed against it because the Court lacks jurisdiction over Collect America in the Commonwealth of Massachusetts and it fails to state a claim against Collect America. The plaintiffs have not opposed Collect America's motion to dismiss and, as such, it should be granted.

2. The plaintiffs should not be granted leave to file a Third Amended Complaint because the Court still lacks jurisdiction over Collect America in the Commonwealth of Massachusetts and it fails to state a claim against Collect America. The new allegations in the Third Amended Complaint simply make irrelevant assumptions about how CACV of Colorado and Collect America do business. Collect America owns none of the debt alleged in the Third Amended Complaint, evidenced by the attached <u>Exhibits A and B</u>, which stated "Creditor: CACV of Colorado, LLC." Under the FDCPA, the term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a; see also, *Argentieri v. Fisher Landscapes, Inc.*, 15 F.Supp.2d 55 (1998). In the Third Amended Complaint (as in the Second Amended Complaint), there are no allegations that Collect America used any instrumentality of interstate commerce or the mails to collect a debt. Therefore, the Third Amended Complaint fails to state a claim against Collect America upon which relief can be granted.

3. The plaintiffs have not alleged that Collect America has significant "minimum contacts" with the Commonwealth in either the Second or Third Amended Complaint. The "minimum contacts" requirement for personal jurisdiction protects defendants from the burden of having to litigate in an inconvenient forum and ensures that states do not reach out beyond their limits as coequal sovereigns in a federal system. *Cerberus Partners, LLP v. Gadsby and Hannah, LLP*, 836 A.2d 1113, 1118 (R.I.2003). As a result, the Court should grant Collect America's motion to dismiss.

4. Plaintiffs argue that leave to amend should be "freely given when justice so

requires." Fed.R.Civ.P. 15(a). However, this principle only applies if there is no adequate reason to deny leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice). *Grant v. News Group Boston, Inc.*, 55 F.3d 1, 5 (1st Cir.1995).

5.  The Third Amended Complaint is futile, frivolous and wasteful because the amended allegations do not change that it fails to state a claim against Collect America. "Because the amended complaint fails to state a claim for which relief may be granted, the proposed amendments are futile" and leave to amend is denied. See *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996) (" 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."). As a result, the Court should deny the plaintiffs motion for leave to amend.

WHEREFORE, the Court should dismiss the Second Amended Complaint against Collect America and deny the plaintiff's motion to amend.

> Respectfully submitted,
> Collect America, Ltd.
> By their attorneys,
>
>   /s/ Kathryn E. Pieczarka
> Evan T. Lawson (BBO# 289280)
> Kathryn E. Pieczarka (BBO# 658785)
> LAWSON & WEITZEN, LLP
> 88 Black Falcon Avenue, Suite 345
> Boston, MA 02210
> (617) 439-4990

**CERTIFICATE OF SERVICE**

I, Kathryn E. Pieczarka, certify that on **April 12, 2005** a copy of the foregoing DEFENDANT COLLECT AMERICA, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>   /s/ Kathryn E. Pieczarka
> Kathryn E. Pieczarka