UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

JANET S. HOEFS,

        Plaintiff,

v.

CACV OF COLORADO, LLC, J.A. CAMBECE LAW OFFICE, P.C., and J. ANTHONY CAMBECE, and COLLECT AMERICA, LTD.,

        Defendants.

CIVIL ACTION NO. 04-CV-30015-MAP

**OPPOSITION OF DEFENDANTS J.A. CAMBECE LAW OFFICE, P.C. AND J. ANTHONY CAMBECE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

        Defendants J.A. Cambece Law Office, P.C. and J. Anthony Cambece ("Cambece") oppose plaintiffs' motion for leave to file a third amended complaint. Cambece submits that plaintiffs' motion for leave to file a third amended complaint is futile to the extent that it asserts claims on behalf of Janet Hoefs, whose claims were dismissed by the Court (Ponsor, D. J.) by order dated March 24, 2005.[1]

        "Plaintiffs do not contest that Ms. Hoefs has been compelled to arbitrate against [defendants] CACV of Colorado, LLC, J.A. Cambece Law Office, P.C. and J. Anthony Cambece." (Proposed third amended complaint, at 2, n. 1). This is consistent with Magistrate-Judge Neiman's February 25, 2005 Report and Recommendation with Regard to Defendants'

---

[1] The proposed third amended complaint would also be futile for the reasons set forth in defendant Collect America Ltd.'s opposition filed on April 12, 2004.

Motions to Compel Arbitration, which was adopted in Judge Ponsor's March 24, 2005 order. The same reasoning applied by Magistrate-Judge Neiman in recommending the dismissal of Hoefs' claims against CACV of Colorado, LLC and Cambece applies with equal force to her claims against Collect America, Ltd.

The February 25th Report and Recommendation plainly states that the mandatory arbitration provision in Ms. Hoefs' credit card agreement requires her to arbitrate claims not only against CACV of Colorado, LLC, but also its "agents." (Report and Recommendation, at 8-9). Plaintiffs' proposed third amended complaint alleges that defendant Collect America, Ltd. "is also the servicing agent of CACV [of Colorado, LLC]" (Plaintiffs' Motion for Leave to File a Third Amended Complaint, Appendix A, Paragraph 17). Based on this allegation alone, Ms. Hoefs' claims against CollectAmerica Ltd. are subject to the mandatory arbitration provision in her credit card agreement. Her claims against Collect America, Ltd., therefore, are subject to dismissal for the same reasons that her other claims were dismissed. As to Ms. Hoefs, therefore, the proposed third amended complaint would be futile.[2]

Cambece recognizes that the Court has already granted leave for Ms. Hoefs to file a second amended complaint that includes Collect America, Ltd. as a defendant and adds a new plaintiff. This, however, does not cure the substantive defect in her claim against Collect America, Ltd. Her claim, if she even has one, is subject to arbitration. Cambece will so move if necessary in connection with the briefing ordered by the Court with respect to venue.

Cambece also opposes plaintiffs' motion for leave to file a third amended complaint on the ground that plaintiffs' counsel failed to make any effort to confer with Cambece's

---

[2] It would also be futile as to plaintiff Robert Winkworth (see n. 1 supra).

counsel under Local Rule 7.1 prior to filing the Motion.

                                                  Respectfully submited,

                                                  J. Anthony Cambece and
J.A. Cambece Law Office, P.C.
By their attorneys,


                                                  /s/ Richard L. Nahigian
Richard L. Nahigian
BBO No. 549096
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA  02110
617.951.2100

:612432_1