# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
### SPRINGFIELD DIVISION

| | |
|---|---|
| JANET S. HOEFS, and <br> ROBERT WINKWORTH, <br><br> *Plaintiffs*, <br><br> v. <br><br> CACV of COLORADO, LLC, <br> J.A. CAMBECE LAW OFFICE, P.C., <br> J. ANTHONY CAMBECE, and <br> COLLECT AMERICA, LTD., <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 04-30015 (MAP)(KPN) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT CACV of COLORADO, LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING VENUE

Defendant CACV of Colorado, LLC hereby responds to the plaintiffs' supplemental memorandum regarding venue on the grounds that venue is no longer appropriate in the Springfield Division of the District of Massachusetts because Hoefs, the only party who resided in the Springfield Division, is no longer a party in this action, as her claims were subject to arbitration. The remaining parties that reside in Massachusetts are located in the Eastern division, where this action should be transferred to.

Despite the plaintiffs' cavalier allegation that Hoefs still has a claim against Collect America, it is erroneous. Hoefs has no cause of action against Collect America because it was dismissed from this action on April 14, 2005. Even if Collect America was not dismissed, Hoefs would still have no cause of action against Collect America because the arbitration clause applies

to Collect America, as well as CACV of Colorado, LLC.  Therefore, Hoefs must pursue her claims against the defendants in arbitration and can no longer use the Court as a forum for adjudication.  She is no longer a party to this action.  Winkworth, who resides in New York, is the only remaining plaintiff.  As a result, this action should be transferred to the Eastern Division of the District of Massachusetts because the only remaining parties who resides in Massachusetts are J.A. Cambece Law Offices, P.C. and J. Anthony Cambece and they are located in the Eastern Division of the District of Massachusetts.

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391.  Accordingly, the only remaining parties who reside in Massachusetts are the Cambece defendants, who both reside in the Eastern Division of the District of Massachusetts.  None of the defendants waived their right to challenge venue because all of the defendants properly raised venue as an affirmative defense.  Therefore, this action should be transferred to the Eastern Division.

WHEREFORE, the Court should transfer this action to the Eastern Division of the District of Massachusetts.

        Respectfully submitted,
        CACV of Colorado, LLC,
        By its attorneys,

        __/s/ Kathryn E. Pieczarka__
        Evan T. Lawson (BBO# 289280)
        Kathryn E. Pieczarka (BBO# 658785)
        LAWSON & WEITZEN, LLP
        88 Black Falcon Avenue, Suite 345
        Boston, MA 02210
        (617) 439-4990

**CERTIFICATE OF SERVICE**

    I, Kathryn E. Pieczarka, certify that on **April 20, 2005** a copy of the foregoing DEFENDANT CACV of COLORADO, LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING VENUE was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        __/s/ Kathryn E. Pieczarka__
        Kathryn E. Pieczarka